# 23-663

In the

# United States Court of Appeals

## For the Second Circuit

◆

JOHN GARLAND, VINCENT BOTTALICO, TIMOTHY A. HEATON,
JOSEPH BEVILACQUA, JOSEPH CICERO, JOSEPH COLUMBIA,
ANDREW COSTELLO, JAMES DANIEL DALY, III, VINCENT DEFONTE,
KENNETH DEFOREST, SALVATORE DEPAOLA, BRIAN F. DOYLE,
NATHAN EVANS, CHRISTOPHER FILOCAMO,

*Plaintiffs-Appellants,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
*(See inside cover for continuation of caption)*

## JOINT APPENDIX
## Volume I of III (Pages JA-1 – JA-234)

JESSE A. TOWNSEND, ESQ.,
  SENIOR COUNSEL
NEW YORK CITY LAW DEPARTMENT
  APPEALS DIVISION
*Attorney for Defendants-Appellees*
  *New York City Fire Department,*
  *Daniel A. Nigro and City of*
  *New York*
100 Church Street
New York, New York 10007

THE SCHER LAW FIRM, LLP
*Attorneys for Plaintiffs-Appellants*
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-5040


COHEN, WEISS AND SIMON LLP
*Attorneys for Defendants-Appellees*
  *Henry Garrido, District Council 37,*
  *AFSCME AFLCIO, Local 2507,*
  *District Council 37, AFSCME*
  *AFLCIO, Local 3621 and District*
  *Council 37, AFSCME AFL-CIO*
900 3rd Avenue, Suite 2100
New York, New York 10022
(212) 356-0216

—————————————————

KEVIN GARVEY, CHARLES GUARNEIRI, DANIEL J. OSHEA, MARGOT LOTH, MICHAEL LYNCH, DENNIS O'KEEFFE, BRIAN PATRICK SMITH, KURT PFLUMM, CHRISTOPHER RAIMONDI, PAUL SCHWEIT, JOSEPH T. JOHNSON, DAVID BUTTON, PAUL PARR, MARK SINCLAIR, DANIEL BAUDILLE, JOHN DREHER, THOMAS OLSEN, GIUSEPPE ROBERT PENORO, MATTHEW CONNOR, NICHOLAS MULLGAN, RANDALL SANTANA, ANTHONY PERRONE, SCOTT ETTINGER, ANTHONY MASTROPIETRO, RASHAAD TAYLOR, ANTHONY RUGGIERO, JOSEPH MURDOCCA, KEITH KLEIN, PAUL VASQUENZ, MARK HENESY, RYAN K. HALL, JUDE PIERRE, MICHELLE SANTIAGO, ROBERT DITRANI, BRIAN T. DENZLER, MICHAEL MCGOFF, CHRISTOPHER INFANTE, GEORGE J. MURPHY, THOMAS FEJES, JOHN COSTELLO, BRANDON PHILLIPS, JOSEPH DEPAOLA, BRENDAN MCGEOUGH, JASON CHARLES, ANTHONY C. CARDAZONE, OWEN FAY, MICHAEL FADDA, JOSEPH M. PALMIERI, JARED DYCHKOWSKI, JOHN TWOMLEY, MATT KOVAL, GLENN CLAPP, ROBERT YULI, MATTHEW SINCLAIR, TIM RIVICCI, JOHN ARMORE, MICHAEL SAMOLIS, FELICIA J. TSANG, WILLIAM JOHN SAEZ, ROSARIO CURTO, DAVID SUMMERFIELD, KEVIN ERKMAN, BERNADETTE MEJIA, DANIEL YOUNG, SEAN FITZGERALD, CRAIG LEAHY, DANIEL STROH, STEPHEN INGUAGIATO, STEPHEN BUTTAFUCCO, PHILLIP J. DARCEY, AINSLEY ATWELL and RODNEY COLON,

*Plaintiffs-Appellants,*

– v. –

NEW YORK CITY FIRE DEPARTMENT, DANIEL A. NIGRO, JOHN DOE #1-10, JANE DOE #1-10, CITY OF NEW YORK, HENRY GARRIDO, DISTRICT COUNCIL 37, AFSCME AFLCIO, LOCAL 2507, DISTRICT COUNCIL 37, AFSCME AFLCIO, LOCAL 3621 AND DISTRICT COUNCIL 37, AFSCME AFL-CIO,

*Defendants-Appellees,*

– and –

UNIFORMED FIRE OFFICERS ASSOCIATION, LOCAL 854 INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFFILIATED WITH THE AFL-CIO AND UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK,

*Defendants.*

—————————————————

i

# Table of Contents

**Page**

Docket Entries ............................................................................. JA-1

Complaint, Dated November 24, 2021 ..........................................JA-38

Proposed Order to Show Cause by Plaintiffs for a Temporary
    Restraining Order and a Preliminary Injunction,
    Filed November 24, 2021 ...........................................................JA-56

Emergency Affirmation of Austin Graff, for Plaintiffs, in
    Support of Motion, Dated November 24, 2021 ........................JA-61

Affidavit of John Garland, Plaintiff, in
    Support of Motion, Sworn to November 22, 2021 ...................JA-64

    Exhibit 1 to Garland Affidavit -
    E-Mail Correspondence Between John Garland and Members
    of Uniformed Firefighters Association of Greater New York
    Local 94, I.A.F.F., AFL-CIO ("UFA"),
    Dated November 16, 2021 ........................................................JA-67

Affidavit of Margot Phillips Loth, Plaintiff, in
    Support of Motion, Sworn to November 24, 2021 ...................JA-72

Affidavit of David Button, Plaintiff, in
    Support of Motion, Sworn to November 23, 2021 ...................JA-74

Affidavit of Christopher Raimondi, Plaintiff, in
    Support of Motion, Sworn to November 22, 2021 ...................JA-77

Memorandum of Law by Plaintiffs in Support of Motion,
    Dated November 24, 2021 ........................................................JA-79

Order to Show Cause for a Preliminary Injunction,
    Dated November 24, 2021 ........................................................JA-94

Memorandum of Law by Defendants New York City Fire
    Department and Daniel A. Nigro in Opposition to Motion,
    Dated November 29, 2021 ........................................................JA-97

Declaration of Andrea O'Connor, for Defendants
    New York City Fire Department and Daniel A. Nigro,
    in Opposition to Motion, Dated November 29, 2021 ...............JA-134

    Exhibit A to O'Connor Declaration -
    Order of Dave A. Chokshi, M.D., Commissioner of Health
    and Mental Hygiene to Require COVID-19 Vaccination
    for City Employees and Certain City Contractors,
    Dated October 20, 2021 ............................................................JA-137

ii

**Page**

Exhibit B to O'Connor Declaration -
Arbitration Award Decision in Board of Education of the
City School District of the City of New York and the United
Federation of Teachers, Local 2, AFT, AFL-CIO,
Dated September 10, 2021, with Cover Letter..........................JA-143

Exhibit C to O'Connor Declaration -
Memorandum of Agreement Between District Council 37,
City of New York and the Board of Education of the
City School District for the City of New York,
Dated October 3, 2021 ............................................................JA-163

Exhibit D to O'Connor Declaration -
Verified Petition, in the Matter of *the Application of Andrew
Ansbro, as President of the Uniformed Firefighters
Association v. Bill de Blasio, et al.*, Index No. 159738/2021,
Dated October 28, 2021 ..........................................................JA-171

Exhibit E to O'Connor Declaration -
Order to Show Cause, with Temporary Restraining Order,
in the Matter of *the Application of Andrew Ansbro, as
President of the Uniformed Firefighters Association v.
Bill de Blasio, et al.*, Index No. 159738/2021,
Dated November 1, 2021 ..........................................................JA-194

Exhibit F to O'Connor Declaration -
Verified Scope of Bargaining and Improper Practice Petition,
in the Matter of *the Improper Practice Petition Between
Uniformed Firefighters Association of Greater New York,
Local 94, IAFF, AFL-CIO v. City of New York, et al.*,
BCB-4461-21, Dated October 26, 2021....................................JA-198

Exhibit G to O'Connor Declaration -
Verified Petition for Injunctive Relief, in the Matter of *the
Petition for Injunctive Relief between Uniformed Firefighters
Association of Greater New York, Local 94, IAFF, AFL-CIO
v. City of New York, et al.*, Dated October 27, 2021 ................JA-221

Exhibit H to O'Connor Declaration -
Letter from Harry Greenberg to Steven E. Star,
Dated November 18, 2021 ........................................................JA-235

Exhibit I to O'Connor Declaration -
Notice of Board Determination and Request for Injunctive
Relief, in the Matter of *the Petition for Injunctive Relief
between Uniformed Firefighters Association of Greater
New York, Local 94, IAFF, AFL-CIO v. City of New York,
et al.*, Dated November 16, 2021 .............................................JA-237

iii

**Page**

Exhibit J to O'Connor Declaration -
Declaration of Don Nguyen, Dated November 29, 2021 ..........JA-240

Emergency Reply Affirmation of Austin Graff, for Plaintiffs, in
Further Support of Motion, Dated November 30, 2021 ............JA-245

Exhibit 1 to Graff Emergency Reply Affirmation -
Buckslip, Dated October 20, 2021 ............................................JA-247

Reply Memorandum of Law by Plaintiffs in Further Support
of Motion, Dated November 30, 2021 ......................................JA-273

Supplemental Declaration of Andrea O'Connor, for Defendants
New York City Fire Department and Daniel A. Nigro,
in Opposition to Motion, Dated November 30, 2021................JA-287

Exhibit K to O'Connor Supplemental Declaration -
Opposing Affidavit of Tricia Singh,
Sworn to November 30, 2021 ...................................................JA-289

Exhibit L to O'Connor Supplemental Declaration -
Opposing Affidavit of Mario Manna,
Sworn to November 30, 2021 ...................................................JA-292

Letter Regarding Corrected Exhibit C from Andrea O'Connor to
Honorable Kiyo A. Matsumoto, Dated November 30, 2021 ....JA-295

Exhibit C to O'Connor Declaration *(Corrected)* -
Memorandum of Agreement Between District Council 37
and the City of New York, Dated November 4, 2021...............JA-296

Sur-Reply Memorandum of Law by Plaintiffs in Further
Support of Motion, Dated November 30, 2021........................JA-303

Letter from Andrea O'Connor to Honorable
Kiyo A. Matsumoto, Dated December 2, 2021........................JA-311

Memorandum and Order of Honorable Kiyo A. Matsumoto,
Dated December 6, 2021 ...........................................................JA-314

Letter from Austin Graff to Honorable Kiyo A. Matsumoto,
Dated December 10, 2021 .........................................................JA-341

Amended Complaint, Dated January 5, 2022 ...............................JA-343

Exhibit A to Amended Complaint -
Order of Dave A. Chokshi, M.D., Commissioner of Health
and Mental Hygiene to Require COVID-19 Vaccination
for City Employees and Certain City Contractors,
Dated October 20, 2021
(Reproduced herein at pp. JA-138–JA-142) .............................JA-377

iv

**Page**

Exhibit B to Amended Complaint -
Memorandum of Agreement Between District Council 37,
City of New York and the Board of Education of the
City School District for the City of New York,
Dated October 3, 2021
(Reproduced herein at pp. JA-164–JA-170) ............................JA-377

Letter Regarding Replacing Exhibit B to Amended Complaint
from Austin Graff to Honorable Kiyo A. Matsumoto,
Dated March 15, 2022 ................................................................JA-378

Exhibit B to Amended Complaint *(Corrected)* -
Memorandum of Agreement Between District Council 37
and the City of New York, Dated November 4, 2021
(Reproduced herein at pp. JA-297–JA-302) ............................JA-380

So-Ordered Stipulation of Dismissal of Honorable
Kiyo A. Matsumoto, with Prejudice, as to Defendant
Uniformed Fire Officers Association, Local 854,
International Association of Firefighters, Affiliated
with the AFL-CIO, Dated March 16, 2022 ..............................JA-381

So-Ordered Stipulation of Discontinuance of Honorable
Kiyo A. Matsumoto, with Prejudice as to Defendant
Uniformed Firefighters Association of Greater
New York, Dated March 16, 2022 ............................................JA-383

So-Ordered Stipulation of Discontinuance of Honorable
Kiyo A. Matsumoto, without Prejudice as to Defendant
District Council 37, AFSCME AFL-CIO, Local 2507,
Dated March 16, 2022 ...............................................................JA-385

So-Ordered Stipulation of Discontinuance of Honorable
Kiyo A. Matsumoto, without Prejudice as to Defendant
District Council 37, AFSCME AFL-CIO, Local 3621,
Dated March 16, 2022 ...............................................................JA-387

Notice of Motion by Defendants City of New York, New York
City Fire Department and Daniel A. Nigro to Dismiss
Amended Complaint, Dated April 14, 2022 ............................JA-390

Memorandum of Law by Defendants City of New York, New
York City Fire Department and Daniel A. Nigro,
in Support of Motion, Dated April 14, 2022 ............................JA-393

Notice of Motion by Defendants District Council 37, AFSCME,
AFL-CIO and Henry Garrido to Dismiss Amended
Complaint, Filed April 14, 2022 ..............................................JA-426

v

**Page**

Memorandum of Law by Defendants District Council 37,
AFSCME, AFL-CIO and Henry Garrido in Support
of Motion, Dated April 14, 2022 ................................................ JA-429

Memorandum of Law by Plaintiffs in Opposition to Motions,
Dated May 18, 2022 ................................................................ JA-447

Reply Memorandum of Law by Defendants District
Council 37, AFSCME, AFL-CIO and Henry Garrido,
in Further Support of Motion, Dated June 9, 2022 .................. JA-483

Reply Memorandum of Law by Defendants City of New York,
New York City Fire Department and Daniel A. Nigro, in
Further Support of Motion, Dated June 13, 2022 ..................... JA-498

Letter Motion to Amend/Correct/Supplement Memorandum
in Opposition from Austin Graff to Honorable
Kiyo A. Matsumoto, Dated September 28, 2022 ...................... JA-513

Attachment to Letter Motion -
Decision and Order of Honorable Lyle E. Frank, in the Matter
of *Police Benevolent Association of The City of New York,
Inc. v. City of New York, et al.*, Index No. 151531/2022,
Dated September 23, 2022 ....................................................... JA-515

Letter of Response from Andrea O'Connor to Honorable
Kiyo A. Matsumoto, Dated September 29, 2022 ...................... JA-519

Appendix A to Letter of Response -
Decision and Order of Honorable Gina Abadi, in the Matter
of *the Application of Andrew Ansbro v. Daniel Nigro, et al.*,
Index No. 531749/2021, Dated September 13, 2022 ................ JA-522

Second Letter Motion to Amend/Correct/Supplement
Memorandum in Opposition from Austin Graff to Honorable
Kiyo A. Matsumoto, Dated October 10, 2022 .......................... JA-531

Attachment to Second Letter Motion -
Decision of the Office of Collective Bargaining Board of
Collective Bargaining, in the Matter of *the Improper Practice
Petition between The New York City Municipal Labor
Committee, et al. v. The City of New York, et al.*, Docket No.
BCB-4458-21, Dated September 23, 2022 ............................... JA-533

Letter of Response from Andrea O'Connor to Honorable
Kiyo A. Matsumoto, Dated October 11, 2022 .......................... JA-555

vi

**Page**

Third Letter Motion to Amend/Correct/Supplement
  Memorandum in Opposition from Austin Graff to Honorable
  Kiyo A. Matsumoto, Dated October 25, 2022 .........................JA-557

Attachment to Third Letter Motion -
Decision and Order of Honorable Ralph J. Porzio, in the
Matter of *George Garvey v. The City of New York, et al.*,
Index No. 85163/2022, Dated October 24, 2022 .....................JA-559

Letter of Response from Andrea O'Connor to Honorable
  Kiyo A. Matsumoto, Dated October 25, 2022 .........................JA-572

Letter from Andrea O'Connor to Honorable
  Kiyo A. Matsumoto, Dated February 16, 2023........................JA-574

Letter from Austin Graff to Honorable Kiyo A. Matsumoto,
  Dated February 17, 2023...........................................JA-576

Exhibit 1 to Letter -
Mayor's Announcement Regarding End of the Vaccine
Mandate, Dated February 6, 2023 .............................JA-578

Letter from Hanan B. Kolko to Honorable Kiyo A. Matsumoto,
  Dated February 17, 2023...........................................JA-581

Memorandum and Order of Honorable Kiyo A. Matsumoto,
  Dated March 29, 2023..............................................JA-584

Amended Memorandum and Order of Honorable
  Kiyo A. Matsumoto, Dated March 29, 2023...........................JA-619

Judgment of The United States District Court, Eastern District
  of New York, Dated March 31, 2023.................................JA-654

Notice of Appeal, Dated April 20, 2023 .......................JA-655

Letter from Joshua Feldman to Honorable Kiyo A. Matsumoto,
  Dated May 18, 2023................................................JA-658

Amended Notice of Appeal, Dated May 19, 2023 .......................JA-659

JA-1

Query    **Reports** ▾    **Utilities** ▾    Help    Log Out

APPEAL,ACO

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:21-cv-06586-KAM-CLP

Garland et al v. New York City Fire Department et al
Assigned to: Judge Kiyo A. Matsumoto
Referred to: Chief Magistrate Cheryl L. Pollak
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 11/24/2021
Date Terminated: 03/31/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**John Garland**                 represented by  **Jonathan L. Scher**
The Scher Law Firm, LLP
One Old Country Road
Suite 385
Carle Place, NY 11514
516-746-5040
Fax: 516-747-9100
Email: jscher@scherlawfirm.com
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
The Scher Law Firm, LLP
One Old Country Road
Suite 385
Carle Place, NY 11514
516-746-5040
Fax: 516-747-9100
Email: agraff@scherlawfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vincent A Bottalico**           represented by  **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy A Heaton**              represented by  **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**

JA-2

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Bevilacqua**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Cicero**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Columbia**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrew Costello**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Daniel Daly III**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vincent Defonte**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JA-3**

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth DeForest**                    represented by **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Salvatore DePaola**                    represented by **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brian F. Doyle**                    represented by **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nathan Evans**                    represented by **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Filocamo**                    represented by **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Garvey**                    represented by **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Charles Guarneiri**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Daniel J Oshea**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Margot Loth**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Michael Lynch**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Dennis O'Keeffe**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Brian Patrick Smith**                    represented by    **Jonathan L. Scher**
(See above for address)

JA-5

*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kurt Pflumm**                    represented by    **Jonathan L. Scher**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Austin R. Graff**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Raimondi**           represented by    **Jonathan L. Scher**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Austin R. Graff**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Schweit**                   represented by    **Jonathan L. Scher**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Austin R. Graff**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph T Johnson**               represented by    **Jonathan L. Scher**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Austin R. Graff**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Button**                   represented by    **Jonathan L. Scher**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Austin R. Graff**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

JA-6

**Paul Parr**                                    represented by  **Jonathan L. Scher**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Austin R. Graff**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Sinclair**                                represented by  **Jonathan L. Scher**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Austin R. Graff**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Baudille**                              represented by  **Jonathan L. Scher**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Austin R. Graff**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Dreher**                                  represented by  **Jonathan L. Scher**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Austin R. Graff**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Olsen**                                 represented by  **Jonathan L. Scher**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Austin R. Graff**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Giuseppe Robert Penoro**                       represented by  **Jonathan L. Scher**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Austin R. Graff**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**JA-7**

**Plaintiff**

**Matthew Connor**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicholas Mullgan**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Randall Santana**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Perrone**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott Ettinger**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Mastropietro**                    represented by    **Jonathan L. Scher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

JA-8

**Plaintiff**

**Rashaad Taylor**                    represented by **Jonathan L. Scher**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Austin R. Graff**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Ruggiero**                  represented by **Jonathan L. Scher**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Austin R. Graff**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Murdocca**                   represented by **Jonathan L. Scher**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Austin R. Graff**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Keith Klein**                       represented by **Jonathan L. Scher**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Austin R. Graff**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Vasquenz**                     represented by **Jonathan L. Scher**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Austin R. Graff**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Henesy**                       represented by **Jonathan L. Scher**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Austin R. Graff**

JA-9

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan K Hall**                     represented by    **Jonathan L. Scher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jude Pierre**                     represented by    **Jonathan L. Scher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michelle Santiago**               represented by    **Jonathan L. Scher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert DiTrani**                  represented by    **Jonathan L. Scher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brian T Denzler**                 represented by    **Jonathan L. Scher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael McGoff**                  represented by    **Jonathan L. Scher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

Austin R. Graff
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Infante**                 represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**George J Murphy**                     represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Fejes**                        represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Costello**                       represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brandon Phillips**                    represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Depaola**                      represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brendan Mcgeough**                    represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Charles**                       represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony C Cardazone**                 represented by  **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Owen Fay**                            represented by  **Austin R. Graff**
(See above for address)

JA-11

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Fadda**                    represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph M Palmieri**                represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jared Dychkowski**                 represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Twomley**                     represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matt Koval**                       represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Glenn Clapp**                      represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Yuli**                      represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew Sinclair**                 represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tim Rivicci**                      represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Armore**                      represented by   **Austin R. Graff**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

JA-12

**Plaintiff**

**Michael Samolis**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Felicia J Tsang**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William John Saez**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosario Curto**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Summerfield**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Erkman**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bernadette Mejia**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Young**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sean Fitzgerald**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Craig Leahy**             represented by   **Austin R. Graff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

JA-13

Daniel Stroh                          represented by   **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

Stephen Inguagiato                    represented by   **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

Stephen Buttafucco                    represented by   **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

Phillip J Darcey                      represented by   **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

Ainsley Atwell                        represented by   **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

Rodney Colon                          represented by   **Austin R. Graff**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


V.

**Defendant**

New York City Fire Department         represented by   **Andrea Mary O'Connor**
                                                       New York City Law Department
                                                       100 Church Street
                                                       Room 2-104
                                                       New York, NY 10007
                                                       212-356-4015
                                                       Fax: 212-356-1148
                                                       Email: aoconnor@law.nyc.gov
                                                       *ATTORNEY TO BE NOTICED*


**Defendant**

Daniel A Nigro                        represented by   **Andrea Mary O'Connor**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*


**Defendant**

John Doe #1-10

**Defendant**

Jane Doe #1-10

JA-14

**Defendant**

**City of New York**                    represented by    **Andrea Mary O'Connor**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Uniformed Fire Officers Association,**    represented by    **Seth H. Greenberg**
**Local 854 International Association of**                    Greenberg Burzichelli Greenberg P.C.
**Firefighters, Affiliated with the AFL-CIO**                3000 Marcus Avenue
*TERMINATED: 03/16/2022*                                     Suite 1W7
                                                             Lake Success, NY 11042
                                                             516-570-4343
                                                             Fax: 516-570-4348
                                                             Email: sgreenberg@gbglawoffice.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Uniformed Firefighters Association of**    represented by    **Jennifer A. Bentley**
**Greater New York**                                          Certilman Balin Adler & Hyman
*TERMINATED: 03/16/2022*                                      90 Merrick Avenue
                                                              9th Floor
                                                              East Meadow, NY 11554
                                                              516-296-7178
                                                              Fax: 516-296-7111
                                                              Email: jbentley@certilmanbalin.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Joshua Feldman**
                                                              Certilman Balin Adler & Hyman LLP
                                                              90 Merrick Avenue
                                                              Floor 9
                                                              Ste Floor 9
                                                              East Meadow, NY 11554
                                                              516-296-7000
                                                              Email: jfeldman@certilmanbalin.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Paul S. Linzer**
                                                              Certilman, Balin, Adler & Hyman, LLP
                                                              90 Merrick Avenue, 9th Fl
                                                              East Meadow, NY 11554
                                                              516-296-7000
                                                              Fax: 516-296-7111
                                                              Email: plinzer@certilmanbalin.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**District Council 37, AFSCME AFL-CIO**    represented by  **Hanan B. Kolko**
Cohen Weiss and Simon LLP
900 Third Avenue
Ste 2100
New York, NY 10022
212-563-4100
Fax: 212-563-6527
Email: HKolko@cwsny.com
*ATTORNEY TO BE NOTICED*

**Melissa S Woods**
Meyer, Suozzi English, Klein
1350 Broadway
Suite 501
New York, NY 10018
212-239-4999
Fax: 212-239-1311
Email: mwoods@cwsny.com
*ATTORNEY TO BE NOTICED*

**Peter D. DeChiara**
Cohen, Weiss and Simon LLP
900 Third Avenue
Suite 2100
New York, NY 10022
212-356-0216
Fax: 646-473-8216
Email: pdechiara@cwsny.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Henry Garrido**    represented by  **Hanan B. Kolko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa S Woods**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter D. DeChiara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**District Council 37, AFSCME AFL-CIO,**    represented by  **Hanan B. Kolko**
**Local 2507**
*TERMINATED: 03/16/2022*
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa S Woods**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter D. DeChiara**

**JA-16**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**District Council 37, AFSCME AFL-CIO,**
**Local 3621**
*TERMINATED: 03/16/2022*

represented by **Hanan B. Kolko**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa S Woods**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter D. DeChiara**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/24/2021 | 1 | COMPLAINT against All Defendants filing fee $ 402, receipt number ANYEDC-15062032 Was the Disclosure Statement on Civil Cover Sheet completed -Yes,, filed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Daniel J Oshea, Vincent A Bottalico, John Garland, Margot Loth, John Dreher, Charles Guarneiri, Mark Henesy, Paul Parr, Joseph T Johnson, Mark Sinclair, Anthony Ruggiero, Dennis O'Keeffe, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Robert DiTrani, Kurt Pflumm, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Daniel Baudile, Joseph Columbia, Michael McGoff, Rashaad Taylor, Anthony Perrone, Timothy A Heaton, Vincent Defonte, Brian Doyle, Joseph Murdocca, Michelle Santiago, Kevin Garvey, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Nicholas Mullgan, Scott Ettinger, Ryan K Hall, Paul Vasquenz, Michael Lynch, Joseph Cicero. (Graff, Austin) (Entered: 11/24/2021) |
| 11/24/2021 | 2 | Proposed Summons. Re 1 Complaint,,,, by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz (Graff, Austin) (Entered: 11/24/2021) |
| 11/24/2021 | 3 | Proposed Summons,,,, by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, |

| | | |
|---|---|---|
| | | Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz (Graff, Austin) (Entered: 11/24/2021) |
| 11/24/2021 | 4 | Civil Cover Sheet.. by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz (Graff, Austin) (Entered: 11/24/2021) |
| 11/24/2021 | 5 | MOTION for Preliminary Injunction by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz. (Attachments: # 1 Affidavit Emergency Affirmation of Austin Graff, # 2 Affidavit Affidavit of John Garland, # 3 Affidavit Affidavit of Margot Loth, # 4 Affidavit Affidavit of David Button, # 5 Affidavit Affidavit of Christopher Raimondi, # 6 Exhibit A - Complaint, # 7 Exhibit B - Notice to FDNY, # 8 Memorandum in Support Memorandum of Law) (Graff, Austin) (Entered: 11/24/2021) |
| 11/24/2021 | | Case Assigned to Judge Kiyo A. Matsumoto and Chief Magistrate Cheryl L. Pollak. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Bowens, Priscilla) (Entered: 11/24/2021) |
| 11/24/2021 | 6 | Summons Issued as to New York City Fire Department, Daniel A Nigro. (Attachments: # 1 Daniel summons) (Bowens, Priscilla) (Entered: 11/24/2021) |
| 11/24/2021 | 7 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent**. (Bowens, Priscilla) (Entered: 11/24/2021) |
| 11/24/2021 | 8 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Bowens, Priscilla) (Entered: 11/24/2021) |
| 11/24/2021 | 9 | ORDER TO SHOW CAUSE. As described in the attached Order to Show Cause, personal service on all named Defendants shall be made on or before **9:00 AM, Friday, November 26, 2021**; Defendants shall respond to the Order to Show Cause via ECF by **Monday, November 29, 2021, at 5:00 PM**; Plaintiffs shall file any reply via ECF by **Tuesday,** |

| | | |
|---|---|---|
| | | **November 30, 2021 at 9:00 AM**; and counsel for the above named Plaintiffs and Defendants shall appear for a hearing before this Court, with their clients if they choose to present testimony, at Courtroom 6C South, 225 Cadman Plaza East, Brooklyn, New York, on **Tuesday, November 30, 2021, at 3:00 PM**. All parties are required to send two bound courtesy copies of all papers relating to Plaintiffs' motion for preliminary injunction/temporary restraining order to chambers. Courtesy copies should be sent via FedEx or messenger to Judge Matsumoto's chambers, and parties are directed to review the attached Order for the time/date by which their courtesy copies should be sent. Ordered by Judge Kiyo A. Matsumoto on 11/24/2021. (Ahn, Lois) (Entered: 11/24/2021) |
| 11/29/2021 | 10 | NOTICE of Appearance by Andrea Mary O'Connor on behalf of New York City Fire Department, Daniel A Nigro (aty to be noticed) (O'Connor, Andrea) (Entered: 11/29/2021) |
| 11/29/2021 | 11 | Letter *regarding witness testimony at November 30, 2021 hearing* by New York City Fire Department, Daniel A Nigro (O'Connor, Andrea) (Entered: 11/29/2021) |
| 11/29/2021 | 12 | AFFIDAVIT of Service for Summons, Complaint, Order to Show Cause, Proposed Order and Motion papers supporting Motion served on FDNY and Nigro on November 24, 2021, filed by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz. (Attachments: # 1 Exhibit A - NYC Law Department's website, # 2 Exhibit B - 7:27 pm email, # 3 Exhibit C - Email bounceback, # 4 Exhibit D - 7:32 pm email, # 5 Exhibit E - 7:32 pm email, # 6 Exhibit F - Proof of service, # 7 Exhibit G - 7:34 pm email, # 8 Exhibit H - 7:34 email, # 9 Exhibit I - Proof of service) (Graff, Austin) (Entered: 11/29/2021) |
| 11/29/2021 | 13 | Letter *Letter to Hon. Judge Matsumoto* by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz (Graff, Austin) (Entered: 11/29/2021) |
| 11/29/2021 | 14 | MEMORANDUM in Opposition re 5 MOTION for Preliminary Injunction filed by New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 11/29/2021) |
| 11/29/2021 | 15 | AFFIDAVIT/DECLARATION in Opposition re 5 MOTION for Preliminary Injunction filed by New York City Fire Department, Daniel A Nigro. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (O'Connor, Andrea) (Entered: 11/29/2021) |
| 11/29/2021 | 16 | Letter *Requesting Zoom Link for the 11-30-21, 3:00pm, Proceeding* by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, |

| | | |
|---|---|---|
| | | Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz (Graff, Austin) (Entered: 11/29/2021) |
| 11/30/2021 | 17 | REPLY in Support re 5 MOTION for Preliminary Injunction , 14 Memorandum in Opposition, 15 Affidavit in Opposition to Motion, filed by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz. (Attachments: # 1 Exhibit 1 - October 20, 2021 Buckshot, # 2 Memorandum in Support Reply Memorandum of Law) (Graff, Austin) (Entered: 11/30/2021) |
| 11/30/2021 | 18 | NOTICE of Appearance by Jonathan L. Scher on behalf of All Plaintiffs. (notification declined or already on case) (Graff, Austin) *Modified. (Latka-Mucha, Wieslawa)* (Entered: 11/30/2021) |
| 11/30/2021 | 19 | CORRECTED NOTICE of Appearance by Jonathan L. Scher on behalf of All Plaintiffs. (aty to be noticed) (Scher, Jonathan) (Entered: 11/30/2021) |
| 11/30/2021 | 20 | AFFIDAVIT/DECLARATION in Opposition re 5 MOTION for Preliminary Injunction filed by New York City Fire Department, Daniel A Nigro. (Attachments: # 1 Exhibit K, # 2 Exhibit L) (O'Connor, Andrea) (Entered: 11/30/2021) |
| 11/30/2021 | | ORDER. Any parties or participants in this case may join the Order to Show Cause hearing scheduled for 3:00 p.m. today via telephone by calling 1-888-684-8852 and entering the following access code: 1312089. Ordered by Judge Kiyo A. Matsumoto on 11/30/2021. (Ahn, Lois) (Entered: 11/30/2021) |
| 11/30/2021 | 21 | Letter *Regarding Corrected Exhibit C* by New York City Fire Department, Daniel A Nigro (Attachments: # 1 Exhibit Corrected Exhibit C) (O'Connor, Andrea) (Entered: 11/30/2021) |
| 11/30/2021 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto Show Cause Hearing held on 11/30/2021. Jonathan Scher, Esq. appeared for Plaintiffs; Andrea O'Connor appeared for Defendants. The parties declined to present witness testimony. The Court, as discussed on the record, granted leave for Plaintiffs to submit an additional letter to the Court containing case sites and argument by **Wednesday, December 1, 2021, at 3:00 p.m.** Defendants shall file any response by **Thursday, December 2, 2021, at 5:00 p.m.** (Court Reporter Victoria Butler.) (Ahn, Lois) (Entered: 11/30/2021) |
| 12/01/2021 | 22 | MEMORANDUM in Support *Sur-Reply Memorandum of Law* filed by All Plaintiffs. (Scher, Jonathan) (Entered: 12/01/2021) |
| 12/02/2021 | 23 | Letter *in Response to Plaintiffs' Sur-reply as to standing* by New York City Fire Department, Daniel A Nigro (O'Connor, Andrea) (Entered: 12/02/2021) |
| 12/06/2021 | 24 | ORDER denying 5 Motion for Preliminary Injunction. For the reasons stated in the accompanying Memorandum and Order, Plaintiffs' motion for temporary restraining |

| | | |
|---|---|---|
| | | order/preliminary injunction is DENIED. Plaintiffs are ORDERED TO SHOW CAUSE by **December 13, 2021**, why the claims of those Plaintiffs who have been restored to pay status should not be dismissed as moot. Ordered by Judge Kiyo A. Matsumoto on 12/6/2021. (Ahn, Lois) (Entered: 12/06/2021) |
| 12/10/2021 | 25 | Letter *response to the Court's Order to Show Cause why the claims of those Plaintiffs who have been restored to pay status should not be dismissed as moot* by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz (Graff, Austin) (Entered: 12/10/2021) |
| 12/13/2021 | 26 | MOTION for Extension of Time to Amend 1 Complaint,,,, *as consented to by the Defendants* by Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, David Button, Joseph Cicero, Joseph Columbia, Matthew Connor, Andrew Costello, James Daniel Daly III, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Robert DiTrani, Brian Doyle, John Dreher, Scott Ettinger, Nathan Evans, Christopher Filocamo, John Garland, Kevin Garvey, Charles Guarneri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Joseph T Johnson, Keith Klein, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Nicholas Mullgan, Joseph Murdocca, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Jude Pierre, Christopher Raimondi, Anthony Ruggiero, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Brian Patrick Smith, Rashaad Taylor, Paul Vasquenz. (Graff, Austin) (Entered: 12/13/2021) |
| 12/14/2021 | | ORDER granting 26 Motion for Extension of Time to Amend 1 Complaint. Plaintiffs shall file their amended complaint by **January 10, 2022**. Defendants shall answer, move, or otherwise respond to the amended complaint by **January 31, 2022**. Ordered by Judge Kiyo A. Matsumoto on 12/14/2021. (Ahn, Lois) (Entered: 12/14/2021) |
| 01/05/2022 | 27 | AMENDED COMPLAINT against All Defendants, filed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarneri, Mark Henesy, Paul Parr, Dennis O'Keeffe, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Robert DiTrani, Daniel Baudille, Michael McGoff, Rashaad Taylor, Brian F. Doyle, Joseph Murdocca, Kevin Garvey, Ryan K Hall, Michael Lynch, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, Anthony Ruggiero, Christopher Filocamo, Brian T Denzler, Paul Schweit, Keith Klein, Kurt Pflumm, Jude Pierre, Nathan Evans, Christopher Raimondi, Joseph Columbia, Timothy A Heaton, Anthony Perrone, Vincent Defonte, Michelle Santiago, Anthony Mastropietro, James Daniel Daly III, Joseph Bevilacqua, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero, Christopher Infante, George J Murphy, Thomas Fejes, John Costello, Brandon Phillips, Joseph Depaola, Brendan Mcgeough, Jason Charles, Anthony C Cardazone, Owen Fay, Michael Fadda, Joseph M Palmieri, Jared Dychkowski, John Twomley, Matt Koval, Glenn Clapp, Robert Yuli, Matthew Sinclair, Tim Rivicci, John Armore, Michael Samolis, Felicia J Tsang, William John Saez, Rosario Curto, David Summerfield, Kevin Erkman, Bernadette Mejia, Daniel Young, Sean Fitzgerald, Craig Leahy, Daniel Stroh, Stephen Inguagiato, Stephen Buttafucco, Phillip J Darcey, Ainsley Atwell, Rodney Colon. (Attachments: # 1 Exhibit A - |

Vaccine Mandate Order, # 2 Exhibit B - DC37 Agreement with NYC) (Graff, Austin) (Entered: 01/05/2022)

| 01/05/2022 | 28 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/05/2022 | 29 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/05/2022 | 30 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher |

| | | |
|---|---|---|
| | | Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/05/2022 | 31 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/05/2022 | 32 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/05/2022 | 33 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis |

7/7/23, 1:34 PM                    Eastern District of New York - LIVE Database 1.7 (Revision 1.7.1.2)

| | | |
|---|---|---|
| | | O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/05/2022 | 34 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/05/2022) |
| 01/12/2022 | | Your proposed summons was not issued for one of the following reasons: **If multiple defendants, there must me a rider attached to the summons with the name and addresses of all defendants included.,**<br><br>Please correct and resubmit using Proposed Summons/Civil Cover Sheet. (Herrera, Isaiah) (Entered: 01/12/2022) |
| 01/12/2022 | 35 | Proposed Summons. Re 27 Amended Complaint,,,,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 01/12/2022) |
| 01/18/2022 | 36 | **Supplemental Summons Issued** as to City of New York, District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido, Uniformed Fire Officer Association, Local 854 International Association of Firefighters, Affiliated with the AFL-CIO, |

| | | |
|---|---|---|
| | | Uniformed Firefighters Association of Greater New York. (Latka-Mucha, Wieslawa) (Entered: 01/18/2022) |
| 01/31/2022 | 37 | Letter MOTION for pre motion conference re 27 Amended Complaint,,,,,, by City of New York, New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 01/31/2022) |
| 02/01/2022 | | ORDER granting 37 Motion for Pre Motion Conference by Defendants City of New York, New York City Fire Department, and Daniel A Nigro. The Court will reserve scheduling a date for a pre-motion conference until the following actions are taken: (1) Plaintiffs are ordered to serve all other, newly-named Defendants with a copy of this Order by today, February 1, 2022, 5:00 pm, close of business, and note service on the docket; (2) all other, newly-named Defendants are requested to file appearances on the record immediately after receiving a copy of this Order; and, (3) all other, newly-named Defendants shall file a response to Defendants City of New York, New York City Fire Department, and Daniel Nigro's 37 letter requesting a pre-motion conference by **February 11, 2022**. Plaintiffs shall then file a single, consolidated response to all Defendants' letters regarding a pre-motion conference by **February 18, 2022**. Ordered by Judge Kiyo A. Matsumoto on 2/1/2022. (Ahn, Lois) (Entered: 02/01/2022) |
| 02/01/2022 | 38 | NOTICE of Appearance by Joshua Feldman on behalf of Uniformed Firefighters Association of Greater New York (aty to be noticed) (Feldman, Joshua) (Entered: 02/01/2022) |
| 02/01/2022 | 39 | NOTICE of Appearance by Paul S. Linzer on behalf of Uniformed Firefighters Association of Greater New York (aty to be noticed) (Linzer, Paul) (Entered: 02/01/2022) |
| 02/01/2022 | 40 | NOTICE of Appearance by Jennifer A. Bentley on behalf of Uniformed Firefighters Association of Greater New York (aty to be noticed) (Bentley, Jennifer) (Entered: 02/01/2022) |
| 02/01/2022 | 41 | AFFIDAVIT of Service for 2-1-22 Order from Hon. Judge Matsumoto served on District Council 37; Henry Garrido; District Council 37, Local 2507; Uniformed Firefighters Association of Greater New York; Uniformed Fire Officers Association, Local 854, International Association of Firefighters, Affiliated with the AFL-CIO; City of New York, New York City Law Department; District Council 37, AFSCMD AFL-CIO, Local 3621 on 2-1-2022, filed by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Denzler, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brendan Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (Attachments: # 1 Exhibit Exhibit A - Fax to DC37 at 12.43pm, # 2 Exhibit Exhibit B - Email to DC 37, AFSCME AFL CIO at 1.36pm, # 3 Exhibit Exhibit C - Fax to Garrido at 12.48pm, # 4 Exhibit Exhibit D - Email to Henry Garrido at 1.38pm, # 5 Exhibit Exhibit E - Fax to |

| | | |
|---|---|---|
| | | Local 2507 at 12.58 pm, # 6 Exhibit Exhibit F - Email to DC 37, AFSCME AFL-CIO, Local 2507 at 1.39pm, # 7 Exhibit Exhibit G - Fax to Uniformed Firefighters Association of Greater New York at 1.06pm, # 8 Exhibit Exhibit H - Email to Uniformed Firefighters Association of Greater New York at 1.40pm, # 9 Exhibit Exhibit I - Fax to Uniformed Fire Officers Association, Local 854 at 1.11pm, # 10 Exhibit Exhibit J - Email to Uniformed Fire Officers Association, Local 854, IAF, Affiliated with AFL-CIO at 1.42pm, # 11 Exhibit Exhibit K - Fax to City of New York, Law Department at 1.16pm, # 12 Exhibit Exhibit L - Email to City of New York, Law Department at 1.43pm, # 13 Exhibit Exhibit M - Email to DC 37, AFSCME AFL-CIO, Local 3621 at 1.35pm) (Graff, Austin) (Entered: 02/01/2022) |
| 02/03/2022 | 42 | NOTICE of Appearance by Seth H. Greenberg on behalf of Uniformed Fire Officer Association, Local 854 International Association of Firefighters, Affiliated with the AFL-CIO (aty to be noticed) (Greenberg, Seth) (Entered: 02/03/2022) |
| 02/10/2022 | 43 | NOTICE of Appearance by Melissa S Woods on behalf of District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido (aty to be noticed) (Woods, Melissa) (Entered: 02/10/2022) |
| 02/10/2022 | 44 | NOTICE of Appearance by Hanan B. Kolko on behalf of District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido (aty to be noticed) (Kolko, Hanan) (Entered: 02/10/2022) |
| 02/10/2022 | 45 | NOTICE of Appearance by Peter D. DeChiara on behalf of District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido (aty to be noticed) (DeChiara, Peter) (Entered: 02/10/2022) |
| 02/11/2022 | 46 | Letter *Re 2/1/22 Order* by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido (DeChiara, Peter) (Entered: 02/11/2022) |
| 02/11/2022 | 47 | Letter MOTION for pre motion conference *and in response to 02.01.2022 Order* by Uniformed Firefighters Association of Greater New York. (Feldman, Joshua) (Entered: 02/11/2022) |
| 02/11/2022 | 48 | Letter *in Response to City's 1/31/2022 Letter and Requesting Pre-Motion Conference* by Uniformed Fire Officer Association, Local 854 International Association of Firefighters, Affiliated with the AFL-CIO (Greenberg, Seth) (Entered: 02/11/2022) |
| 02/16/2022 | 49 | Letter MOTION for pre motion conference by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido. (DeChiara, Peter) (Entered: 02/16/2022) |
| 02/16/2022 | 50 | RESPONSE to Motion re 47 Letter MOTION for pre motion conference *and in response to 02.01.2022 Order*, 49 Letter MOTION for pre motion conference *Reply Letter re Pre-Motion Conference Letters* filed by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, |

| | | |
|---|---|---|
| | | Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (Graff, Austin) (Entered: 02/16/2022) |
| 02/18/2022 | | ORDER granting <u>47</u> <u>48</u> <u>49</u> Motions for Pre Motion Conference. Pre Motion Hearing set for 3/15/2022 02:00 PM in Courtroom 6C South before Judge Kiyo A. Matsumoto. As provided in the Court's February 1, 2022, Order, the Court will hold a pre-motion conference in anticipation of the Defendants' motions to dismiss. The parties will appear for a telephonic status conference on **March 15, 2022 at 2:00 pm**. The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089. Ordered by Judge Kiyo A. Matsumoto on 2/18/2022. (Ahn, Lois) (Entered: 02/18/2022) |
| 02/28/2022 | | ORDER: Because of a conflict, the Telephone PreMotion Conference previously scheduled for March 15, 2022 has been MOVED to March 14, 2022 at 2:00pm. The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089.Ordered by Judge Kiyo A. Matsumoto on 2/28/2022. (Williams-Jackson, Sandra) (Entered: 02/28/2022) |
| 03/03/2022 | <u>51</u> | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarneri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. City of New York served on 1/25/2022, answer due 2/15/2022. (Graff, Austin) (Entered: 03/03/2022) |
| 03/03/2022 | <u>52</u> | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarneri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T |

|  |  |  |
|---|---|---|
|  |  | Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. District Council 37, AFSCME AFL-CIO served on 2/8/2022, answer due 3/1/2022. (Graff, Austin) (Entered: 03/03/2022) |
| 03/03/2022 | 53 | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarneri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. District Council 37, AFSCME AFL-CIO, Local 2507 served on 2/8/2022, answer due 3/1/2022. (Graff, Austin) (Entered: 03/03/2022) |
| 03/03/2022 | 54 | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarneri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. District Council 37, AFSCME AFL-CIO, Local 3621 served on 2/8/2022, answer due 3/1/2022. (Graff, Austin) (Entered: 03/03/2022) |
| 03/03/2022 | 55 | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarneri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John |

Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. Henry Garrido served on 2/8/2022, answer due 3/1/2022. (Graff, Austin) (Entered: 03/03/2022)

| | | |
|---|---|---|
| 03/03/2022 | 56 | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarnieri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. Uniformed Firefighters Association of Greater New York served on 1/25/2022, answer due 2/15/2022. (Graff, Austin) (Entered: 03/03/2022) |
| 03/03/2022 | 57 | SUMMONS Returned Executed by Giuseppe Robert Penoro, Matthew Connor, Brian Patrick Smith, Andrew Costello, David Button, Margot Loth, Charles Guarnieri, Michael Fadda, Mark Henesy, Stephen Inguagiato, Paul Parr, Jared Dychkowski, Stephen Buttafucco, Felicia J Tsang, Dennis O'Keeffe, Brandon Phillips, Kenneth DeForest, Thomas Olsen, Randall Santana, Salvatore DePaola, Daniel Stroh, Bernadette Mejia, Matt Koval, Robert DiTrani, Michael Samolis, Daniel Baudille, Michael McGoff, John Twomley, Rashaad Taylor, Sean Fitzgerald, Joseph Murdocca, Brian F. Doyle, Kevin Garvey, Ryan K Hall, Michael Lynch, Craig Leahy, Brendan Mcgeough, George J Murphy, Daniel Young, John Costello, Vincent A Bottalico, Daniel J Oshea, John Garland, John Dreher, Joseph T Johnson, Mark Sinclair, David Summerfield, Anthony Ruggiero, Ainsley Atwell, John Armore, Rodney Colon, Jason Charles, Christopher Filocamo, Brian T Denzler, Paul Schweit, Kevin Erkman, Tim Rivicci, Joseph Depaola, Thomas Fejes, Robert Yuli, Matthew Sinclair, Kurt Pflumm, Rosario Curto, Keith Klein, Jude Pierre, Christopher Raimondi, Nathan Evans, Christopher Infante, Joseph M Palmieri, Phillip J Darcey, Joseph Columbia, Anthony C Cardazone, Timothy A Heaton, Anthony Perrone, Owen Fay, Vincent Defonte, William John Saez, Michelle Santiago, James Daniel Daly III, Anthony Mastropietro, Joseph Bevilacqua, Glenn Clapp, Nicholas Mullgan, Scott Ettinger, Paul Vasquenz, Joseph Cicero. Uniformed Fire Officers Association, Local 854 International Association of Firefighters, Affiliated with the AFL-CIO served on 1/27/2022, answer due 2/17/2022. (Graff, Austin) (Entered: 03/03/2022) |

| | | |
|---|---|---|
| 03/14/2022 | | Minute Entry for proceedings held before Judge Kiyo A. Matsumoto: Pre Motion Conference held on 3/14/2022. Appearances: Austin Graff, Esq., for Plaintiffs; Andrea O'Connor, Esq., for Defendants City of New York, FDNY, and Daniel Nigro ("City Defendants"); Seth Greenberg, Esq., for Defendant Uniformed Fire Officers Association ("UFOA"); Joshua Feldman, Esq., for Defendant Uniformed Firefighters Association ("UFA"); Peter DeChiara, Esq., for Defendants District Council 37, Henry Garrido, Local 2507, and Local 3621. The Court held a pre-motion conference in Courtroom 6C South to discuss Defendants' proposed motions to dismiss. The parties appeared by telephone.<br><br>As discussed on the record, by close of business tomorrow, **March 15, 2022,** counsel for Plaintiffs shall: (1) file a stipulation of dismissal dismissing Defendants UFOA and UFA from this action; (2) advise the Court whether Plaintiffs plan to continue pursuing their claims against Locals 2507 and 3621; and (3) file a letter on the docket noting that Exhibit B to the Amended Complaint attached the wrong agreement, and attaching the correct agreement between Defendant District Council 37 and the City of New York. Plaintiffs and City Defendants are directed to engage in discussions regarding whether those Plaintiffs who came into compliance with the vaccine mandate should be dismissed from this action.<br><br>The parties shall comply with the following briefing schedule: Defendants shall serve, but not file, their moving papers on or before **April 15, 2022.** Plaintiffs shall serve, but not file, their opposition papers by **May 20, 2022.** Defendant shall serve their reply papers on or before **June 7, 2022,** and on that date, the parties shall file via ECF, in a logical order, the fully briefed motions. The parties are reminded to review Chambers Practices to ensure their compliance with Chambers individual rules for motion practice. The parties are also reminded to send two bound courtesy copies of all papers related to the motion to the Clerk's Office. Courtesy copies should be sent via FedEx or messenger. (Court Reporter Rivka Teich.) (Ahn, Lois) (Entered: 03/14/2022) |
| 03/15/2022 | 58 | STIPULATION of Dismissal *with prejudice with regard to only the Defendant Uniformed Officers Association, Local 854, International Association of Firefighters, Affiliated with the AFL-CIO - ONLY* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 03/15/2022) |
| 03/15/2022 | 59 | STIPULATION of Dismissal *with prejudice with regard to only the Defendant Uniformed Firefighters Association of Greater New Yok - ONLY* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James |

|  |  |  |
|---|---|---|
|  |  | Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 03/15/2022) |
| 03/15/2022 | 60 | STIPULATION of Dismissal *without prejudice with regard to only the Defendant District Council 37, AFSCME AFL-CIO, Local 2507 - ONLY* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 03/15/2022) |
| 03/15/2022 | 61 | STIPULATION of Dismissal *without prejudice with regard to only the Defendant District Council 37, AFSCME AFL-CIO, Local 3621 - ONLY* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Graff, Austin) (Entered: 03/15/2022) |

| 03/15/2022 | 62 | Letter *to Court regarding replacing Exhibit B to the Amended Complaint* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Attachments: # 1 Exhibit Exhibit B to the Amended Complaint - DC37 Agreement with NYC) (Graff, Austin) (Entered: 03/15/2022) |
| 03/16/2022 | 63 | STIPULATION OF DISMISSAL, WITH PREJUDICE, AS TO DEFENDANT UNIFORMED FIRE OFFICERS ASSOCIATION, LOCAL 854, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFFILIATED w1m THE AFL-CIO: IT JS HEREBY STIPULATED AND AGREED, by and between the undersigned parties and/or their respective attorneys, on the parties' behalf, that, pursuant to Fed. R. Civ. Proc. 4 J (a) (l)(A)(ii), the Plaintiffs' Action against Defendant Uniformed Fire Officers Association, Local 854, International Association of Firefighters, affiliated with the AFL-CIO ONLY is dismissed in its entirety, with prejudice. Each party shall bear its/their own costs, fees, and attorneys' fees. Order Dismissing Parties Party Uniformed Fire Officers Association, Local 854 International Association of Firefighters, Affiliated with the AFL-CIO terminated.Ordered by Judge Kiyo A. Matsumoto on 3/16/2022. (Williams-Jackson, Sandra) (Entered: 03/16/2022) |
| 03/16/2022 | 64 | STIPULATION OF DISCONTIUANCE WITH PREJUDICE AS TO DEFENDANT UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties that pursuant to Fed. R. Civ. Proc. 4l(a)(1)(A)(ii), the Plaintiffs Action against DEFENDANT UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK ONLY is dismissed with prejudice. Each party shall bear its own costs, fees, and attorneys' fees, except as otherwise agreed to by and between the parties. Order Dismissing Parties Party Uniformed Firefighters Association of Greater New York terminated.Ordered by Judge Kiyo A. Matsumoto on 3/16/2022. (Williams-Jackson, Sandra) (Entered: 03/16/2022) |
| 03/16/2022 | 65 | STIPULATION OF DISCONTIUANCE WITHOUT PREJUDICE AS TO DEFENDANT DISTRICT COUNCIL 37, AFSCME AFLCIO, LOCAL 2507:IT [S HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties that pursuant to Fed. R. Civ. Proc. 41 (a)(l)(A)(ii), the Plaintiff's Action against DEFENDANT DISTRICT COUNCIL 37, AFSCME AFL--CIO, LOCAL 2507 ONLY is dismissed without prejudice. Each party shall bear its own costs, fees, and attorneys' fees, except as otherwise agreed to by and between the parties. Order Dismissing Parties Party District Council 37, AFSCME AFL-CIO, Local 2507 terminated.Ordered by Judge Kiyo A. Matsumoto on 3/16/2022. (Williams-Jackson, Sandra) (Entered: 03/16/2022) |

Case 23-663, Document 48, 08/01/2023, 3549860, Page40 of 242

| | | |
|---|---|---|
| 03/16/2022 | 66 | STIPULATION OF DISCONTIUANCE WITHOUT PREJUDICE AS TO DEFENDANT DISTRICT COUNCIL 37, AFSCME AFLCIO, LOCAL 3621: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties that pursuant to Fed. R. Civ. Proc. 4I(a)(l)(A)(ii), the Plaintiffs Action against DEFENDANT DISTRICT COUNCIL 37, AFSCME AFL-CIO, LOCAL 3621 ONLY is dismissed without prejudice. Each party shall bear its own costs, fees, and attorneys' fees, except as otherwise agreed to by and between the parties. Order Dismissing Parties Party District Council 37, AFSCME AFL-CIO, Local 3621 terminated.Ordered by Judge Kiyo A. Matsumoto on 3/16/2022. (Williams-Jackson, Sandra) (Entered: 03/16/2022) |
| 06/01/2022 | 67 | Letter MOTION for Extension of Time to File Response/Reply *in connection with FDNY Defendants Motion to Dismiss the Amended Complaint* by City of New York. (O'Connor, Andrea) (Entered: 06/01/2022) |
| 06/01/2022 | | ORDER granting 67 Motion for Extension of Time to File Response/Reply. City and DC 37 Defendants shall file their reply by **June 14, 2022**. Ordered by Judge Kiyo A. Matsumoto on 6/1/2022. (Ahn, Lois) (Entered: 06/01/2022) |
| 06/13/2022 | 68 | Notice of MOTION to Dismiss for Failure to State a Claim by City of New York, New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 06/13/2022) |
| 06/13/2022 | 69 | MEMORANDUM in Support re 68 Notice of MOTION to Dismiss for Failure to State a Claim filed by City of New York, New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 06/13/2022) |
| 06/14/2022 | 70 | Letter *re Motion to Dismiss Papers* by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido. (DeChiara, Peter) (Entered: 06/14/2022) |
| 06/14/2022 | 71 | MOTION to Dismiss by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido. (DeChiara, Peter) (Entered: 06/14/2022) |
| 06/14/2022 | 72 | MEMORANDUM in Support re 71 MOTION to Dismiss filed by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido. (DeChiara, Peter) (Entered: 06/14/2022) |
| 06/14/2022 | 73 | MEMORANDUM in Opposition re 72 Memorandum in Support, 69 Memorandum in Support, 71 MOTION to Dismiss , 68 Notice of MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Graff, Austin) (Entered: 06/14/2022) |
| 06/14/2022 | 74 | REPLY in Support re 72 Memorandum in Support, 71 MOTION to Dismiss filed by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido. (DeChiara, Peter) (Entered: 06/14/2022) |
| 06/14/2022 | 75 | REPLY in Support re 68 Notice of MOTION to Dismiss for Failure to State a Claim filed by City of New York, New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 06/14/2022) |
| 06/14/2022 | 76 | Letter *regarding courtesy copies of FDNY Defendants' Motion to Dismiss* by City of New York, New York City Fire Department, Daniel A Nigro (O'Connor, Andrea) (Entered: 06/14/2022) |
| 09/28/2022 | 77 | MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn |

| | | |
|---|---|---|
| | | Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (Graff, Austin) (Entered: 09/28/2022) |
| 09/29/2022 | 78 | RESPONSE in Opposition re 77 MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition filed by New York City Fire Department, Daniel A Nigro. (Attachments: # 1 Appendix A) (O'Connor, Andrea) (Entered: 09/29/2022) |
| 10/03/2022 | | ORDER. Plaintiffs' 77 Motion to Amend/Correct/Supplement their 73 Memorandum of Law in Opposition to Defendants' 68 71 Motions to Dismiss in light of a recent New York County Supreme Court decision is respectfully denied. The Court advises the parties that the Court will review all relevant case law in rendering its decision on Defendants' Motions to Dismiss, including the decisions brought to the Court's attention by the parties in their latest submissions. Ordered by Judge Kiyo A. Matsumoto on 10/3/2022. (LA) (Entered: 10/03/2022) |
| 10/10/2022 | 79 | Second MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (Graff, Austin) (Entered: 10/10/2022) |
| 10/11/2022 | 80 | RESPONSE in Opposition re 79 Second MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition filed by City of New York, New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 10/11/2022) |
| 10/13/2022 | | ORDER. Plaintiffs' 79 Motion to Amend/Correct/Supplement their 73 Memorandum of Law in Opposition to Defendants' 68 71 Motions to Dismiss in light of a recent decision by the Office of Collective Bargaining is respectfully denied. The Court advises the parties |

| | | |
|---|---|---|
| | | that the Court will review all relevant case law in rendering its decision on Defendants' Motions to Dismiss, including the decisions brought to the Court's attention by the parties in their latest submissions. Ordered by Judge Kiyo A. Matsumoto on 10/13/2022. (AA) (Entered: 10/13/2022) |
| 10/25/2022 | 81 | Third MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (Graff, Austin) (Entered: 10/25/2022) |
| 10/25/2022 | 82 | Third MOTION to Amend/Correct/Supplement 81 Third MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition , 73 Memorandum in Opposition *Re-uploaded with Case Attached* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (Graff, Austin) (Entered: 10/25/2022) |
| 10/25/2022 | 83 | RESPONSE in Opposition re 82 Third MOTION to Amend/Correct/Supplement 81 Third MOTION to Amend/Correct/Supplement 73 Memorandum in Opposition , 73 Memorandum in Opposition *Re-uploaded with Case Attached* filed by City of New York, New York City Fire Department, Daniel A Nigro. (O'Connor, Andrea) (Entered: 10/25/2022) |
| 10/26/2022 | | ORDER denying 81 Motion to Amend/Correct/Supplement; denying 82 Motion to Amend/Correct/Supplement. Plaintiffs have repeatedly requested to amend briefing in order to present newly decided cases. As the Court has already twice advised counsel, the Court will review all relevant case law in rendering its decision on Defendants' motions to |

|            |     |     |
|------------|-----|-----|
|            |     | dismiss. If the Court requires additional briefing, it will advise the parties accordingly. Ordered by Judge Kiyo A. Matsumoto on 10/26/2022. (AA) (Entered: 10/26/2022) |
| 02/13/2023 |     | ORDER. In light of the City of New York's announcement that its vaccine mandate for municipal workers is discontinued, the parties are hereby ordered to advise the Court of their respective views as to which issues in this instant action, if any, have been mooted, and which issues subsist. The parties on each side shall advise the Court in a letter of no more than three pages and must do so by 5:00 p.m. on Monday, February 20, 2023. Ordered by Judge Kiyo A. Matsumoto on 2/13/2023. (AA) (Entered: 02/13/2023) |
| 02/16/2023 | 84  | Letter *in response to the Court's February 13, 2023 Order* by City of New York, New York City Fire Department, Daniel A Nigro (O'Connor, Andrea) (Entered: 02/16/2023) |
| 02/17/2023 | 85  | Letter *to Court re Post-Mandate Viability* by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli (Attachments: # 1 Exhibit Exhibit 1 - NYC Vaccine Ends) (Graff, Austin) (Entered: 02/17/2023) |
| 02/17/2023 | 86  | Letter *in Response to Court Order* by District Council 37, AFSCME AFL-CIO, District Council 37, AFSCME AFL-CIO, Local 2507, District Council 37, AFSCME AFL-CIO, Local 3621, Henry Garrido (Kolko, Hanan) (Entered: 02/17/2023) |
| 03/29/2023 | 87  | ORDER. For the reasons set forth in the attached Memorandum and Order, City Defendants' 69 Motion to Dismiss and DC37 Defendants' 71 Motion to Dismiss are GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close this case. Ordered by Judge Kiyo A. Matsumoto on 3/29/2023. (AA) (Main Document 87 replaced on 5/19/2023) (SW). (Entered: 03/29/2023) |
| 03/31/2023 | 88  | CLERK'S JUDGMENT: ORDERED and ADJUDGED that City Defendants' Motion to Dismiss and DC37 Defendants' Motion to Dismiss are granted in their entirety; and that leave to amend is denied. Ordered by Jalitza Poveda, Deputy Clerk on behalf of Brenna B. Mahoney, Clerk of Court on 3/31/2023. (JT) (Entered: 03/31/2023) |
| 04/20/2023 | 89  | NOTICE OF APPEAL as to 88 Clerk's Judgment, 24 Order on Motion for Preliminary Injunction, 87 Order on Motion to Dismiss for Failure to State a Claim,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, |

| | | |
|---|---|---|
| | | John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. Filing fee $ 505, receipt number ANYEDC-16618619. (Graff, Austin) (Entered: 04/20/2023) |
| 04/20/2023 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 89 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 04/20/2023) |
| 05/18/2023 | 90 | Letter *to the Hon. Kiyo A. Matsumoto regarding the 3.29.2023 Memorandum and Order (ECF Doc. 87)* by Uniformed Firefighters Association of Greater New York (Feldman, Joshua) (Entered: 05/18/2023) |
| 05/24/2023 | 91 | AMENDED NOTICE OF APPEAL as to 88 Clerk's Judgment, 87 Order on Motion to Dismiss for Failure to State a Claim,,, by John Armore, Ainsley Atwell, Daniel Baudille, Joseph Bevilacqua, Vincent A Bottalico, Stephen Buttafucco, David Button, Anthony C Cardazone, Jason Charles, Joseph Cicero, Glenn Clapp, Rodney Colon, Joseph Columbia, Matthew Connor, Andrew Costello, John Costello, Rosario Curto, James Daniel Daly III, Phillip J Darcey, Kenneth DeForest, Salvatore DePaola, Vincent Defonte, Brian T Denzler, Joseph Depaola, Robert DiTrani, Brian F. Doyle, John Dreher, Jared Dychkowski, Kevin Erkman, Scott Ettinger, Nathan Evans, Michael Fadda, Owen Fay, Thomas Fejes, Christopher Filocamo, Sean Fitzgerald, John Garland, Kevin Garvey, Charles Guarneiri, Ryan K Hall, Timothy A Heaton, Mark Henesy, Christopher Infante, Stephen Inguagiato, Joseph T Johnson, Keith Klein, Matt Koval, Craig Leahy, Margot Loth, Michael Lynch, Anthony Mastropietro, Michael McGoff, Brendan Mcgeough, Bernadette Mejia, Nicholas Mullgan, Joseph Murdocca, George J Murphy, Dennis O'Keeffe, Thomas Olsen, Daniel J Oshea, Joseph M Palmieri, Paul Parr, Giuseppe Robert Penoro, Anthony Perrone, Kurt Pflumm, Brandon Phillips, Jude Pierre, Christopher Raimondi, Tim Rivicci, Anthony Ruggiero, William John Saez, Michael Samolis, Randall Santana, Michelle Santiago, Paul Schweit, Mark Sinclair, Matthew Sinclair, Brian Patrick Smith, Daniel Stroh, David Summerfield, Rashaad Taylor, Felicia J Tsang, John Twomley, Paul Vasquenz, Daniel Young, Robert Yuli. (VJ) (Entered: 05/24/2023) |
| 05/24/2023 | | Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 91 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 05/24/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/07/2023 13:34:36 | | |
| PACER Login: | appealteam | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:21-cv-06586-KAM-CLP |

JA-37

| Billable Pages: | 30 | Cost: | 3.00 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOHN GARLAND, VINCENT A. BOTTALICO,
TIMOTHY A. HETON, JOSEPH BEVILACQUA,
JOSEPH   CICERO,   JOSEPH   COLUMBIA,
ANDREW COSTELLO, JAMES DANIEL DALY
III,   VINCENT   DEFONTE,   KENNETH
DEFOREST, SALVATORE DEPAOLA, BRIAN
DOYLE, NATHAN EVANS, CHRISTOPHER
FILOCAMO, KEVIN GARVEY, CHARLES
GUARNEIRI, DANIEL J. OSHEA, MARGOT
LOTH, MICHAEL LYNCH, DENNIS O'KEEFFE,
BRIAN PATRICK SMITH, KURT PFLUMM,
CHRISTOPHER RAIMONDI, PAUL SCHWEIT,
JOSEPH T. JOHNSON, DAVID BUTTON, PAUL
PARR, MARK SINCLAIR, DANIEL BAUDILLE,
JOHN DREHER, THOMAS OLSEN, GIUSEPPE
ROBERT PENORO, MATTHEW CONNOR,
NICHOLAS   MULLIGAN,   RANDALL
SANTANA, ANTHONY PERRONE, SCOTT
ETTINGER,   ANTHONY   MASTROPIETRO,
RASHAAD TAYLOR, ANTHONY RUGGIERO,
JOSEPH MURDOCCA, KEITH KLEIN, PAUL
VASQUENZ, MARK HENESY, RYAN K. HALL,
JUDE   PIERRE,   MICHELLE   SANTIAGO,
ROBERT DITRANI, BRIAN T. DENZLER,
MICHAEL MCGOFF, on behalf of themselves and
all other similarly situated employees of the New
York City Fire Department,

|  | INDEX NO. _____ |
|---|---|
|  | |
|  | **COMPLAINT** |
|  | |
|  | **JURY TRIAL DEMANDED** |

                                                    Plaintiffs,

                            -against-

NEW   YORK   CITY   FIRE   DEPARTMENT,
DANIEL A. NIGRO, in his official and individual
capacities, JOHN DOE #1-10, in their official and
individual capacities; and JANE DOE #1-10 in their
official and individual capacities,

                                                    Defendants.
--------------------------------------------------------------------X

        The Plaintiffs by their attorneys, The Scher Law Firm, LLP, alleges the following as their

Complaint:

1

## I.    PARTIES, JURISDICTION, AND VENUE

1.    The Plaintiff JOHN GARLAND ("Garland") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the New York City Fire Department ("FDNY").

2.    The Plaintiff VINCENT A. BOTTALICO ("Bottalico") was and still is a natural person who resides in and is a domiciliary of the County of Putnam, State of New York and is employed as a lieutenant with the FDNY.

3.    The Plaintiff TIMOTHY A. HETON ("Heton") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a lieutenant with the FDNY.

4.    The Plaintiff JOSEPH BEVILACQUA ("Bevilacqua") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

5.    The Plaintiff JOSEPH CICERO ("Cicero") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

6.    The Plaintiff JOSEPH COLUMBIA ("Columbia") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

7.    The Plaintiff ANDREW COSTELLO ("Costello") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

8.    The Plaintiff JAMES DANIEL DALY III ("Daly") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

Case 23-663, Document 48, 08/01/2023, 3549860, Page48 of 242

9.    The Plaintiff VINCENT DEFONTE ("Defonte") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

10.    The Plaintiff KENNETH DEFOREST ("DeForest") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

11.    The Plaintiff SALVATORE DEPAOLA ("DePaola") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

12.    The Plaintiff BRIAN DOYLE ("Doyle") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

13.    The Plaintiff NATHAN EVANS ("Evans") was and still is a natural person who resides in and is a domiciliary of the County of New York, State of New York and is employed as a lieutenant with the FDNY.

14.    The Plaintiff CHRISTOPHER FILOCAMO ("Filocamo") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

15.    The Plaintiff KEVIN GARVEY ("Garvey") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

16.    The Plaintiff CHARLES GUARNEIRI ("Guarneiri") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

3

JA-41

17.     The Plaintiff DANIEL J. OSHEA ("OShea") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

18.     The Plaintiff MARGOT LOTH ("Loth") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a paramedic with the FDNY.

19.     The Plaintiff MICHAEL LYNCH ("Lynch") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

20.     The Plaintiff DENNIS O'KEEFFE ("O'Keeffe") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

21.     The Plaintiff BRIAN PATRICK SMITH ("Smith") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

22.     The Plaintiff KURT PFLUMM ("Pflumm") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

23.     The Plaintiff CHRISTOPHER RAIMONDI ("Raimondi") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

24.     The Plaintiff PAUL SCHWEIT ("Schweit") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

4

Case 23-663, Document 48, 08/01/2023, 3549860, Page50 of 242

25.     The Plaintiff JOSEPH T. JOHNSON ("Johnson") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a Captain with the FDNY.

26.     The Plaintiff DAVID BUTTON ("Button") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

27.     The Plaintiff PAUL PARR ("Parr") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a lieutenant with the FDNY.

28.     The Plaintiff MARK SINCLAIR ("Sinclair") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

29.     The Plaintiff DANIEL BAUDILLE ("Baudille") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

30.     The Plaintiff JOHN DREHER ("Dreher") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

31.     The Plaintiff THOMAS OLSEN ("Olsen") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a firefighter with the FDNY.

32.     The Plaintiff GIUSEPPE ROBERT PENORO ("Penoro") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

33.    The Plaintiff MATTHEW CONNOR ("Connor") was and still is a natural person who resides in and is a domiciliary of the County of Kings, State of New York and is employed as a lieutenant with the FDNY.

34.    The Plaintiff NICHOLAS MULLIGAN ("Mulligan") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

35.    The Plaintiff RANDALL SANTANA ("Santana") was and still is a natural person who resides in and is a domiciliary of the County of Bronx, State of New York and is employed as a firefighter with the FDNY.

36.    The Plaintiff ANTHONY PERRONE ("Perrone") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

37.    The Plaintiff SCOTT ETTINGER ("Ettinger") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

38.    The Plaintiff ANTHONY MASTROPIETRO ("Mastropietro") was and still is a natural person who resides in and is a domiciliary of the County of Nassau, State of New York and is employed as a firefighter with the FDNY.

39.    The Plaintiff RASHAAD TAYLOR ("Taylor") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a firefighter with the FDNY.

40.    The Plaintiff ANTHONY RUGGIERO ("Ruggiero") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

JA-44

41.    The Plaintiff JOSEPH MURDOCCA ("Murdocca") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

42.    The Plaintiff KEITH KLEIN ("Klein") was and still is a natural person who resides in and is a domiciliary of the County of Queens, State of New York and is employed as a firefighter with the FDNY.

43.    The Plaintiff PAUL VASQUENZ ("Vasquenz") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

44.    The Plaintiff MARK HENESY ("Henesy") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

45.    The Plaintiff RYAN K. HALL ("Hall") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

46.    The Plaintiff JUDE PIERRE ("Pierre") was and still is a natural person who resides in and is a domiciliary of the State of New York and is employed as a firefighter with the FDNY.

47.    The Plaintiff MICHELLE SANTIAGO ("Santiago") was and still is a natural person who resides in and is a domiciliary of the County of Orange, State of New York and is employed as a lieutenant with the FDNY.

48.    The Plaintiff ROBERT DITRANI ("DiTrani") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a lieutenant with the FDNY.

49.    The Plaintiff BRIAN T. DENZLER ("Denzler") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and is employed as a firefighter with the FDNY.

50.     The Plaintiff MICHAEL MCGOFF ("McGoff") was and still is a natural person who resides in and is a domiciliary of the County of Richmond, State of New York and is employed as a firefighter with the FDNY.

51.     The Defendant NEW YORK CITY FIRE DEPARTMENT ("FDNY") was and still is a municipal corporation duly organized under the laws of New York State with its principal place of business is located in the County of Kings, State of New York.

52.     The Defendant DANIEL A. NIGRO ("Nigro") was and still is a natural person whose principal place of business is located in the County Kings, State of New York.

53.     The Defendants JOHN DOE #1-10 ("John Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

54.     The Defendants JANE DOE #1-10 ("Jane Doe") are unknown persons who have directly participated in, have knowledge of, and have had personal involvement in the deprivation of the Plaintiffs' constitutional rights.

55.     This is a civil action seeking injunctive relief and declaratory judgment relief to protect the Plaintiffs' constitutional rights to due process and property rights (U.S. Constitution, Fourteenth Amendment).

56.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

57.     This Court has personal jurisdiction over the Defendants.

58.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(d), because, the Defendants have offices within this judicial district.

## II.     FACTS

### A.    Background

59.    The FDNY is a State actor.

60.    Nigro is the Commissioner of the FDNY.

61.    The Plaintiffs have not taken a COVID-19 vaccine.

62.    The Plaintiffs are:

(a)    Officers (Bottalico, Heaton, Evans, Raimondi, Johnson, Parr, Connor, Ettinger, Henesy, DiTrani);

(b)    Fire fighters (Garland, Bevilacqua, Cicero, Columbia, Costello, Daly, Defonte, DeForest, DePaola, Doyle, Filocamo, Garvey, Guarneiri, OShea, Lynch, O'Keeffe, Smith, Pflumm, Schweit, Button, Sinclair, Baudille, Dreher, Olsen, Penoro, Mulligan, Santana, Perrone, Mastropietro, Taylor, Ruggiero, Murdocca, Klein, Vasquenz, Hall, Pierre, Denzler, McGoff);

(c)    Employees of the Emergency Medical Service (Loth, Santiago)

### B.    Unconstitutional Acts By The Defendants

63.    As a direct consequence of not taking a COVID-19 vaccine, on October 30, 2021, the Plaintiffs were told by the FDNY that they have been placed on a Leave Without Pay ("LWOP") and cannot report to work beginning at 9:00 am on November 1, 2021.

64.    From on or about November 1, 2021 through the date of the Complaint, Garland, Heaton, Bevilacqua, Cicero, Columbia, Costello, Daly, Defonte, DeForest, DePaola, Doyle, Evans, Garvey, Guarneiri, OShea, Loth, Lynch, Smith, Pflumm, Raimondi, Schweit, Button, Parr, Sinclair, Dreher, Olsen, Connor, Mulligan, Santana, Ettinger, Taylor, Ruggiero, Murdocca, Klein, Henesy, Hall, Pierre, Santiago, Denzler, and McGoff remain on an unpaid status and unauthorized to enter FDNY's buildings to work.

65.     Bottalico went on LWOP beginning on November 1, 2021, but returned to pay status on November 15, 2021. Filocamo began on LWOP on November 1, 2021 and returned to pay status on November 8, 2021. O'Keefe began on LWOP on November 1, 2021 and returned to pay status on November 17, 2021. Johnson went on LWOP beginning on November 1, 2021, but returned to pay status on November 9 2021. Baudille went on LWOP beginning on November 1, 2021, but returned to pay status on November 13, 2021. Penoro went on LWOP beginning on November 1, 2021, but returned to pay status on November 16, 2021. Mastoprietro went on LWOP beginning on November 1, 2021, but returned to pay status on November 16, 2021. Vasquenz went on LWOP beginning on November 1, 2021, but returned to pay status on November 18, 2021. DiTrani went on LWOP beginning on November 1, 2021, but returned to pay status on November 19, 2021.

66.     The FDNY has suspended the Plaintiffs without pay without due process pursuant to N.Y.C. Administrative Code § 15-113.

67.     The Plaintiffs individually possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

68.     The FDNY's unilateral decision to suspend the Plaintiffs' pay violated the Plaintiffs' property-based, procedural due process right to their pay.

69.     The Plaintiffs individually possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

70.     The FDNY's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y.C. Administrative Code § 15-113 violated the Plaintiffs' procedural due process right to their jobs.

71.     Nigro's unilateral decision to suspend the Plaintiffs from their job without due process pursuant to N.Y.C. Administrative Code § 15-113 violated the Plaintiffs' procedural due process right to their jobs.

72.     The Plaintiffs' constitutional rights have been trampled on by the FDNY.

Case 23-663, Document 48, 08/01/2023, 3549860, Page56 of 242

73.     The Plaintiffs' constitutional rights have been trampled on by Nigro.

**C.      Class Allegations**

74.     FDNY's suspension of the Plaintiffs without pay without due process was pursuant to policies, customs, and/or practices of the FDNY.

75.     Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the FDNY's unilateral decision to suspend the Plaintiffs without pay without due process was unconstitutional.

76.     Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an Order declaring that the FDNY's unilateral decision to suspend the Plaintiffs without pay without due process was illegal.

77.     Plaintiffs bring this Action on their own behalf and on behalf of all persons similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(3).   Plaintiffs seek a certification of a class defined as follows: All FDNY employees suspended without pay for not taking the COVID-19 vaccine who have a statutory or contractual right to charges and a hearing before the employee is disciplined or terminated.

78.     Pursuant to Federal Rule of Civil Procedure 23(a), the members of the class are so numerous that joinder of all members is impractical.  Plaintiffs do not know the exact number of class members.  Plaintiffs are informed and believe, and thereupon allege that there are more than 100 persons in the class defined above.

79.     Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs are informed and believe, and thereupon allege, that there are question of law and fact common to the class, including but not limited to:

   (a)     Whether a FDNY officer or member of the uniformed force possesses a
           property-based, procedural due process right to their pay pursuant to the
           Fourteenth Amendment to the United States Constitution;

(b)    Whether a FDNY officer or member of the uniformed force possesses a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.;

80.    Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

81.    Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

82.    Pursuant to Federal Rules of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent. The Plaintiffs have all been suspended without pay without due process. Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class. Each proposed class member suffered actual damages as a result of the challenged conduct. Plaintiffs' claims arose because of the FDNY's policies, customs, and/or practices.

83.    Plaintiffs' counsel has the resources, experience, and expertise to successfully prosecute this Action against Defendants. Counsel knows of no conflicts among members of the class, or between counsel and any members of the class.

84.    Pursuant to Federal Rules of Civil Procedure 23(b)(3), upon certification, class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. If this action is certified as a class action, Plaintiffs contemplate that individual notice will be given to class members, at such last known address by first class mail, as well as notice by publication informing them of the following:

    i.      The pendency of the class action and the issues common to the class;

    ii.      The nature of the action;

    iii.      Their right to "opt-out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

    iv.      Their right to "opt-out" to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiffs and their counsel; and

    v.      Their right, if they do not "opt-out" to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

### III.    CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

85.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 84, as if fully set forth herein.

86.    The Plaintiffs are officers or members of the uniformed force.

87.    The Plaintiffs are employees that possess N.Y.C. Administrative Code § 15-113 rights.

88.    The Plaintiffs have been suspended without pay without due process in accordance with their statutory rights.

89.    There is an actual controversy over whether what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights.

90.    The Plaintiffs request an Order declaring that what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process

Case 23-663, Document 48, 08/01/2023, 3549860, Page59 of 242

91.    The Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR PERMANENT INJUNCTION

92.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 91, as if fully set forth herein.

93.    The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a property-based, procedural due process right to their pay pursuant to the Fourteenth Amendment to the United States Constitution.

94.    The Plaintiffs have a high likelihood of success on the merits because the Plaintiffs possess a procedural due process right to their jobs pursuant to the Fourteenth Amendment to the United States Constitution.

95.    The Plaintiffs have a high likelihood of success on the merits because the FDNY has violated their property-based, procedural due process right to their pay.

96.    The Plaintiffs have a high likelihood of success on the because the FDNY has violated their property-based, procedural due process right to their pay.

97.    The violation of the Plaintiffs' constitutional rights constitutes irreparable harm.

98.    Without a permanent injunction, the Plaintiff will have no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST THE FDNY, NIGRO, JOHN DOE
## AND JANE DOE

99.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 98, as if fully set forth herein.

100.    The FDNY subjected the Plaintiffs to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiffs of their rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

101.    The FDNY through its actions, violated the Plaintiffs' due process rights guaranteed to the Plaintiffs by statute N.Y.C. Administrative Code § 15-113 under the Fourteenth Amendment of the United States Constitution.

102.    The Plaintiffs were not provided the opportunity for a fair hearing prior to being deprived of a constitutionally protected property interest, namely their pay.

103.    The FDNY was barred by statute and/or contract from suspending the Plaintiffs without pay without due process.

104.    The Plaintiffs, as public employees, who can only be discharged for cause, have a constitutionally protected property interest in his job, and could not be suspended without pay without due process.

105.    The FDNY has denied Plaintiff due process of law by not providing a hearing before an impartial hearing officer resulting in a wrongful, and unlawful leave of absence, and a termination of a constitutionally protected liberty or property interest.

106.    The FDNY, Nigro, John Doe and Jane Doe, acting under color of law, and through their employees, servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, which has deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983. These actions were condoned, adopted and fostered by policy makers including but not limited to Nigro, John Doe and Jane Doe.

107.   As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continue to suffer irreparable harm, loss of income, loss of other employment benefits, injury to reputation and good name, being subjected to scandalous claims and investigations and have suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damages to their reputation.

108.   As a direct and proximate result of said acts, Plaintiffs and others similarly situated have suffered and continues to suffer suspension, leave of absence, diminished employment, and have suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to their reputation.

109.   As a result of the FDNY's acts, Plaintiffs suffered and are entitled to, damage sustained to date and continuing in a sum in excess of the jurisdictional limits of all State courts which might otherwise have jurisdiction and this court, costs and attorney's fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

Case 23-663, Document 48, 08/01/2023, 3549860, Page62 of 242

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR DIRECT PARTICIPATION AND AIDING AND ABETTING IN VIOLATION OF
### 42 U.S.C. § 1983 AGAINST THE NIGRO, JOHN DOE AND JANE DOE

110.    The Plaintiffs re-state and re-allege the allegations contained in ¶¶ 1 through 109, as if fully set forth herein.

111.    Nigro, John Doe, and Jane Doe, individually and collectively did foster and encourage the FDNY to violate the Plaintiffs' constitutional rights.

112.    Nigro, John Doe, and Jane Doe, individually and collectively, jointly and severally, violated the Plaintiffs' constitutional rights when they failed to stop the FDNY from suspending the Plaintiffs without pay without due process.

113.    Nigro, John Doe, and Jane Doe, individually and collectively knew and had reason to know that the FDNY violated the Plaintiffs' constitutional rights when the FDNY suspended the Plaintiffs without pay without due process.

114.    Nigro, John Doe, and Jane Doe, individually and collectively jointly and severally, did foster and encourage the FDNY to violate the Plaintiffs' constitutional rights by suspending the Plaintiffs without pay without due process.

115.    Based on the foregoing, the Nigro, John Doe, and Jane Doe directly participated in and/or tacitly condoned the violation of the Plaintiffs' constitutional rights, violating 42 U.S.C.§ 1983.

**WHEREFORE,** the Plaintiffs demand judgment:

(1)     on the First Cause of Action for a declaratory judgment, declaring that what the FDNY did to the Plaintiffs, namely suspend the Plaintiffs without pay without due process violating the Plaintiffs' Fourteenth Amendment rights to due process and to their pay without due process; and

(2)     on the Second Cause of Action for a permanent injunction, enjoining the FDNY from violating the Plaintiffs' constitutional rights; and

(3)    on the Third Cause of Action for violation of 42 U.S.C. § 1983 against the FDNY, Nigro, John Doe, and Jane Doe for violations of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(4)    on the Fourth Cause of Action for violation of 42 U.S.C. § 1983 against Nigro, John Doe, and Jane Doe for direct participation in and aiding and abetting of the violation of the Plaintiffs' Fourteenth Amendment constitutional rights, seeking compensation for damages sustained by the Plaintiffs to date and continuing in a sum to be determined at trial; and

(5)    on all causes of action, an award of attorneys' fees, and costs; and

(6)    such other and further relief the Court deems just and fair.

Dated:    Carle Place, New York
November 24, 2021

Austin Graff
THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

18

JA-56

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN GARLAND, VINCENT A. BOTTALICO, TIMOTHY A. HETON, JOSEPH BEVILACQUA, JOSEPH CICERO, JOSEPH COLUMBIA, ANDREW COSTELLO, JAMES DANIEL DALY III, VINCENT DEFONTE, KENNETH DEFOREST, SALVATORE DEPAOLA, BRIAN DOYLE, NATHAN EVANS, CHRISTOPHER FILOCAMO, KEVIN GARVEY, CHARLES GUARNEIRI, DANIEL J. OSHEA, MARGOT LOTH, MICHAEL LYNCH, DENNIS O'KEEFFE, BRIAN PATRICK SMITH, KURT PFLUMM, CHRISTOPHER RAIMONDI, PAUL SCHWEIT, JOSEPH T. JOHNSON, DAVID BUTTON, PAUL PARR, MARK SINCLAIR, DANIEL BAUDILLE, JOHN DREHER, THOMAS OLSEN, GIUSEPPE ROBERT PENORO, MATTHEW CONNOR, NICHOLAS MULLIGAN, RANDALL SANTANA, ANTHONY PERRONE, SCOTT ETTINGER, ANTHONY MASTROPIETRO, RASHAAD TAYLOR, ANTHONY RUGGIERO, JOSEPH MURDOCCA, KEITH KLEIN, PAUL VASQUENZ, MARK HENESY, RYAN K. HALL, JUDE PIERRE, MICHELLE SANTIAGO, ROBERT DITRANI, BRIAN T. DENZLER, MICHAEL MCGOFF, on behalf of themselves and all other similarly situated employees of the New York City Fire Department,

                                        Plaintiffs,

                        -against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL A. NIGRO, in his official and individual capacities, JOHN DOE #1-10, in their official and individual capacities; and JANE DOE #1-10 in their official and individual capacities,

                                        Defendants.
------------------------------------------------------------------X

**INDEX NO. _____**


**ORDER TO SHOW CAUSE**


Upon the Affidavit of John Garland, sworn to on the 22nd day of November 2021, the Affidavit of David Button, sworn to on the 23rd day of November 2021, the Affidavit of Christopher Raimondi, sworn to on the 22nd day of November 2021, the Affidavit of Margot Phillips Loth, sworn to on the 24th day of November, the accompanying Affirmation of Austin

1

Graff, affirmed to on the 24th day of November 2021, the accompanying Memorandum of Law, and upon the copy of the Complaint hereto annexed, it is

     **ORDERED**, that the above named Defendants show cause before a motion term of this Court at Room \_\_\_, United States Courthouse, _____, _____, County of _____, State of New York on _____ \_\_\_\_\_, 2021 at _____ o'clock in the \_\_\_\_noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

     (a)    enjoining and restraining the New York City Fire Department from withholding pay from any and all New York City Fire Department officer who has failed to take a COVID-19 vaccine;

     (b)    enjoining and restraining the New York City Fire Department from withholding pay from any and all New York City Fire Department fire fighter who have failed to take a COVID-19 vaccine;

     (c)    enjoining and restraining the New York City Fire Department from withholding pay from any and all New York City Fire Department Emergency Medical Services employees who have failed to take a COVID-19 vaccine;

     (d)    enjoining and restraining the New York City Fire Department from disciplining, including but not limited to terminating any and all New York City Fire Department officer who has failed to take a COVID-19 vaccine without proffering charges and specifications and granting the New York City Fire Department officer a hearing on the charges;

     (e)    enjoining and restraining the New York City Fire Department from disciplining, including but not limited to terminating any and all New

York City Fire Department fire fighter who has failed to take a COVID-19 vaccine without proffering charges and specifications and granting the New York City Fire Department fire fighter a hearing on the charges;

(f)    enjoining and restraining the New York City Fire Department from disciplining, including but not limited to terminating any and all New York City Fire Department Emergency Medical Services employees who has failed to take a COVID-19 vaccine without proffering charges and specifications and granting the tenured principal a hearing on the charges;

and it is further

**ORDERED**, that, sufficient reason having been shown therefore, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants are temporarily:

(a)    enjoined and restrained the New York City Fire Department from withholding pay from any and all New York City Fire Department officers who have failed to take a COVID-19 vaccine and shall immediately restore all New York City Fire Department officers who have been placed on unpaid status because of their COVID-19 vaccination status to active pay status and restore their wages, benefits, including health benefits, and pension credits; and;

(b)    enjoined and restrained the New York City Fire Department from withholding pay from any and all New York City Fire Department fire fighters who have failed to take a COVID-19 vaccine and shall immediately restore all New York City Fire Department fire fighters who have been placed on unpaid status because of their COVID-19 vaccination

3

status to active pay status and restore their wages, benefits, including health benefits, and pension credits; and;

(c)     enjoined and restrained the New York City Fire Department from withholding pay from any and all New York City Fire Department Emergency Medical Services employees who have failed to take a COVID-19 vaccine and shall immediately restore all New York City Fire Department Emergency Medical Services employees who have been placed on unpaid status because of their COVID-19 vaccination status to active pay status and restore their wages, benefits, including health benefits, and pension credits; and

(d)     enjoined and restrained the New York City Fire Department from barring any New York City Fire Department employee from sitting for the Captain's test, scheduled for December 13, 2021, based upon the New York City Fire Department employee's COVID-19 vaccination status; and

(e)     enjoined and restrained the New York City Fire Department from disciplining, including but not limited to terminating any and all New York City Fire Department officers who have failed to take a COVID-19 vaccine without proffering charges and specifications and granting the New York City Fire Department officers a hearing on the charges, including, but not limited to the December 1, 2021 threat to unilaterally separate New York City Fire Department officers due to vaccination status; and

(f)     enjoined and restrained the New York City Fire Department from disciplining, including but not limited to terminating any and all New York City Fire Department fire fighters who have failed to take a COVID-19 vaccine without proffering charges and specifications and granting the New York City Fire Department fire fighters a hearing on the charges, including, but not limited to the December 1, 2021 threat to unilaterally

4

separate New York City Fire Department fire fighters due to vaccination status; and

(g)     enjoined and restrained the New York City Fire Department from disciplining, including but not limited to terminating any and all New York City Fire Department Emergency Medical Service employees who have failed to take a COVID-19 vaccine without proffering charges and specifications and granting the New York City Fire Department Emergency Medical Service employees a hearing on the charges, including, but not limited to the December 1, 2021 threat to unilaterally separate New York City Fire Department Emergency Medical Service employees due to vaccination status;

and its further

**ORDERED** that security in the amount of $\underline{0.00}$ be posted by the Plaintiffs prior to _____ _____, 2021, at _____ o'clock in the ___noon of that day; and it is further

**ORDERED,** that personal service of a copy of this Order, the Affidavit of _____, sworn to on the __ day of November 2021, the accompanying Affirmation of Austin Graff, affirmed to on the __ day of November 2021, the accompanying Memorandum of Law, and upon the copy of the Complaint hereto annexed on or before _____ o'clock in the ____noon, _____ ___, 2021 shall be deemed good and sufficient service thereof upon the Defendants.

Dated: _____, New York
Issued: _____

_____
United States District Judge

JA-61

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN GARLAND, *et al.*, on behalf of themselves
and all other similarly situated employees of the New
York City Fire Department,

                              Plaintiffs,

              -against-

NEW   YORK   CITY   FIRE   DEPARTMENT,
DANIEL A. NIGRO, in his official and individual
capacities, JOHN DOE #1-10, in their official and
individual capacities; and JANE DOE #1-10 in their
official and individual capacities,

                            Defendants.
-------------------------------------------------------------------X

**INDEX NO. _____**

**EMERGENCY
AFFIRMATION OF AUSTIN
GRAFF IN SUPPORT OF
THE PLAINTIFFS' MOTION
FOR A TEMPORARY
RESTRAINING ORDER AND
A PRELIMINARY
INJUNCTION**

**AUSTIN GRAFF**, an attorney admitted to practice law before this Court, who is not a party to this Actin, affirmed to be true under penalties of perjury says:

1.      I am associated with The Scher Law Firm, LLP, the attorneys for the Plaintiffs, in the above-entitled Action, and am familiar with the relevant facts and circumstances surrounding the allegations that comprise this litigation based upon the records maintained by my office regarding this matter. I submit this Affirmation in support of the Defendants' Motion for a Preliminary Injunction pursuant to FRCP Rule 65.

2.      On or about November 1, 2021, the Defendant NEW YORK CITY FIRE DEPARTMENT ("FDNY") suspended without pay all FDNY employees who did not receive a COVID-19 vaccination.  The FDNY employees, have statutory and constitutional rights to charges and a hearing pursuant to N.Y.C. Administrative Code. Yet, in violation of their statutory and constitutional rights to due process, the NYCDOE has suspended these NYCDOE employees from their jobs and suspended them without pay without any due process.

3.      In addition, the FDNY has set an arbitrary date of December 1, 2021 for the Plaintiffs, those FDNY employees who have not been vaccinated and who have either a statutory right to a hearing to get the vaccine or lose their job.  We are asking for emergency relief.

JA-62

4.     The Plaintiffs come to this Court seeking a Temporary Restraining Order and a Preliminary Injunction reinstating them to pay status since, as discussed in the accompanying Memorandum of Law, the Plaintiffs have a constitutional property interest in their pay.

5.     The Plaintiffs come to this Court seeking a Temporary Restraining Order and a Preliminary Injunction restraining and enjoining the FDNY from terminating the Plaintiffs from their jobs.  The Plaintiffs are asking for a Temporary Restraining Order and a Preliminary Injunction enjoining the FDNY from requiring the Plaintiffs and all others similarly situated from being terminating them on December 1.

6.     The Plaintiffs are asking for immediate relief because the Plaintiffs have been unconstitutionally placed on suspension without pay since November 1, 2021 and are faced with an arbitrary deadline of December 1, 2021 that if permitted to remain in place will violate their constitutional rights to due process.

7.     On November 24, 2021 by email, I provided notice to the FDNY, that the Plaintiffs will be filing the within Motion. See, **Exhibit B.**

8.     For the reasons argued in this Motion, the accompanying Affidavits, and in the accompanying Memorandum of Law, the Plaintiffs request a preliminary injunction be granted.

9.     The Plaintiffs rely upon the following exhibits in support of their Motion: **Exhibit A,** is a copy of the Complaint

10.    For the reasons argued in the accompanying Memorandum of Law, and the accompanying Affidavits, the Plaintiffs' Motion for an Injunction should be granted.

JA-63

**WHEREFORE,** the Plaintiffs respectfully request that the Court grant this Motion, as well as such other and further relief as may be just and proper.

Dated:      Carle Place, New York
              November 24, 2021

Austin Graff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOHN GARLAND, *et. al*, on behalf of themselves
and all other similarly situated employees of the New
York City Fire Department,

                             **Plaintiffs,**

                 -against-

NEW YORK CITY FIRE DEPARTMENT,
DANIEL A. NIGRO, in his official and individual
capacities, JOHN DOE #1-10, in their official and
individual capacities; and JANE DOE #1-10 in their
official and individual capacities,

                          **Defendants.**
--------------------------------------------------------------X

**INDEX NO. _____**

**AFFIDAVIT OF JOHN GARLAND IN SUPPORT OF THE PLAINTIFFS' MOTION**

STATE OF NEW YORK    )
                      ) ss.
COUNTY OF _____  )

     **JOHN GARLAND,** being duly sworn deposes and states under penalty of perjury that:

    1.    I am a Plaintiff in this Action. I have not received a COVID-19 vaccine. I am a fire fighter, member of Ladder 78, and an employee of the NEW YORK CITY FIRE DEPARTMENT ("FDNY"). I offer this Affidavit based upon my personal knowledge and conversations I have had with my fellow FDNY employees who have not received a COVID-19 vaccine.

    2.    I have attempted to grieve through the UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK LOCAL 94, I.A.F.F., AFL-CIO ("UFA"). The UFA has utterly refused to process any grievance for placing me on an unpaid leave status. *See,* **Exhibit 1**, a copy of the email communications with the UFA.

    3.    On November 16, 2021, I sent an email to ANDREW ANSBRO ("Ansbro"), the President of the UFA, asserting my statutory and contractual right to charges and a hearing before I am disciplined or suspended without pay. *See,* **Exhibit 1**.

JA-65

4.      In response, Ansbro stated that the UFA is fighting the FDNY on a contractual basis, stating "[t]he City created forced LWOP as a means to get around the contractual obligations.  We don't believe [sic] it's legal, and we will continue to fight."  **Exhibit 2**, a copy of the Ansbro's email.

5.      However, Ansbro stated that: "we want members to understand that there will come a time where the city will terminate you if you are not vaccinated. There is no guarantee of winning the lawsuit, the chances are little to none, most other unions have accepted the terms and it puts us in a bad position and it may take years to resolve.  Do not get fired, it will be irreversible.  At this time, the city has given us no indication of how this ends, because we refuse to sign an agreement that says we agree with you getting fired over this, because of that, we are in the dark.  I wish I had more answers, but I they aren't giving us any." **Exhibit 2.**

6.      I have actively pursued my grievance rights pursuant to the UFA's collective bargaining agreement with the FDNY, but the UFA has not permitted me to challenge the conduct of the FDNY that is unconstitutional, illegal, and a breach of the collective bargaining agreement.

7.      Based upon Ansbro's email it is clear that he believes that the discipline process is fixed and the FDNY will terminate me if I am not vaccinated.  Clearly, Ansbro, the President of UFA has no faith that I will receive due process as required by the New York City Administrative Code and the United States Constitution before I am terminated.

8.      Since the UFA has refused to process any grievance against the FDNY based upon the COVID-19 vaccine its members, namely FDNY fire fighters have not received constitutionally adequate process in the course of the deprivation of our property rights to our pay.

JA-66

9.     On behalf of the Plaintiffs and all others similarly situated, I am requesting that the Court grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction, restoring our pay and barring the FDNY from terminating our employment without due process.

John Garland

Sworn before me on this
____ day of November 2021

Notary Public

VINCENT R PERROTTA
Notary Public - State of New York
NO. 01PE6384377
Qualified in Richmond County
My Commission Expires Dec 10, 2022

3

JA-67

# EXHIBIT 1

JA-68

Case 1:21-cv-06586-KAM-CLP   Document 5-2   Filed 11/24/21   Page 5 of 8 PageID #: 37

| | |
|---|---|
| **From:** | John Garland |
| **To:** | aansboro@ufanyc.org; reustace@ufanyc.org; vspeciale@ufanyc.org; ebrown@ufanyc.org; mschreiber@ufanyc.com; Eric Bischoff FDNY; info@ufanyc.org |
| **Cc:** | John Garland |
| **Subject:** | Formal Grievance against the FDNY |
| **Date:** | Tuesday, November 16, 2021 3:28:40 PM |

To whom it may concern;

My name is John Garland, I am a member of Ladder 78.

I have a statutory and contractual right to charges and a hearing before I am disciplined or suspended without pay. I am asking the union to file a grievance against the FDNY for violating my constitutional, statutory and contractual rights.

Please confirm receipt of this message.

Thank you,
John Garland

JA-69

# EXHIBIT



**From:** Ansbro Andrew <AAnsbro@ufanyc.org>
**Date:** November 16, 2021 at 3:43:56 PM EST
**To:** John Garland <jjg385@aol.com>
**Cc:** John Garland <jjg385@aol.com>
**Subject: Re: Formal Grievance against the FDNY**


John,

This is the basis of our lawsuits against the City. We are already fighting it. The City created forced LWOP as a means to get around the contractual obligations. We don't beleive it's legal, and we will continue to fight.

However, we want members to understand that there will come a time where the city will terminate you if you are not vaccinated. There is no guarantee of winning the lawsuit, the chances are little to none, most other unions have accepted the terms and it puts us in a bad position and it may take years to resolve.

Do not get fired, it will be irreversible.

At this time, the city has given us no indication of how this ends, because we refuse to sign an agreement that says we agree with you getting fired over this, because of that, we are in the dark.

I wish I had more answers, but I they aren't giving us any.

-Andrew Ansbro

**From:** John Garland <jjg385@aol.com>
**Sent:** Tuesday, November 16, 2021 4:34:22 PM

JA-71

**To:** Ansbro Andrew <AAnsbro@ufanyc.org>
**Cc:** John Garland <jjg385@aol.com>
**Subject:** Formal Grievance against the FDNY

To whom it may concern;

My name is John Garland, I am a member of Ladder 78.

I have a statutory and contractual right to charges and a hearing before I am disciplined or suspended without pay. I am asking the union to file a grievance against the FDNY for violating my constitutional, statutory and contractual rights.

Please confirm receipt of this message.

Thank you,
John Garland

JA-72

UNITED STATES DISTRICT COURT

INDEX NO. _____

**AFFIDAVIT OF MARGOT
PHILLIPS LOTH IN SUPPORT
OF THE PLAINTIFFS'
MOTION**

EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

JOHN GARLAND, *et al*, on behalf of themselves
and all other similarly situated employees of the New
York City Department of Education,

Plaintiffs,

-against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL
A. NIGRO, in his official and individual capacities,
JOHN DOE #1-10, in their official and individual
capacities; and JANE DOE #1-10 in their official and
individual capacities,

Defendants.

--------------------------------------------------------------X

STATE OF NEW YORK                )
                                  ) ss.
COUNTY OF SUFFOLK                )

    **MARGOT PHILLIPS LOTH**, being duly sworn deposes and states under penalty of
perjury that:

    1. I am a Plaintiff in this Action. I have not received a COVID-19 vaccine. I am a
paramedic working for the Emergency Medical Services division of the NEW YORK CITY
FIRE DEPARTMENT ("FDNY"). I offer this Affidavit based upon my personal knowledge and
conversations I have had with my fellow FDNY employees who have not received a COVID-19
vaccine.

    2. I have been unpaid since November 1, 2021 because of my COVID-19 vaccination
status.

    3. I have spoken with my Union, DC37, and they are in the process of filing a grievance
challenging my suspension without pay that is based solely upon my COVID-19 vaccination
status.

    4. I have not received any charges or a hearing, which is my right pursuant to N.Y. City
Administrative Code § 15-113. I have been placed on leave without pay without any due process
in violation of my constitutional property right to my pay. I have not received due process before

I was suspended without pay in violation of my due process rights.

5. On behalf of the Plaintiffs and all others similarly situated, I am requesting that the Court grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction, restoring our pay and barring the FDNY from terminating our employment without due process.

Margot Phillips Loth

Sworn before me on this
24 day of November 2021

Notary Public

PATRICK LARSON
Notary Public - State of New York
No. 01LA6392988
Qualified in Nassau County
My Comm. Expires June 10, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN GARLAND, et. al, on behalf of themselves and
all other similarly situated employees of the New York
City Fire Department,

                                        Plaintiffs,

                  -against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL A.
NIGRO, in his official and individual capacities, JOHN
DOE #1-10, in their official and individual capacities;
and JANE DOE #1-10 in their official and individual
capacities,

                                     Defendants.
-----------------------------------------------------------------X

INDEX NO. _____

**AFFIDAVIT OF DAVID
BUTTON IN SUPPORT OF THE
PLAINTIFFS' MOTION**

STATE OF NEW YORK    )
                         ) ss.
COUNTY OF _____  )

     **DAVID BUTTON**, being duly sworn deposes and states under penalty of perjury that:

    1.    I am a Plaintiff in this Action. I have not received a COVID-19 vaccine. I am a fire fighter, member of Ladder 3, and an employee of the NEW YORK CITY FIRE DEPARTMENT ("FDNY"). I offer this Affidavit based upon my personal knowledge and conversations I have had with my fellow FDNY employees who have not received a COVID-19 vaccine.

    2.    On July 18, 2021 I responded to a fire in a high-rise apartment building for a fire in the basement. We quickly discovered the room engulfed with fire. I had the outside ventilation position. Once the room was discovered and there were no victims in that room my duties were to properly ventilate the smoke out of the basement, search for victims overcome by smoke in adjoining rooms and find the sprinkler shut off simultaneously.

    3.    I entered an unmarked door in the basement that was filled with smoke making it impossible to see. After entering the room approximately three feet I suddenly and

1

Scanned with CamScanner

unexpectedly fell five feet onto a concrete floor. I had 100 pounds of gear on and landed on top of my tools and other objects on the floor.

4.    I went to the emergency room and had blood in my urine, excruciating pain in my left knee, back and various other parts of my body.

5.    After leaving the emergency room I went to the FDNY medical office, they refused to give me an MRI, sent me to physical therapy and told me to come back in a few days.

6.    On my second visit I was still denied an MRI despite affirming to them that I need one.

7.    The third visit after a confrontational discussion the doctor at the Bureau of Health Services; I was finally approved for an MRI. The MRI showed I had a fractured knee and a torn ligament.

8.    I was immediately placed in an immobilizing knee brace, gave me crutches and stopped my physical therapy. It was three weeks after having blood in my urine, a fractured knee, torn ligament and them sending me to physical therapy until they approved an MRI.

9.    On October 18, 2021 I was taken off medical leave and put on light duty by the Bureau of Health Services.

10.   On November 1, 2021 I was put on LWOP due to the vaccine mandate.

11.   Today is November 22, 2021 I am still on LWOP and also not fully recovered from my knee injury.

2

Scanned with CamScanner

**JA-76**

12.     Four months after my injury took place it is uncertain whether or not I will need surgery or ever recover fully from the injury I sustained at a fire protecting the life and property of the citizens of New York City.

13.     Due to the lack of any negotiation from the city and lack of any information from the union I fear I will lose my medical benefits on December 1, 2021 even though I will still have injuries sustained from fighting fires in the City of New York.

14.     On behalf of the Plaintiffs and all others similarly situated, I am requesting that the Court grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction, restoring our pay, removing us from health insurance, and barring the FDNY from terminating our employment without due process.

David Button

Sworn before me on this
23rd day of November 2021

Notary Public

AMANDA D HALL
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Nassau County
01HA5393893
MY COMMISSION EXPIRES 08-05-2023

3

Scanned with CamScanner

**JA-77**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN GARLAND, *et. al*, on behalf of themselves
and all other similarly situated employees of the New          **INDEX NO.** _____
York City Fire Department,

                                  Plaintiffs,

             -against-                                **AFFIDAVIT OF**
                                       **CHRISTOPHER RAIMONDI**
                                       **IN SUPPORT OF THE**
NEW   YORK   CITY   FIRE   DEPARTMENT,        **PLAINTIFFS' MOTION**
DANIEL A. NIGRO, in his official and individual
capacities, JOHN DOE #1-10, in their official and
individual capacities; and JANE DOE #1-10 in their
official and individual capacities,

                                  Defendants.
-------------------------------------------------------------------X


STATE OF NEW YORK    )
                        ) ss.
COUNTY OF RICHMOND  )


      **CHRISTOPHER RAIMONDI**, being duly sworn deposes and states under penalty of

perjury that:


      1.    I am a Plaintiff in this Action. I have not received a COVID-19 vaccine. I am a

Lieutenant in the NEW YORK CITY FIRE DEPARTMENT ("FDNY"). I offer this Affidavit

based upon my personal knowledge and conversations I have had with my fellow FDNY

employees who have not received a COVID-19 vaccine.


      2.    I was on medical leave until November 5, 2021. When I was reinstated to light

duty on November 5, 2021, I was immediately placed on leave without pay ("LWOP") because of

my COVID-19 vaccination status. I have not received my pay since November 5, 2021.


      3.    I have not received any charges or a hearing, which is my right pursuant to N.Y.

City Administrative Code § 15-113. I have been placed on LWOP without any due process in

violation of my constitutional property right to my pay. I have not received due process before I

was suspended without pay in violation of my due process rights.


1

JA-78

    4.       On behalf of the Plaintiffs and all others similarly situated, I am requesting that the Court grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction, restoring our pay and barring the FDNY from terminating our employment without due process.

_____
Christopher Raimondi

Sworn before me on this
22ⁿᵈ day of November 2021

_____
Notary Public

MICHAEL PESSOLANO
Notary Public - State of New York
NO. 01PE6350461
Qualified in Richmond County
My Commission Expires Nov 7, 2024

**JA-79**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN GARLAND, *et al.*, on behalf of themselves
and all other similarly situated employees of the New
York City Fire Department,

$\qquad$ Plaintiffs,

-against-

NEW YORK CITY FIRE DEPARTMENT,
DANIEL A. NIGRO, in his official and individual
capacities, JOHN DOE #1-10, in their official and
individual capacities; and JANE DOE #1-10 in their
official and individual capacities,

$\qquad$ Defendants.
-------------------------------------------------------------------X

**INDEX NO. _____**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

THE SCHER LAW FIRM, LLP
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 746-5040

**JA-80**

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

POINT I.    STANDARD OF REVIEW FOR A PRELIMINARY
INJUNCTION........................................................................................................ 2

POINT II.   FDNY IS VIOLATING THE PLAINTIFFS' PROPERTY-
BASED PROCEDURAL DUE PROCESS CLAIM ............................................ 5

A.   Plaintiffs Have A Property Interest In Their Pay..................................................... 5

B.   Plaintiffs Have Not Received Constitutionally Adequate Process In
The Course Of The Deprivation ............................................................................ 6

POINT III.  FDNY IS VIOLATING THE PLAINTIFFS'
PROCEDURAL DUE PROCESS RIGHTS............................................................ 9

CONCLUSION.................................................................................................................... 12

**TABLE OF AUTHORITIES**

**Cases**

*Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985)........................................................ 3

*Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000)..................................................................................................................................... 3

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ........................................... 9, 11

*Matter of D'Angelo v. Scoppetta*, 19 N.Y.3d 663, 668 (2012).................................................. 10

*Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir 1984).............................................................. 8, 11

*Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir 1988) ................................................ 6, 7

*O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir 2005)............................................................... 5

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989) ........................................... 2, 3

*Tiernan v. Walsh*, 294 N.Y. 299, 304 (1945) .......................................................................... 10

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019) .............................................................. 5, 8

*Velez v. Levy*, 401 F.3d 75, 85 (2d Cir 2005) ............................................................................. 5

*Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) *cert. denied, Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020)........................................................................................................... 5, 8

**Regulations**

New York City Administrative Code, at § 15-113 ...................................................................... 7, 9

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Plaintiffs and all others similarly situated in this Action in support of their Motion, on an emergency basis, for a Temporary Restraining Order and Preliminary Injunction, enjoining the Defendant NEW YORK CITY FIRE DEPARTMENT ("FDNY") from violating the Plaintiffs' property interests and due process constitutional rights.

Since November 1, 2021, the FDNY has placed its employees who have failed to take a COVID-19 vaccine on an unpaid status or a Leave Without Pay ("LWOP") without providing the Plaintiffs due process before denying them the benefits of their property interests in their continued employment, which they are entitled to receive either because they have a right to charges and a hearing pursuant to N.Y.C. Administrative Code § 15-113.

The FDNY's financial pressure and the duress it has imposed upon the Plaintiffs and those similarly situated violates the Plaintiffs' 14th Amendment rights to due process because they have a property interest in their pay.

The FDNY's regulations state that after 30 days of being on leave, a member must turn in his/her badge and their department issued identification. Since, the Plaintiffs leave commenced on November 1, 2021, the 30 days under the FDNY's regulations ends on December 1, 2021.

In addition, not only has the FDNY suspended the Plaintiffs without pay without due process and have essentially threatened to terminate their employment on December 1, 2021, but the FDNY has barred any employee who has not taken the COVID-19 vaccine who is eligible to take the Captain's test, scheduled for December 13, from taking the test. The test has not been given in several years.

The FDNY is coercing the Plaintiffs into kowtowing to the FDNY while the FDNY violates the Plaintiff's constitutional rights.

1

The FDNY cannot, constitutionally or statutorily terminate the Plaintiffs from their jobs without due process when the employees have a right to have charges proffered against them and have a hearing before discipline is imposed pursuant to N.Y.C. Administrative Code § 15-113.

The FDNY has violated the Plaintiffs' constitutional rights. As a result, the Plaintiffs are seeking a mandatory injunction to restore the Plaintiffs to payroll and enjoin the FDNY from disciplining the Plaintiffs without proffering charges as against each affected person individually, and holding a hearing as against each affected person individually during which each of the Plaintiffs and all those similarly situated can defend themselves before a neutral hearing officer.

The FDNY has used the withholding of the Plaintiffs' pay (in violation of their constitutional rights) to put undue duress, pressure, and coercion upon them, which is wrongful. The FDNY has created economic hardships in order to obtain a desired outcome (COVID-19 vaccination), while at the same time has trampled all over the Plaintiffs' rights. The constitution must trump such maneuvers, and the rule of law must prevail to protect property interests, despite administrative convenience and vaccination policy objectives.

This Court should grant the Plaintiffs' requested relief to protect the Plaintiffs' due process and property interest rights.

**POINT I.      STANDARD OF REVIEW FOR A PRELIMINARY INJUNCTION**

The Second Circuit has set forth two standards of review for a District Court to analyze whether an injunction should issue. Both standards come from the Court's decision in *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir 1989).

The first standard states that

> [i]n general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground

2

for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

The second standard states that

where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d at 580.

In *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir 1985), the Court held

[w]here such is the case, an injunction is often deemed mandatory, rather than prohibitory, and a greater showing is required of the moving party. *See Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). In these circumstances, we have held that an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested," *Flintkote Co. v. Blumenthal*, 469 F. Supp. 115, 125-26 (N.D.N.Y.), *aff'd*, 596 F.2d 51 (2d Cir. 1979), or where "extreme or very serious damage will result" from a denial of preliminary relief, *Clune v. Publishers' Ass'n*, 214 F. Supp. 520, 531 (S.D.N.Y.), *aff'd*, 314 F.2d 343 (2d Cir. 1963). In sum, we have shown "greater reluctance to issue a mandatory injunction than a prohibitory injunction." *Hurley v. Toia*, 432 F. Supp. 1170, 1175 (S.D.N.Y.), *aff'd mem.*, 573 F.2d 1291 (2d Cir. 1977).

In *Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir 2000), the Court held

[i]n most cases, a party seeking a preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits

3

Case 23-663, Document 48, 08/01/2023, 3549860, Page93 of 242

or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir. 1999). In some cases, a significantly higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, i.e., "will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted).

The Plaintiffs can meet their heavy burden in this Motion.

The Plaintiffs are seeking affirmative relief injunction (or mandatory injunction), seeking to alter the status quo, restoring the Plaintiffs to payroll (*i.e.,* restoring their pay status, their benefits, and pension credits) and altering the deprivation of their property interests imposed upon them unilaterally by the FDNY. The Plaintiffs are also seeking a prohibitory injunction to stop the FDNY from disciplining, including terminating the Plaintiffs and all others similarly situated, without due process.

Here, the Plaintiffs are asking for a mandatory injunction, seeking to be placed back on payroll, since the FDNY improperly, illegally, and unconstitutionally placed them on LWOP, having deprived them of their property rights without due process.

Since the Plaintiffs can set forth clear and unambiguous violations of their constitutional rights, the Court should grant the Plaintiffs both (1) a mandatory injunction, reinstating the Plaintiff to pay status, and (2) a prohibitory injunction barring the FDNY from imposing disciplinary consequences upon the Plaintiffs without due process.

Accordingly, the Plaintiffs' requested relief should be granted.

4

JA-86

**POINT II.   FDNY IS VIOLATING THE PLAINTIFFS' PROPERTY-BASED PROCEDURAL DUE PROCESS CLAIM**

"In order to establish a [property-based] due process violation … plaintiff must show that state action deprived her of a property interest protected by the Fourteenth Amendment." *Velez v. Levy*, 401 F.3d 75, 85 (2d Cir 2005).

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir 2005).

**A.   Plaintiffs Have A Property Interest In Their Pay**

In this case because the Plaintiffs, and those similarly situated, have been suspended without pay, they have been deprived of a protected property interest.

> [A]n employee who is placed on *unpaid* leave has been deprived of a protected property interest, but "an employee who is on leave and receiving his normal salary" has not. *O'Connor*, 426 F.3d at 199. And this remains so even though the employee is required to draw upon leave accruals, such as sick leave, to maintain that salary." As long as the employee is receiving a paycheck equivalent to his normal salary, that the employee is drawing down his sick leave is a bookkeeping entry with no pecuniary effect." *Id.* at 200. Such an employee has only been deprived of a property interest triggering due process when "he suffers a financial loss because of that leave's unavailability," *e.g.*, when the employee runs out of leave accruals while still on leave. *Id* at 199.

*Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir 2019).

In *Waronker v. Hempstead Union Free Sch. Dist.*, 788 F.App'x 788, 793 (2d Cir. 2019) *cert. denied*, *Waronker v Hempstead Union Free Sch. Dist.*, 140 S.Ct 2669 (2020) the Court held:

5

> In this case, Waronker's property-based procedural due process claim rests on the Board's decision to place him on a paid administrative leave of absence. Under this Circuit's precedents, however, an employee who is suspended is not deprived of a protected property interest "[so] long as the employee is receiving a paycheck equivalent to his normal salary." *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019) (internal quotation marks omitted). Thus, while "an employee who is placed on unpaid leave has been deprived of a protected property interest," an employee who is placed on paid leave "has only been deprived of a property interest triggering due process when he suffers a financial loss." *Id.* (emphasis omitted) (internal quotation marks omitted). Waronker does not assert, either in his complaint or on appeal, that he was paid less than his full salary while on administrative leave. His suspension therefore does not provide an adequate basis for his procedural due process claim.

The Plaintiffs in this Action are receiving no compensation, no paycheck equivalent to their normal salary and are suffering in this manner without any due process.  Accordingly, the Plaintiffs have been deprived of their protected property interest in their pay.

**B.     Plaintiffs Have Not Received Constitutionally Adequate Process In The Course Of The Deprivation**

"*If* a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process.  The second step of the analysis thus asks what process was due to the plaintiff, and inquires whether that constitutional minimum was provided in the case under review." *Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir 1988).

The Plaintiffs have not received any due process and have no access to any review process. The Plaintiffs' unions, have utterly refused to process any grievances for placing the Plaintiffs on an unpaid leave status this entire time.  *See,* Affidavit of John Garland, sworn to on the 22nd day of November 2021, at ¶¶ 2 through 4 ("Garland Affidavit").  *See also,* **Exhibits 1 and 2 to Garland Affidavit**, a copy of the email communications with Andrew Ansbro, President of the Uniformed Firefighters Association.

6

Unlike the plaintiff in *Narumanchi* who "refused to avail himself of the grievance procedures established in the collective bargaining agreement between his union and his employer" the Plaintiffs' unions have refused to process grievances challenging the FDNY's unilateral decision to suspend the Plaintiffs and others similarly situated without pay before granting the Plaintiffs and others similarly situated due process. *Narumanchi v. Bd. of Trustees*, 850 F.2d at 71. *See,* **Exhibit 1 and 2 to the Garland Affidavit**. *See also,* Garland Affidavit, at ¶¶ 2 through 5.

The New York City Administrative Code, at § 15-113 states:

> Officers and members of the uniformed force shall be removable only after written charges shall have been preferred against them, and after the charges shall have been publicly examined into, upon such reasonable notice of not less than forty-eight hours to the person charged, and in such manner of examination as the rules and regulations of the commissioner may prescribe. The examination into such charges and trial shall be conducted by the commissioner, a deputy commissioner or other person designated by the commissioner in writing for that purpose; but no decision shall be final or be enforced until approved by the commissioner.

While the Plaintiffs acknowledge the power of the Defendant DANIEL A. NIGRO ("Nigro") as Commissioner to ultimately decide the penalty for the FDNY employees' offense (N.Y.C. Administrative Code § 15-113), the Plaintiffs, FDNY officers and members of the uniformed force, are entitled to a hearing before a suspension without pay can be imposed.

In fact, Nigro is limited in the forms of discipline he can impose to "reprimand, forfeiture and withholding of pay for a specified time, or dismissal from the force; but not more than ten days' pay shall be forfeited and withheld for any offense." N.Y.C. Administrative Code § 15-113.

The Plaintiffs have now had their pay withheld for approximately twenty-three days without a hearing and without a "conviction of a member of the force of any legal offense or neglect of duty, or violation of rules, or neglect or disobedience of orders or incapacity, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or

conduct unbecoming an officer or member, or other breach of discipline...."   N.Y.C. Administrative Code 15-113.  *See,* Affidavit of David Button ("Button Affidavit"), at ¶¶ 10 and 11.  *See,* Affidavit of Christopher Raimondi, sworn to on the 22ⁿᵈ day of November 2021, at ¶ 2. *See,* Affidavit of Margot Phillips Loth, sworn to on the 24ᵗʰ day of November 2021, at ¶ 2.

Accordingly, the Plaintiffs have not received constitutionally adequate process in the course of the deprivation of their property rights to their pay.

The FDNY has trampled upon the constitutional rights of its employees that have failed to take the COVID-19 vaccine.  The FDNY has put undue financial duress and stress on its employees when, during the COVID crisis, the same government officials were praising the FDNY employees for their hard work and dedication to the public during the heights of the COVID pandemic.

Now, just months later, the FDNY and the government officials are using the employees' pay as a weapon to make these hard-working men and women kowtow to a vaccine mandate without any consideration for the employees' constitutional right to their pay.  *See, Tooly v. Schwaller,* 919 F.3d at 173; *Waronker v. Hempstead Union Free Sch. Dist.,* 788 F.App'x at 793.

Now, the FDNY is ready to turn its back on those who are not consenting to become vaccinated, for reasons particularly personal to each of them, who are constitutionally and statutorily protected from such unilateral actions regardless of due process.  Constitutional rights are not to be trampled in this manner.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.  *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir 1984) (internal quotation marks omitted).

8

Case 23-663, Document 48, 08/01/2023, 3549860, Page98 of 242

The Plaintiffs have a high likelihood of success on the merits of their 42 U.S.C. § 1983 causes of action (**Exhibit A**, a copy of the Complaint (without exhibits)) and therefore should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

## POINT III.   FDNY IS VIOLATING THE PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS

The Plaintiffs and others similarly situated have been suspended without any due process. The FDNY simply removed the Plaintiffs and all others similarly situated from their positions without notice, charges, or a hearing.  The FDNY is disciplining the Plaintiffs and all others similarly situated without providing the Plaintiffs and others similarly situated their procedural due process rights.

The Plaintiffs and all other similarly situated have had their constitutional rights to their jobs violated by the FDNY.  The Plaintiffs and all others similarly situated are entitled to certain minimum processes to protect their rights.

"The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

The FDNY has violated the Plaintiffs' constitutional rights to due process by suspending them from their FDNY job without any charges or an opportunity for a hearing.

The New York City Administrative Code, at § 15-113 states:

> Officers and members of the uniformed force shall be removable only after written charges shall have been preferred against them, and after the charges shall have been publicly examined into, upon such reasonable notice of not less than forty-eight hours to the person charged, and in such manner of examination as the rules and

9

> regulations of the commissioner may prescribe. The examination
> into such charges and trial shall be conducted by the commissioner,
> a deputy commissioner or other person designated by the
> commissioner in writing for that purpose; but no decision shall be
> final or be enforced until approved by the commissioner.

The FDNY has failed to comply with the Administrative Code section because no Plaintiff and no other similarly situated FDNY employee who has been suspended without pay because of their COVID-19 vaccination status, has received written charges nor has any Plaintiff or other similarly situated FDNY employee who has been suspended without pay because of their COVID-19 vaccination status been granted a hearing before they were suspended.

Accordingly, the Court should issue a Temporary Restraining Order and a Preliminary Injunction to stop the FDNY's unconstitutional conduct.

In *Tiernan v. Walsh*, 294 N.Y. 299, 304 (1945), the Court, interpreting a prior incarnation of N.Y.C. Administrative Code § 15-113, held:

> We read the Code provision last quoted above as affording a hearing
> to a member of the Fire Department before a penalty may be
> imposed. Although the section does not in express terms provide
> for a hearing, provision is made that the punishment or penalty for
> any offense may be imposed only "on conviction" of a member of
> the force. The use of the phrase "on conviction", we think, imports
> a trial or hearing as a necessary incident to a disciplinary proceeding.

In *Matter of D'Angelo v. Scoppetta*, 19 N.Y.3d 663, 668 (2012), the Court stated that the FDNY did "not dispute that Administrative Code § 15-113 requires a hearing before its members are subject to punishment by reprimand."

The constitutional and statutory protections that an FDNY officer and members of the uniformed force possesses have been ignored, trampled upon, and violated by the FDNY when the Plaintiffs and all others similarly situated were suspended from their positions without due process because they failed to take a COVID-19 vaccine.

.

10

**JA-92**

In fact, the FDNY's regulations make December 1, 2021 a deadline that puts at risk the Plaintiffs' continued employment with the FDNY.

The Court should grant a Temporary Restraining Order and a Preliminary Injunction enjoining the FDNY from acting on its threats to do so on December 1, 2021.

The FDNY has shown no regard for the Plaintiffs' due process rights. The FDNY has suspended all of the Plaintiffs and all others similarly situated without providing the Plaintiffs the minimum level of due process as required by the United States Supreme Court in *Cleveland Bd. of Educ.*, namely "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. at 546.

This Court should grant the Plaintiffs a Temporary Restraining Order and a Preliminary Injunction to protect the Plaintiffs from irreparable harm.

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *Mitchell v. Cuomo*, 748 F.2d at 806 (internal quotation marks omitted).

The Plaintiffs have a high likelihood of success on the merits of their 42 U.S.C. § 1983 causes of action (**Exhibit A**) and therefore should be granted the relief they request.

Accordingly, the Plaintiffs' Motion should be granted.

11

**CONCLUSION**

For the reasons argued in this Memorandum of Law, the Garland Affidavit, the Button Affidavit, the Raimondi Affidavit, the Loth Affidavit, and the Complaint, the Plaintiffs' Motion should be granted and the Plaintiffs' constitutional rights should be restored forthwith.

Dated:          Carle Place, New York
                November 24, 2021

Respectfully submitted

THE SCHER LAW FIRM, LLP

Austin Graff, Esq.
*Attorneys for the Plaintiffs*
One Old Country Road, Suite 385
Carle Place, New York 11514
(516) 7460-5040

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOHN GARLAND, VINCENT A. BOTTALICO,
TIMOTHY A. HETON, JOSEPH BEVILACQUA,
JOSEPH CICERO, JOSEPH COLUMBIA, ANDREW
COSTELLO, JAMES DANIEL DALY III, VINCENT
DEFONTE, KENNETH DEFOREST, SALVATORE
DEPAOLA, BRIAN DOYLE, NATHAN EVANS,
CHRISTOPHER FILOCAMO, KEVIN GARVEY,
CHARLES GUARNEIRI, DANIEL J. OSHEA,
MARGOT LOTH, MICHAEL LYNCH, DENNIS
O'KEEFFE, BRIAN PATRICK SMITH, KURT
PFLUMM, CHRISTOPHER RAIMONDI, PAUL
SCHWEIT, JOSEPH T. JOHNSON, DAVID BUTTON,
PAUL PARR, MARK SINCLAIR, DANIEL
BAUDILLE, JOHN DREHER, THOMAS OLSEN,
GIUSEPPE ROBERT PENORO, MATTHEW
CONNOR, NICHOLAS MULLIGAN, RANDALL
SANTANA, ANTHONY PERRONE, SCOTT
ETTINGER, ANTHONY MASTROPIETRO,
RASHAAD TAYLOR, ANTHONY RUGGIERO,
JOSEPH MURDOCCA, KEITH KLEIN, PAUL
VASQUENZ, MARK HENESY, RYAN K. HALL,
JUDE PIERRE, MICHELLE SANTIAGO, ROBERT
DITRANI, BRIAN T. DENZLER, MICHAEL
MCGOFF, on behalf of themselves and all other
similarly situated employees of the New York City Fire
Department,

                                 Plaintiffs,

                  -against-

NEW YORK CITY FIRE DEPARTMENT, DANIEL A.
NIGRO, in his official and individual capacities, JOHN
DOE #1-10, in their official and individual capacities;
and JANE DOE #1-10 in their official and individual
capacities,

                                 Defendants.
-------------------------------------------------------------------------X

INDEX NO.   __21-cv-6586__

ORDER TO SHOW CAUSE

      Upon the Affidavit of John Garland, sworn to on the 22nd day of November 2021, the

Affidavit of David Button, sworn to on the 23rd day of November 2021, the Affidavit of

Christopher Raimondi, sworn to on the 22nd day of November 2021, the Affidavit of Margot

Phillips Loth, sworn to on the 24th day of November, the accompanying Affirmation of

Austin Graff, affirmed to on the 24th day of November 2021, the accompanying

1

Memorandum of Law, and upon the copy of the Complaint hereto annexed, it is

     **ORDERED,** that personal service on all named Defendants of a copy of this Order, the Affidavit of John Garland, sworn to on the 22nd day of November 2021, the Affidavit of David Button, sworn to on the 23rd day of November 2021, the Affidavit of Christopher Raimondi, sworn to on the 22nd day of November 2021, the Affidavit of Margot Phillips Loth, sworn to on the 24th day of November, the accompanying Affirmation of Austin Graff, affirmed to on the 24th day of November 2021, the accompanying Memorandum of Law, and of the Summons and Complaint on or before **9:00 AM, Friday, November 26, 2021,** shall be deemed good and sufficient service thereof upon the Defendants.

     **ORDERED,** that Defendants shall respond to the Order to Show Cause via ECF by **Monday, November 29, 2021, at 5:00 PM** and Plaintiffs shall file any reply via ECF by **Tuesday, November 30, 2021, at 9:00 AM**.  All parties are required to send two bound courtesy copies of all papers relating to Plaintiffs' motion for preliminary injunction/temporary restraining order, including but not limited to all related declaration, affidavits, exhibits, and memoranda of law, to chambers.  Courtesy copies of Plaintiffs' motion papers, if not already sent, should be sent, via FedEx or messenger, to Judge Matsumoto's chambers by **Friday, November 26, 2021, at 12:00 PM**.  Courtesy copies of Defendants' response papers should be sent to chambers, via FedEx or messenger, to chambers by **Monday, November 29, 2021, at 5:00 PM**.  Courtesy copies of Plaintiffs' reply papers, if any, should be sent to chambers by **Tuesday, November 30, 2021, at 9:00 AM**.

     **ORDERED** that security in the amount of $0.00 be posted by the Plaintiffs; and it is further

**ORDERED**, that counsel for the above named Plaintiffs and Defendants appear for a hearing before this Court, with their clients if they choose to present testimony, at Courtroom 6C South, United States Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, County of Kings County, State of New York on **Tuesday, November 30, 2021 at 3:00 PM** thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure regarding the Plaintiffs' requested relief. Counsel and their clients shall observe all COVID-19 protocols within the Courthouse and shall notify the Court via ECF by **3:00 PM on Monday, November 29, 2021**, whether they will present witness testimony at the hearing, and if so, they shall provide the names of all witnesses.

Dated: November 24, 2021                    */s/ Kiyo A. Matsumoto*
Issued: Brooklyn, NY                          United States District Judge

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOHN GARLAND, et al., on behalf of themselves and all
other similarly situated employees of the New
York City Fire Department,

No. 21 Civ. 6586 (KAM)(CP)

Plaintiffs,

- against -

NEW YORK CITY FIRE DEPARTMENT, DANIEL A.
NIGRO, in his official and individual capacities, JOHN
DOE #1-10, in their official and individual capacities; and
JANE DOE #1-10 in their official and individual
capacities,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS NEW YORK CITY FIRE DEPARTMENT AND DANIEL NIGRO'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUNCTION**

**GEORGIA M. PESTANA**
Corporation Counsel of the City of New York
Attorney for Defendants FDNY and Nigro
100 Church Street
New York, New York 10007

Of counsel:  Andrea O'Connor
                    Ivan Mendez

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ...................................... ..................................... 1

STATEMENT OF FACTS ............................................................................... 5

ARGUMENT ............................................................................................. 12

    A.    PLAINTIFFS FAIL TO NAME NECESSARY PARTIES ................................ 12

    A.    PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE DC 37 AGREEMENT ......................................... 13

    B.    PLAINTIFFS SEEK A MANDATORY INJUNCTION, AND FAIL TO MEET THE ASSOCIATED BURDEN ...................................... 14

    C.    PLAINTIFFS DO NOT MEET THE STANDARD FOR A PRELIMINARY INJUNCTION ........................................ 15

    D.    PLAINTIFFS CANNOT SHOW IRREPARABLE HARM ............................... 16

    E.    PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS ................................................................ 21

    F.    THE BALANCE OF EQUITIES DOES NOT TIP IN FAVOR OF PLAINTIFFS ................................................. 28

    G.    AN INJUNCTION IS NOT IN THE PUBLIC INTEREST ............................... 29

CONCLUSION .......................................................................................... 30

## TABLE OF AUTHORITIES

Page(s)

**Cases**

14 Penn Plaza LLC v. Pyett,
556 U.S. 247 (2009)........................................................................................14

Abdul Wali v. Coughlin,
754 F.2d 1015 (2d Cir. 1985)..........................................................................14

Adrian v. Bd. of Ed.,
92 A.D.3d 1272 (4th Dep't 2012), leave to appeal granted, 19 N.Y.3d 804
(2012).............................................................................................................23, 24

Almontaser v. N.Y. City Dep't of Educ.,
519 F.3d 505 (2d Cir. 2008)............................................................................16

Berlyn v. Board of Ed. of E. Meadow Union Free Sch. Dist.,
435 N.Y.S.2d 793 (2d Dep't 1981), aff'd 55 N.Y.2d 912 (1982) .....................14

Broecker, et al. v. New York City Department of Education, et al.,
Docket No. 21 CV 6387(KAM)(LB).....................................................4, 15, 18, 20, 29

Brown & Williamson Tobacco Corp. v. Engman,
527 F.2d 1115 (2d Cir. 1975)..........................................................................28

Brown v. Bd. of Educ.,
2009 N.Y. Misc. LEXIS 5475 (Sup. Ct. N.Y. Co. July 22, 2009).....................23

Buckley v. N.Y. & Presbyterian Hosp.,
No. 21 Civ. 7864 (LTS), 2021 U.S. Dist. LEXIS 181135 (S.D.N.Y. Sep. 21,
2021) ............................................................................................................19

C.f. Matter of Brown v. Bd. of Educ. of City Sch. Dist. of City of N.Y.,
2009 NY Slip Op 31687(U) (Sup. Ct., N.Y. Co. 2009)...................................23, 24

Candelario v. City of New York,
539 Fed. App'x 17 (2d Cir. 2013)...................................................................13

Capul v. City of N.Y.,
No. 19 Civ. 4313 (KPF), 2020 U.S. Dist. LEXIS 92727 (S.D.N.Y. May 27,
2020), aff'd 832 Fed. App'x. 766 (2d Cir. 2021) ............................................25

Citibank, N.A. v. Citytrust,
756 F.2d 273 (2d Cir. 1985)..........................................................15, 16, 17, 18

City School District v. McGraham,
  17 N.Y.3d 917 (2011) .................................................................................24

Cornejo v. Bell,
  592 F.3d 121 (2d Cir. 2010)........................................................................21

Dechberry v. N.Y.C. Fire Dep't,
  124 F. Supp. 3d 131 (E.D.N.Y. 2015) .........................................................21

Doninger v. Niehoff,
  527 F.3d 41 (2d Cir. 2008)..........................................................................16

Donohue v. Mangano,
  886 F. Supp. 2d 126 (E.D.N.Y. 2012) .........................................................19

E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of the Elec. Indus.,
  164 F.3d 89 (2d Cir. 1998)..........................................................................20

Faiveley Transp. Malmo AB v. Wabtec Corp.,
  559 F.3d 110 (2d Cir. 2009)........................................................................16

Felix v. Dep't of Citywide Admin. Servs.,
  3 N.Y.3d 498 (2004) ...................................................................................24

Ford v. Reynolds,
  316 F.3d 351 (2d Cir. 2003)........................................................................19

Guitard v. United States Sec'y of Navy,
  967 F.2d 737 (2d Cir. 1992)........................................................................19

Holt v. Continental Group,
  708 F.2d 87 (2d Cir. 1983), cert. denied, 465 U.S. 1030 (1984) ................19

Impax Media Inc. v. Northeast Adver. Corp.,
  No. 17 Civ. 8272, 2018 U.S. Dist. LEXIS 4940 (S.D.N.Y. Jan. 10, 2018)............16

J.S. v. T'Kach,
  714 F.3d 99 (2d Cir. 2013)..........................................................................21

Jayaraj v. Scappini,
  66 F.3d 36 (2d Cir. 1995).............................................................................21

JSG Trading Corp. v. Tray-Wrap, Inc.,
  917 F.2d 75 (2d Cir. 1990)....................................................................17, 18

Kane v. de Blasio,
  21 Civ. 7863 (S.D.N.Y.) (VEC)................................................................3, 8

Keil v. The City of New York, et al.,
    21 Civ. 8773 (SDNY)(VEC)................................................................3, 8

Le Sportsac, Inc. v. Dockside Research, Inc.,
    478 F. Supp. 602 (S.D.N.Y. 1979) ......................................................17

MacFall v. City of Rochester,
    495 F. App'x 158 (2d Cir. 2012) ......................................................21, 22

Maniscalco v. N.Y. City Dept. of Educ.,
    No. 21 Civ.5055 (E.D.N.Y.) (BMC)..................................................3, 8

Maniscalco v. N.Y. City Dept. of Educ.,
    No. 21-cv-5055 (E.D.N.Y.) .................................................................8

Martz v. Inc. Vill. of Valley Stream,
    22 F.3d 26 (2d Cir. 1994)..................................................................22

McPherson v. New York City Dep't of Educ.,
    457 F.3d 211 (2d Cir. 2006)..............................................................22

Moore v. Consol. Edison Co. of N.Y., Inc.,
    409 F.3d 506 (2d Cir. 2005)..............................................................19

N.Y.C. Mun. Labor Comm. v. City of N.Y.,
    2021 NY Slip Op 21260 (Sup. Ct.).....................................................20

Narumanchi v. Bd. of Trustees of Conn. State Univ.,
    850 F.2d 70 (2d Cir. 1988)................................................................25

New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82
    v. Cuomo,
    64 N.Y.2d 233 (1984) .......................................................................22

Matter of New York State Off. of Children & Family Servs. v. Lanterman,
    14 N.Y.3d 275 (2010) .......................................................................24

Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr.,
    697 F.3d 209 (2d Cir. 2012)..............................................................20

O'Connor v. Board of Education,
    48 A.D.3d 1254 (4th Dept. 2008) lv. denied 10 N.Y.3d 928 (2008)................23, 24

Olabopo v. Gomes,
    2016 U.S. Dist. LEXIS 134521 (E.D.N.Y. September 28, 2016).....................13, 14

Patsy v. Bd. of Regents of Fla.,
    457 U.S. 496 (1982)..........................................................................25

Police Benevolent Association of the City of New York, Inc., et al. v. de Blasio,
et al.,
Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.) ...................................................3

Roman Catholic Diocese v. Cuomo,
141 S. Ct. 63 (2020)...........................................................................................28

Sampson v. Murray,
415 U.S. 61 (1974)........................................................................................17, 18

Score, Inc. v. Cap Cities/ABC, Inc.,
724 F. Supp. 194 (S.D.N.Y. 1989) .......................................................................17

In the matter of the Application of Andrew Ansbro, as President of the Uniformed
Firefighters Association v. de Blasio, et al.,
Index No. 159738/2021 (N.Y. Sup, N.Y. Cnty) .............................................3, 11

The New York City Municipal Labor Committee ("MLC"), et al. v. The City of
New York, et al.,
Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.) ......................................3, 8, 20

Tom Doherty Assocs. v. Saban Entm't, Inc.,
60 F.3d 27 (2d Cir. 1995)..............................................................................15, 16

Tough Traveler, Ltd. v. Outbound Prod.,
60 F.3d 964 (2d Cir. 1995)..................................................................................17

Trump v. Deutsche Bank AG,
943 F.3d 627 (2d Cir. 2019), rev'd on other grounds, __U.S.__, 140 S.Ct.
2019 (2020) .........................................................................................................27

We the Patriots USA, Inc. v. Hochul,
Nos. 21-2179, 21-2566, 2021 U.S. App. LEXIS 32880 (2d Cir. Nov. 4, 2021) ....................23

Weinberger v. Romero-Barcelo,
456 U.S. 305 (1982)............................................................................................27

Winter v. Natural Res. Def. Council, Inc.,
555 U.S. 7 (2008)..........................................................................................16, 27

Wisdom Imp. Sales Co. v. Labatt Brewing Co.,
339 F.3d 101 (2d Cir. 2003)................................................................................19

Zinermon v. Burch,
494 U.S. 113 (1990)............................................................................................21

**Statutes**

ADA .................................................................................................................22

Civil Service Law § 75 ......................................................................22, 23, 24, 25

Education Law § 3020-a .............................................................................23, 24

Misc. N.Y. .........................................................................................................24

N.Y. Labor Law § 27-a ......................................................................................22

Rehabilitation Act, and Other EEO Laws...........................................................22

**Other Authorities**

"About Your Union" available at https://www.uft.org/your-union/about-uft; ...............................9

Emergency Executive Order No. 98 ...................................................................6

Emergency Executive Order No. 225 .................................................................7

Executive Order No. 78 ................................................................................8, 9

https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-
        rehabilitation-act-and-other-eeo-laws ..................................................22

https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-
        requirement-doe-3.pdf. The DOE ...................................................7, 8

New York City Administrative Code § 15-113 .......................................22, 23, 24, 25

New York City Charter Section 487(a) ..........................................................22, 23

New York State Constitution Article 8, Section 1 ..............................................28

NYC COVID-19 Data and Trends available at
        https://www1.nyc.gov/site/doh/covid/covid-19-data-totals.page ..................6, 7

Rule 12(b)(7)......................................................................................................13

Rule 19 ..............................................................................................................13

United States Constitution Fourteenth Amendment .............................................4

**PRELIMINARY STATEMENT**

On October 20, 2021 the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), David A. Chokshi, issued a Commissioner's Order ("COH Order") requiring all New York City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021.[1]  The COH Order provides compelling grounds for mandating the vaccination of City employees against COVID-19, citing the emergence of "variants of concern" that presently make up most COVID-19 cases in New York City and, troublingly, are more transmissible than earlier variants.  No less an authority than the U.S. Centers for Disease Control ("CDC") has acknowledged the threat presented by such variants and, moreover, has stated that vaccination is an effective tool to prevent the spread of COVID-19 variants and the development of new variants, benefitting both vaccine recipients and those with whom they have contact. Thus, the COH Order is fully premised on potentially saving lives, protecting public health, and promoting public safety.

The COH Order, as well as a nearly identical DOHMH order applicable to employees of the New York City Department of Education ("DOE") ("DOE Vaccine Mandate"), has been the subject of repeated legal challenges brought in state and federal court.  See Police Benevolent Association of the City of New York, Inc., et al. v. de Blasio, et al., Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.) (COH Order); In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al., Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty) (COH Order); see also Maniscalco v. N.Y. City Dept. of

---

[1] As noted in the DOHMH Order, due to a staff shortage in Department of Correction ("DOC") facilities, the vaccination requirement for DOC uniformed personnel not assigned to posts in healthcare settings is delayed until December 1, 2021.

Educ., No. 21 Civ.5055 (E.D.N.Y.) (BMC);  Kane v. de Blasio, 21 Civ. 7863 (S.D.N.Y.) (VEC)

(vaccine mandate as applied to DOE employees); Keil v. The City of New York, et al., 21 Civ.

8773 (SDNY)(VEC)(same); The New York City Municipal Labor Committee ("MLC"), et al. v.

The City of New York, et al., Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.)(same).  The most

recent challenge to the enforcement of the DOE Vaccine Mandate was brought before this Court

by the same counsel as the plaintiffs herein just last week in Broecker, et al. v. New York City

Department of Education, et al., Docket No. 21 CV 6387(KAM)(LB).

     Plaintiffs in these challenges have sought to enjoin the enforcement of the COH

Order and the DOE Vaccine Mandate.  Time and again the respective Court denied the plaintiffs'

application for a temporary restraining order and/or preliminary injunction seeking to enjoin the

mandate, finding, among other things, that plaintiffs had not shown the likelihood of success on

the merits.  As such, there can be no debate that the COH Order is itself sound and enforceable.

     Plaintiffs are employees of the New York City Fire Department ("FDNY") who

seek to represent themselves and a class of other FDNY employees who oppose the COH Order

and the consequences for failure to comply with it.  Plaintiffs claim that requiring COVID-19

vaccination as a qualification of employment for FDNY employees interferes with their

procedural due process rights under the Fourteenth Amendment of the United States

Constitution.  Plaintiffs now seek—four weeks after the deadline for employees to show proof of

vaccination—a preliminary, and mandatory, injunction that would prohibit FDNY from taking

any action stemming from plaintiffs' refusal to comply with the lawful COH Order and that

would disrupt the status quo by requiring FDNY to return Plaintiffs to FDNY payroll.

     While this motion is couched as a constitutional claim, Plaintiffs are actually

contending that a duly authorized government authority, namely, DOHMH, has no ability to

Case 23-663, Document 48, 08/01/2023, 3549860, Page114 of 242

impose requirements of employment in response to a public health emergency. This is simply incorrect. The COH Order – which has been repeatedly upheld as lawful – provides that "[a]ny City employee who has not provided the proof described in Paragraph 2 must be excluded from the premises at which they work beginning on November 1, 2021." The consequence of this order is that those FDNY employees who are unwilling to be vaccinated – and have not obtained an exemption or reasonable accommodation with respect to the mandate – are no longer permitted to perform work for the City. As explained below, it is well-established that government authorities are entitled to establish lawful employment requirements, such as holding a particular license or a residency requirement, and an employee's failure to adhere to these requirements permits their summary separation from service. Plaintiffs have not complied with the lawful COH Order, and, absent exemption from the vaccination mandate, the FDNY is prohibited from permitting them to work for the FDNY.

Putting aside the validity of the COH Order, and the ample scientific and legal justifications for the same, Plaintiffs' request for a preliminary injunction must be denied for the simple reason that they have not demonstrated irreparable harm. Plaintiffs, by their own admission, were taken off FDNY payroll on November 1, 2021, four weeks before seeking affirmative injunctive relief returning them to payroll. Thus, as this Court previously recognized just last week in analogous circumstances created by the same counsel, Plaintiffs' own inaction and delays in seeking injunctive relief belie the purported emergency relief sought here.

In addition, the allegedly irreparable harm articulated here—loss of salary and employment—is precisely the sort of harm that the Second Circuit has repeatedly held to be insufficient to justify injunctive relief.

Critically, **nine** plaintiffs[2] – by their own admission - have been restored to payroll after having been placed on Leave Without Pay ("LWOP") for a brief period of time. Further, **47 of the 48** plaintiffs[3] have requests for accommodations to be exempt from the COH Order pending with FDNY's Equal Employment Opportunity Office ("EEO"). As fully detailed below, in the event these requests are granted, these plaintiffs will be restored to payroll and paid back pay for the period of time they were on LWOP. If their requests are denied, plaintiffs have seven days to appeal that determination via a Citywide appeals process.

Also with respect to irreparable harm, while an alleged deprivation of a Constitutional right can suffice to show irreparable harm, that finding is not automatic. Indeed, in order for an alleged Constitutional violation to be deemed "irreparable," the plaintiff must show that the constitutional violation is convincingly shown **and** the violation results in non-compensable damages. Here, any alleged damage flowing from the purported violation is undisputedly compensable.

Finally, the claims on which the preliminary injunction request are premised (which rely exclusively on a novel procedural due process theory), are unlikely to succeed on the merits. Because of that, and the other reasons set forth below, Plaintiffs meet none of the requirements for a preliminary injunction. Therefore, Defendants respectfully submit that Plaintiffs' application for a preliminary, and mandatory, injunction must be denied in its entirety.

---

[2] Plaintiffs Bottalico, Filocamo, O'Keefe, Johnson, Baudille, Penoro, Mastoprietro, Vasquenz and DiTrani

[3] Only Plaintiff Taylor does not have an accommodation request pending.

Case 23-663, Document 48, 08/01/2023, 3549860, Page116 of 242

## STATEMENT OF FACTS

**A.      City of New York's Response to the COVID-19 Pandemic**

On March 12, 2020, Mayor Bill de Blasio issued Emergency Executive Order No. 98, declaring a state of emergency in the City of New York ("the City") to address the threat posed by COVID-19 to the health and welfare of City residents, and this order remains in effect today.  See O'Connor Decl. at Ex. A, COH Order.  Thereafter, on March 25, 2020, the New York City Commissioner of Health and Mental Hygiene declared the existence of a public health emergency within the City to address the continuing threat posed by COVID-19 to the health and welfare of City residents, and recently declared that the public health emergency continues to be in effect.  Id.

Since February 29, 2020, New York City has experienced over one million residents with a positive COVID-19 diagnosis.  See NYC COVID-19 Data and Trends available at  https://www1.nyc.gov/site/doh/covid/covid-19-data-totals.page,  last  accessed  on  Nov.  26, 2021.  Tragically, more than 34,000 New York City residents have died due to COVID-19.  Id.  While positive cases and deaths are currently trending down, New York City is still battling COVID-19, and in particular, "variants of concern," including the Delta variant, which are more transmissible than earlier variants. See Def. Ex. A.  The variants of COVID-19 are particularly concerning because they are more easily and quickly transmitted.  Id.

The CDC has stated that vaccination is an effective tool to prevent the spread of COVID-19 and the development of new variants, and benefits both vaccine recipients and those they come into contact with, including persons who for reasons of age, health, or other conditions cannot themselves be vaccinated.  Id.  DOHMH reports that between January 17 and August 7, 2021, people who were unvaccinated or not fully vaccinated accounted for 96.1% of COVID-19 cases, 96.9% of COVID-19 hospitalizations, and 97.3% of COVID-19 deaths in New

York City.  Id.  In late 2020 and early 2021, three leading vaccines were given emergency authorization in the United States.  Specifically, on December 11, 2020, the Food and Drug Administration (FDA) issued an Emergency Use Authorization (EUA) for the first COVID-19 vaccine, the Pfizer-BioNTech COVID-19 vaccine; on December 18, 2020, the FDA issued an EUA for the Moderna COVID-19 vaccine; and on February 27, 2021, the FDA issued an EAU for the Johnson & Johnson COVID-19 vaccine.  Then, on August 23, 2021, the FDA gave full approval to the Pfizer vaccine.

In recognition of the efficacy of vaccines in combatting COVID-19, on August 16, 2021, Mayor de Blasio issued Emergency Executive Order No. 225, the "Key to NYC," requiring that patrons and employees of establishments providing indoor entertainment, dining, and gyms and fitness centers must show proof that they have received at least one dose of an approved COVID-19 vaccine, and such Order, as amended, is still in effect.  Id. Thereafter, on August 24, 2021, the DOHMH Commissioner issued an order requiring that DOE employees, contractors, and visitors provide proof of COVID-19 vaccination before entering a DOE building or school setting (hereinafter "DOE Order").  See DOE Vaccine Mandate at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-3.pdf.  The DOE Vaccine Mandate was re-issued on September 12 and 15, 2021, and subsequently amended on September 28, 2021.  Id. The DOE Vaccine Mandate and Amendment were ratified by the New York City Board of Health on September 17, 2021 and October 18, 2021.  Id.

The DOE Vaccine Mandate was the subject of four legal challenges brought in state and federal court.  See Maniscalco v. N.Y. City Dept. of Educ., No. 21-cv-5055 (E.D.N.Y.); Kane v. de Blasio, 21 Civ. 7863 (VEC) (S.D.N.Y.); Keil v. The City of New York, et al., 21 Civ.

8773 (SDNY)(VEC)(same); The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.).  In each challenge, the plaintiffs sought to enjoin the enforcement of the DOE Order as applied to DOE employees.  Id.  In MLC, Maniscalco, Keil and Kane, the respective Courts denied the plaintiffs' application for a temporary restraining order and/or preliminary injunction seeking to enjoin the DOE Order.

On August 31, 2021, Mayor de Blasio issued Executive Order No. 78, requiring that, beginning September 13, 2021, City employees and covered employees of City contractors be vaccinated against COVID-19 or submit on a weekly basis proof of a negative COVID-19 PCR diagnostic test.  See Def. Ex. A, COH Order.  Shortly thereafter, on September 9, 2021, President Biden issued an Executive Order stating that "[i]t is essential that Federal employees take all available steps to protect themselves and avoid spreading COVID-19 to their co-workers and members of the public," and ordered each federal agency to "implement, to the extent consistent with applicable law, a program to require COVID19 vaccination for all of its Federal employees, with exceptions only as required by law".  Id.

**B.     COH Order**

Section 17-104 of the Administrative Code of the City of New York directs the Department to adopt prompt and effective measures to prevent the communication of infectious diseases such as COVID-19.  In accordance with Section 17-109(b), DOHMH may adopt vaccination measures to effectively prevent the spread of communicable diseases.  Furthermore, pursuant to Section 3.01(d) of the New York City Health Code, the DOHMH Commissioner is authorized to issue orders and take actions that deemed necessary for the health and safety of the City and its residents when urgent public health action is necessary to protect the public health

against an existing threat and a public health emergency has been declared pursuant to that Section.

As such, on October 20, 2021, Commissioner Chokski issued the COH Order to require COVID-19 vaccination for City employees and certain City contractors. The COH Order required that by 5:00 p.m. on October 29, 2021, City employees must provide proof to the agency or office where they work that: (1) they have been fully vaccinated against COVID-19; or (2) they have received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine; or (3) they have received the first dose of a two-dose COVID-19 vaccine. See Def. Ex. A, COH Order. The COH Order goes on to require that any City employee who has not provided the above-described proof must be excluded from their assigned work location beginning on November 1, 2021. Id. The COH Order specifically provides that "Nothing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law." Id.

**C.     Impact Bargaining**

Following the issuance of an earlier COH Order impacting the New York City Department of Education ("DOE"), bargaining units for City and DOE employees met with the City to negotiate over the impact of the COH Order. United Federation of Teachers ("UFT") is the bargaining unit for Teachers, Secretaries, Paraprofessionals, Guidance Counselors, Speech Language Pathologists, School Psychologists, and Social Workers, among other titles, employed by DOE. See "About Your Union" available at https://www.uft.org/your-union/about-uft; last accessed Nov. 19, 2021 On September 10, 2021, an arbitrator issued a decision to resolve the impasse, which established  (1) a process for exemptions and accommodation requests; (2) options to voluntarily separate from service with certain benefits; and (3) that the DOE may "unilaterally separate employees" who have not complied with the vaccination mandate or have

8

an approved exemption or accommodation and have not opted for either separation option.  See O'Connor Decl., Exh. B (September 10, 2021 Arbitration Award Decision in Board of Education of the City School District of the City of New York and the United Federation of Teachers, Local 2, AFT, AFL-CIO (hereafter "Impact Arbitration Decision").

Following the issuance of the Impact Arbitration Decision, the City's Office of Labor Relations engaged in impact bargaining with the other unions representing City employees, including the unions representing Plaintiffs herein, i.e. the Uniformed Firefighters Association ("UFA"), the Uniformed Fire Officers Association ("UFOA") and District Council 37, City of New York ("DC 37").

The City and DC 37 were able to successfully negotiate an agreement with respect to the leave and separation procedures for those City employees for whom DC 37 is the bargaining agent who do not comply with the COH Order.  See O'Connor Decl. at C, Memorandum of Agreement District Council 37, City of New York, and the Board of Education of the City School District for the City of New York, dated October 3, 2021 ("DC 37 Agreement").

The processes established by the DC 37 Agreement apply to medical and religious exemptions as well as accommodations for those who, having received a full course of vaccination, remain unable to mount an immune response.  See id.[4]  It also sets forth that employees who have not requested an exemption, or whose request was denied, may be placed on leave without pay by their employing agency starting October 4, 2021.  See id.  While on leave without pay, employees continue to be eligible for health insurance.  Id. Employees who

_____

[4] As detailed below, 44 of the 48 plaintiffs availed themselves of the accommodation process.

submit proof of vaccination before November 30, 2021, will be eligible to return to their position within one week of submitting their documentation to their agency.  Id.

The agreement also sets forth a process for separation from employment with enhanced payment of accrued paid time off, or extension of leave without pay and with health benefits.  See id.  City employees who have not complied with the COH Order could opt to either separate from service by October 29, 2021 and receive enhanced payment of accrued sick leave and health insurance through September 5, 2022, unless they are eligible for health insurance from another source.  Id. Alternatively, as a second option, employees can also opt to have their leave without pay extended to September 5, 2022, and maintain health coverage.  Id. To the extent that those employees who have chosen to extend their leave without pay and do not comply with the COH Order by the end of the period, they will be deemed to have voluntarily resigned.  Id.  In addition, the DC 37 Agreement provides that on or after December 1, 2021, the City will seek to unilaterally separate employees who remain out of compliance with the COH Order and have not applied for either the extended leave or separation.  Id.

With respect to UFA, which represents FDNY Firefighters, on October 29, 2021, the UFA union president, Andrew Ansbro sought an injunction on behalf of FDNY Firefighters to enjoin the City from "implementing [the COH Order] so as to . . . [p]revent the summary discipline, in the form of forced unpaid leave and eventual termination  of UFA members if they remain unvaccinated, which discipline would be arbitrary, capricious and unlawful and a violation of the members' due process rights."  See O'Connor Decl., Ex. D, Verified Petition in In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al., Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty).  Following a hearing on November 1, 2021, this motion for injunction relief was denied.  See O'Connor Decl.,

Ex. E, Order in <u>In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al.</u>, Index No. 159738/2021, dated November 1, 2021.

The UFA, who was later joined by the Uniformed Fire Officers Association ("UFOA"), also filed an Improper Practice Petition with the Board of Collective Bargaining and, in connection with that Petition, sought injunctive relief. <u>See</u> O'Connor Decl., Ex. F, Verified Scope of Bargaining and Improper Practice Petition <u>In the Matter of the Improper Practice Petition between Uniformed Firefighters Association of Greater New York, Local 94, IAFF, AFL-CIO v. City of New York, et al.</u>, dated October 27, 2021; O'Connor Decl., Ex. G, Verified Petition for Injunctive Relief <u>In the Matter of the Petition for Injunctive Relief between Uniformed Firefighters Association of Greater New York, Local 94, IAFF, AFL-CIO v. City of New York, et al.</u>, dated October 27, 2021; <u>see also</u> O'Connor Decl., Ex. H, Letter, dated November 18, 2021 from Harry Greenberg to Steven E. Star. In so doing, UFA argued that because the COH Order "carries severe penalties that are disciplinary in nature by requiring members to go on [LWOP] and face termination which clearly implicates mandatory subjects of bargaining." <u>See</u> Ex. G. The Board of Collective Bargaining denied the request for injunctive relief on the grounds that the unions could not establish irreparable harm or a likelihood of success on the merits. <u>See</u> O'Connor Decl., Ex. I, Notice of Board Determination, Request for Injunctive Relief, dated November 16, 2021.

**D.     Plaintiffs' Pending Accommodation Requests**

All plaintiffs herein but for Plaintiffs Heaton, Bevilacqua, O'Keefe and Taylor have availed themselves of the FDNY's established process for seeking a reasonable accommodation to be exempted from the COH Order. <u>See</u> O'Connor Decl., Ex. J, Declaration of Don Nguyen, dated November 29, 2021. Any plaintiff who is granted a reasonable

accommodation by the FDNY to be exempt from the COH Order will be restored to FDNY payroll and provided with back pay for the period of time they were on Leave Without Pay ("LWOP") status.  Id.  Additionally, any plaintiff who is denied a reasonable accommodation by the FDNY to be exempt from the COH Order will be provided with an opportunity to appeal that determination.  Id.  Any plaintiff whose reasonable accommodation is denied with a written determination of the request and will be provided with written information on the appeals process, including a link to the City's online appeals request portal.  Id.  Plaintiffs must appeal the denial within seven business days by submitting an appeal, and any materials supporting their appeal, via the online review request portal, which will automatically notify FDNY's EEO Office of the appeal.  Id.  Upon notification of the appeal, FDNY's EEO Office will upload all records concerning the Agency determination of the reasonable accommodation request within one business day.  Id.  Supplemental material may be requested to make a determination on appeal.  Id.  If an appeal results in the grant of an accommodation, the plaintiff will be restored to payroll and paid back pay for the time they were on LWOP status.  Id.

If a plaintiff's appeal is denied, they must submit proof of the first dose of a vaccination within three business days, and if required, of a second dose within 45 days thereafter.  Id.  If an employee refuses to be vaccinated within this timeframe after an appeal is denied, they will continue on LWOP.  Id.

## ARGUMENT

### A.  PLAINTIFFS FAIL TO NAME NECESSARY PARTIES

"All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." NYC Charter § 396. The FDNY does "not have a legal identity separate and apart from the municipality and cannot sue or be sued." Candelario v. City

of New York, 539 Fed. App'x 17 (2d Cir. 2013); see also Olabopo v. Gomes, 2016 U.S. Dist. LEXIS 134521, at *9 (E.D.N.Y. September 28, 2016) (dismissing claims against FDNY because it is a non-suable entity.  Thus, FDNY is a not a proper party to this action.

Under Rule 12(b)(7), an action may be dismissed for failure to join a necessary party under Rule 19. See Fed. R. Civ. P. 12(b)(7).  Here, the City of New York is most certainly a necessary party given that FDNY is not a suable entity.  Additionally, given the allegations contained in Plaintiff Garland's affidavit that UFA has breached its duty of fair representation, UFA is similarly a necessary party.  Finally, DC 37 is also a necessary party because it negotiated and entered into the DC 37 Agreement which is now being challenged by certain plaintiffs.  Given plaintiffs failure to join three necessary parties, the Complaint should be dismissed.

## B.  PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE DC 37 AGREEMENT

By becoming a union member, an individual employee "has no individual rights under a collective bargaining agreement which he can enforce against his employer except through the union."  Berlyn v. Board of Ed. of E. Meadow Union Free Sch. Dist., 435 N.Y.S.2d 793, 794 (2d Dep't 1981), aff'd 55 N.Y.2d 912 (1982).  The remedy for an individual is to pursue a duty of fair representation claim against his or her union.  See id. at 24-25.  See also 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 260 (2009) (holding that unions were free to negotiate a departure from federal statutory scheme on behalf of their members).  This is precisely the situation plaintiffs here find themselves in: they are challenging their placement on Leave Without Pay ("LWOP") and potentially their separation from the City; however, their placement on LWOP and their projected separation was the result of negotiations between the City and DC 37, not plaintiffs individually.  Accordingly, plaintiffs covered by the DC 37 Agreement do not

JA-117

have standing to challenge their placement on LWOP and/or potential separation due to the fact that this procedure was collectively bargained with their union.

## C. PLAINTIFFS SEEK A MANDATORY INJUNCTION, AND FAIL TO MEET THE ASSOCIATED BURDEN

A typical injunction seeks to maintain the status quo pending a trial on the merits. Abdul Wali v. Coughlin, 754 F.2d 1015 (2d Cir. 1985). Plaintiffs are required to meet the higher standard of a mandatory injunction if (1) the injunction would alter, rather than maintain the status quo or (2) the injunction would grant the movant with substantially all the relief sought and that relief cannot be undone even if defendants would prevail on the merits. Tom Doherty Assocs. v. Saban Entm't, Inc., 60 F.3d 27, *33-34 (2d Cir. 1995). Here, Plaintiffs are seeking, among other things, to be restored to FDNY payroll after having been placed on LWOP for their failure to comply with the COH Order. It must be noted that, in addition to being restored to payroll, Plaintiffs seek to have their "benefits, including health benefits, and pension credits," restored. However, Plaintiffs on LWOP maintain their health benefits and therefore all the Plaintiffs herein continue to maintain their health benefits despite their placement on LWOP.

The status quo in a preliminary injunction is the "last, peaceable uncontested status which preceded the pending controversy." LaRouche v. Kezer, 20 F.3d 68, 74 n.7 (2d Cir. 1994). For the purposes of Plaintiffs' application to be restored to payroll, the last "peaceable" moment was the day prior to being placed on LWOP. Utilizing Plaintiff Garland as an example, he avers in his affidavit that he has been on LWOP since November 1, 2021. Thus, in order to maintain the status quo of remaining on payroll, Plaintiff Garland would have been required to make the instant application on or before October 31, 2021. He – and the other Plaintiffs – failed to do so. Thus, if plaintiffs' application were granted, it would alter, not maintain, the status quo.

Plaintiffs' application is completely silent as to why Plaintiffs waited until November 26, 2021 to seek this "emergency" relief from the Court. This is despite the fact that the Complaint confirms that Plaintiffs were given advance warning that they were going to be placed on LWOP as of November 1, 2021.   Plainly, Plaintiffs' own delay strongly counsels against the extraordinary equitable relief they seek.  See Broecker, et al. v. New York City Department of Education, et al., Docket No. 21 CV 6387(KAM)(LB) at Dkt. No. 33 at page 24-25; Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985) ("Preliminary injunctions are generally granted under the theory that there is an urgent need to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action.").

In any event, given their placement on LWOP four weeks ago, Plaintiffs must meet the higher standard required for mandatory injunctions.  In particular, they must show a "clear" or "substantial" likelihood of success on the merits.   Tom Doherty Assocs. v. Saban Entm't, Inc., 60 F.3d 27 (2d Cir. 1995); Doninger v. Niehoff, 527 F.3d 41, *47 (2d Cir. 2008). From their Complaint, it is clear that Plaintiffs will not be able to meet this high burden because the *only* harm associated with their placement on LWOP is removal from payroll.  This type of alleged harm is – by definition – reparable.  Accordingly, Plaintiffs cannot meet the mandatory injunction standard and their application should be denied.  And, even so, for substantially the same reasons as discussed below, Plaintiffs cannot meet even the lower, more permissive standard of a prohibitory injunction.

### D.  PLAINTIFFS DO NOT MEET THE STANDARD FOR A PRELIMINARY INJUNCTION

In order to justify a preliminary injunction, plaintiffs must demonstrate: (1) irreparable harm absent injunctive relief; (2) a likelihood of success on the merits; (3) the

balance of equities tips decidedly in their favor; and (4) that the public interest weighs in favor of granting an injunction.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24-25 (2008); Almontaser v. N.Y. City Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008).   Of these requirements, a showing of likely irreparable harm is often referred to as the **most** important.  See, e.g., Citibank, N.A., 756 F.2d at 275.   An injunction is unwarranted because Plaintiffs cannot demonstrate any of these requirements.

### E.  PLAINTIFFS CANNOT SHOW IRREPARABLE HARM

"[I]rreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'"  Impax Media Inc. v. Northeast Adver. Corp., No. 17 Civ. 8272, 2018 U.S. Dist. LEXIS 4940 at *10 (S.D.N.Y. Jan. 10, 2018) (quoting Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)).   In making a showing of irreparable harm, Plaintiffs must demonstrate that there is a threat of actual injury for which available legal remedies are inadequate.  See Score, Inc. v. Cap Cities/ABC, Inc., 724 F. Supp. 194, 198 (S.D.N.Y. 1989).   "Irreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction should not issue." JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990).   As the Supreme Court has held "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . [m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).

Plaintiffs identify two so-called "irreparable" harms: continued loss of pay while on LWOP and their potential separation from FDNY.  Neither of these harms is irreparable or otherwise sufficient to justify a preliminary injunction.

As noted above, the extraordinary delay in seeking to enjoin an action that already occurred four weeks ago, greatly forecloses the validity of any professed "urgent need for speedy action to protect the plaintiffs' rights."  Citibank N.A., 756 F.2d at 276.  Having delayed to the point of manufacturing an emergency, Plaintiffs' application claiming an impending crisis now exists must be viewed as a bald calculation bordering on pure gamesmanship.  Indeed, the Second Circuit has explained that a party's "failure to act sooner 'undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.'"  Id. at 277 (quoting Le Sportsac, Inc. v. Dockside Research, Inc., 478 F. Supp. 602, 609 (S.D.N.Y. 1979)).  A delay "may, standing alone, preclude the granting of preliminary injunctive relief, because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." Tough Traveler, Ltd. v. Outbound Prod., 60 F.3d 964, 968 (2d Cir. 1995) (internal quotation marks and citations omitted).  While Courts have not imposed rigid deadlines by which a request for preliminary injunctive relief must be made, even a relatively brief delay may be deemed too long.  See, e.g., Citibank, 756 F.2d at 276-77.

Here, as noted above, Plaintiffs allege they have all been on LWOP since November 1, 2021; however Plaintiffs Bottalico, Filocamo, O'Keefe, Johnson, Baudille, Penoro, Mastoprietro, Vasquenz and DiTrani have all since been restored to payroll.  See Complaint at ¶ 65.  Plaintiffs nevertheless waited 25 days to seek this "emergency" relief from the Court.  This delay is both lengthy and completely unexplained thereby severely undercutting any "urgency"

associated with this application.  Also, plaintiffs' instant application completely ignores the fact that **47 out of 48** plaintiffs currently have requests pending before FDNY EEO for accommodations to the COH Order.

In Broecker, this Court held that the delay between when the plaintiffs in that case learned of DOE's intention to seek separation for noncompliant employees and bringing the "emergency" motion for preliminary injunction "greatly undermine[d] the strength" of that motion.  See Broecker, at Dkt. No. 33 at page 24.  This Court further found in Broecker that the "Plaintiffs' inaction does not convey a looming irreparable harm, and does not invoke the urgent need for speedy action to protect the plaintiffs' rights[,] as is typical when injunctions are sought on an expedited basis."  Id. at 25 (internal quotations and citations omitted)(alteration in original).  Here, plaintiffs' similar "inaction" cuts against the need for emergency relief.

Next, "[i]rreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction should not issue."  JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990).  As the Supreme Court has held "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . [m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Sampson v. Murray, 415 U.S. 61, 90 (1974).  Additionally, to demonstrate irreparable harm, the moving party must establish an injury that is not remote or speculative but "certain and imminent harm for which a monetary award does not adequately compensate."  Wisdom Imp. Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 113 (2d Cir. 2003).

With respect to alleged constitutional violations, an allegation of a constitutional violation "is insufficient to automatically trigger a finding of irreparable harm," unless "the constitutional deprivation is convincingly shown and that violation carries **noncompensable** damages..." Donohue v. Mangano, 886 F. Supp. 2d 126, 150 (E.D.N.Y. 2012)(emphasis added). Here, however, the two claimed harms that allegedly flow from the claimed procedural due process violation, i.e. the continued loss of pay and projected separation from employment, are quintessential **reparable** harms. See Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005); Ford v. Reynolds, 316 F.3d 351, 355 (2d Cir. 2003).

Plaintiffs' allegation that they have been placed on LWOP and are facing a possible "loss of employment is insufficient to carry [their] burden of showing irreparable harm because [they] make no showing that the loss of [their] employment cannot be remedied with money damages." Buckley v. N.Y. & Presbyterian Hosp., No. 21 Civ. 7864 (LTS), 2021 U.S. Dist. LEXIS 181135 (S.D.N.Y. Sep. 21, 2021); see also Holt v. Continental Group, 708 F.2d 87, 90-91 (2d Cir. 1983), cert. denied, 465 U.S. 1030 (1984) ("the requisite irreparable harm is not established in employee discharge cases by financial distress or inability to find other employment, unless truly extraordinary circumstances are shown."); Guitard v. United States Sec'y of Navy, 967 F.2d 737, 742 (2d Cir. 1992)("injuries that generally attend a discharge from employment — loss of reputation, loss of income and difficulty in finding other employment — do not constitute the irreparable harm necessary to obtain a preliminary injunction")(internal citations omitted).

Additionally, given that **all plaintiffs** save Plaintiff Taylor currently have reasonable accommodation requests pending with the FDNY, their claim that they may be terminated for failure to comply with the COH Order is entirely speculative. Similarly, nine

plaintiffs have already been restored to payroll and removed from LWOP.  See Complaint at ¶ 65.

The UFA has already sought **twice** to enjoin the implementation of the COH Order on the ground that an injunction was necessary so as to "[p]revent the summary discipline, in the form of forced unpaid leave and eventual termination of UFA members if they remain unvaccinated."  See O'Connor Decl., Exs. D; G.  Both the New York Supreme Court and the New York City Board of Collective Bargaining denied these motions.  See O'Connor Decl., Exs. E; I.  This third bite at the injunction apple must meet the same fate as the previous two.

Similarly, in examining the DOE Vaccine Mandate this Court held just last week that the "pecuniary harms" alleged by the plaintiffs in that case "are neither irreparable nor sufficient to justify the presently requested injunctive relief."  See Broecker at Dkt. No. 33 at page 23.  Also, in MLC, the Court held that the petitioners were "unlikely to be succeed on the second prong of the preliminary injunction test as they cannot establish an irreparable harm as the loss of employment is compensable by money damages and reinstatement to said employment. Petitioners represented employees who refuse to accept vaccination and are ineligible for an exemption are still entitled to contest any negative outcome through their union procedures and additionally are able to pursue their profession outside of those schools impacted by the Order."  See N.Y.C. Mun. Labor Comm. v. City of N.Y., 2021 NY Slip Op 21260, ¶ 5 (Sup. Ct.).

Indeed, even a loss of "benefits" attendant to employment does not constitute irreparable harm.  See Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr., 697 F.3d 209, 213 (2d Cir. 2012) (back pay includes lost fringe benefits such as vacation pay and pension benefits); E.E.O.C. v. Joint Apprenticeship Comm. of Joint Indus. Bd. of the Elec.

Case 23-663, Document 48, 08/01/2023, 3549860, Page132 of 242

Indus., 164 F.3d 89, 101 (2d Cir. 1998)(holding same); Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995)(a reinstatement order issued by the District Court could award "full pension benefits, including an award of seniority status covering the interim between termination and a final disposition of the parties' rights.").  Because Plaintiffs are unable to demonstrate irreparable harm, their motion for a preliminary injunction must be denied.

## F.  PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS

In order to state a procedural due process violation, a plaintiff must allege that (1) the challenged conduct was "committed by a person acting under color of state law;" and (2) such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).  "Where a plaintiff alleges violations of procedural due process, the deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Dechberry v. N.Y.C. Fire Dep't, 124 F. Supp. 3d 131, 158-60 (E.D.N.Y. 2015) (internal quotation marks omittedf) (citing, among others, Zinermon v. Burch, 494 U.S. 113, 125 (1990)).

"To plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." J.S. v. T'Kach, 714 F.3d 99, 105 (2d Cir. 2013).  "[A plaintiff] must first identify a property right, second show that the [government] has deprived him of that right, and third show that the deprivation was effected without due process." Id. (internal citation and quotation marks omitted).  "Property interests protected by due process . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state

law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." MacFall v. City of Rochester, 495 F. App'x 158, 159 (2d Cir. 2012) (quoting Martz v. Inc. Vill. of Valley Stream, 22 F.3d 26, 29 (2d Cir. 1994).   In order to establish a protected property interest, a plaintiff must show that he had a "legitimate claim of entitlement" to the interest, and not just a "unilateral expectation" of it.  Id. (quoting McPherson v. New York City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006)).

Plaintiffs argue that they have been "suspended without pay" and may face separation from the FDNY without the due process owed to them and therefore they are likely to succeed on the merits. Plaintiffs are incorrect.

Plaintiffs premise their procedural due process claim on the faulty notion that they are being subjected to "discipline" in the form of an unpaid "suspension" without the process owed to them via New York City Administrative Code § 15-113 or Civil Service Law § 75.  Not so.  Rather, by virtue of Plaintiffs' unwillingness to comply with the COH Order, they are simply no longer fit and/or qualified to continue their public employment with the City.   As detailed below, they are, therefore, not entitled to any process in advance of their placement on LWOP and separation.

The City, as a government employer, has a duty to maintain a safe workplace.  See generally N.Y. Labor Law § 27-a.  The obligation of how best to do so is within the discretion of the employer.  See New York State Inspection, Sec. & Law Enforcement Emples., Dist. Council 82 v. Cuomo, 64 N.Y.2d 233, 237-40 (1984).  Federal, state and local law also confirm, in the context of the COVID-19 pandemic, that employers can refuse to allow employees to work who are not fit for work under the applicable medical standards set forth by the public health authorities.  See e.g. EEOC Guidance, What You Should Know About Covid-19 and the ADA,

the Rehabilitation Act, and Other EEO Laws, at K.1. (https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws, last visited Nov. 18, 2021). Further, New York City Charter Section 487(a) provides that the FDNY Commissioner "shall have sole and exclusive power and perform all duties for the government, discipline, management, maintenance and direction of the fire department and the premises and property in the custody thereof . . ."

The FDNY, consistent with its obligation to provide a safe workplace and the Commissioner's powers under § 487(a), and in compliance with the lawful COH Order, cannot permit unvaccinated employees, absent exemption or accommodation required by law, to perform their job functions when they lack fitness to do so under the COH Order.  When employees are not fit to perform their duties under these circumstances, they are not being "suspended" but rather are unable to work due to ineligibility caused by their lack of fitness, even where here the ineligibility may be temporary and curable.  C.f. Matter of Brown v. Bd. of Educ. of City Sch. Dist. of City of N.Y., 2009 NY Slip Op 31687(U), ¶ 6 (Sup. Ct., N.Y. Co. 2009), citing O'Connor v. Board of Education, 48 A.D.3d 1254 (4th Dept 2008) lv. denied 10 N.Y.3d 928 (2008) (teacher's termination due to failure to maintain residency was not a disciplinary matter and therefore was outside the scope of § 3020-a.).  To be sure, the Second Circuit earlier this month upheld vaccination as a "condition of employment" in the healthcare field.  We the Patriots USA, Inc. v. Hochul, Nos. 21-2179, 21-2566, 2021 U.S. App. LEXIS 32880, at *52-53 (2d Cir. Nov. 4, 2021).  Likewise, here, it is also appropriate to require plaintiffs, who are frequently in close proximity to citizens in a medical emergency or other danger, to be vaccinated as a condition of employment.,

Plaintiffs' argument that they were entitled to an Administrative Code § 15-113 or Civil Service Law § 75 hearing in advance of being placed on LWOP or being ultimately separated is misplaced. Hearings are not required in the context of employment qualifications "unrelated to job performance, misconduct, or competency." O'Connor v. Bd. of Educ., 48 A.D.3d 1254, 1255 (4th Dep't 2008), appeal dismissed, 10 N.Y.3d 928 (2008); Adrian v. Bd. of Ed., 92 A.D.3d 1272, 1273 (4th Dep't 2012) (same), leave to appeal granted, 19 N.Y.3d 804 (2012); Brown v. Bd. of Educ., 2009 N.Y. Misc. LEXIS 5475, *9-10 (Sup. Ct. N.Y. Co. July 22, 2009) ("The termination of Petitioner did not implicate the procedural protections of Education Law § 3020-a because Petitioner's termination was due to her legal ineligibility to serve as a teacher, rather than any alleged misconduct or incompetence on her part.") (citations omitted; Felix v. Dep't of Citywide Admin. Servs., 3 N.Y.3d 498, 505 (2004) (failure to maintain residency requirement does not trigger the protections of Civil Service Law § 75 because it is a matter of job eligibility, not discipline for misconduct).

Indeed, the Court of Appeals has upheld the distinction between issues of "job performance, misconduct or competency" which are subject to the applicable disciplinary procedures, from a "qualification of employment" which is not subject to such procedures. Matter of New York State Off. of Children & Family Servs. v. Lanterman, 14 N.Y.3d 275, 282 (2010); see also City School District v. McGraham, 17 N.Y.3d 917, 918 n.1 (2011).

Here, the FDNY is enforcing the lawful COH Order by removing unvaccinated employees from the workplace because they are no longer fit to perform their duties. While this is a new job requirement put in place to combat at novel virus, the analysis remains unchanged. The FDNY is able to separate employees that are not in compliance with lawful job requirements. In essence, plaintiffs seek to redefine "discipline" to include a failure to meet a

qualification of their FDNY employment.  The Courts have repeatedly rejected such attempts. O'Connor, 48 A.D.3d at 1255; Adrian, 92 A.D.3d at 1273; Brown, 2009 N.Y. Misc. LEXIS 5475, at *9-10, Appendix "A,"; see Felix, 3 N.Y.3d at 505.

Thus, it is clear that a public employer may lawfully, and summarily, separate employees from service without process due to the employee's legal ineligibility to maintain their employment. Here, the City's Health Commissioner promulgated a lawful eligibility requirement: to be eligible to work for DOE, an individual must be vaccinated against COVID-19.  Plaintiffs have not complied with that lawful requirement and are therefore subject to separation.  This ineligibility in no way implicates the disciplinary procedures delineated in § 15-113 or § 75 because it does not pertain to misconduct or job performance.  Therefore, because plaintiffs no longer meet eligibility requirements, they can be separated from service without the disciplinary procedures delineated in § 15-113 or § 75.

Even if Plaintiffs could demonstrate that their placement on LWOP and potential separation was somehow "disciplinary" in nature, their procedural due process claim nevertheless fails for several reasons.

First, while a plaintiff in a § 1983 case is not required to exhaust their administrative remedies before bringing suit, (see Patsy v. Bd. of Regents of Fla., 457 U.S. 496 (1982)), this general rule does not apply in a procedural due process suit if plaintiffs failed to avail themselves of the right to be heard.  See Narumanchi v. Bd. of Trustees of Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988).  In Narumanchi, the Second Circuit explained that in procedural due process cases, the limited procedural rights guaranteed under the circumstances of a particular case could be satisfied by pre-deprivation notice and hearing rights contained in grievance procedures of a collective bargaining agreement.  850 F.2d at 72.

Here, Plaintiffs contend that they are entitled to hearings pursuant to their respective collective bargaining agreements.  See Dkt. No. 5-2, Garland Aff. at para. 3.  The collective bargaining agreements governing the terms of Plaintiffs' employment establish grievance and arbitration procedures that Plaintiffs could use to challenge the so-called "disciplinary actions" taken against them.  Thus, Plaintiffs' procedural rights were adequately satisfied by the grievance procedures contained in the applicable collective bargaining agreements.  The fact that Plaintiffs chose not to utilize such procedures does not change this outcome. Cf. Capul v. City of N.Y., No. 19 Civ. 4313 (KPF), 2020 U.S. Dist. LEXIS 92727, at *39 (S.D.N.Y. May 27, 2020) (holding that City employees' failure to avail themselves of adequate post-deprivation remedies did not render their procedural due process claims viable), aff'd 832 Fed. App'x. 766 (2d Cir. 2021).

To the extent that certain Plaintiffs are claiming that UFA was "not accepting" grievances, see Dkt. No. 5-2, Garland Aff. at para. 2, that allegation does not impact the constitutional analysis vis-à-vis the City.  Indeed, while Plaintiffs may be claiming that UFA breached its duty of fair representation by allegedly failing to accept grievances, that alleged failure on UFA's part does not change the fact that Plaintiffs had ample process at their disposal via their collective bargaining agreements (or via Article 78 proceedings brought in New York State Supreme Court).  Thus, UFA's supposed failure to bring grievances does not suffice to establish a Constitutional violation against FDNY.

Second, the FDNY has provided process which far exceeds the constitutional minima to plaintiffs, and **47 of the 48 plaintiffs** have available themselves of that process. All plaintiffs herein but for Plaintiff Taylor have availed themselves of the FDNY's established process for seeking a reasonable accommodation to be exempted from the COH Order.  See Def.

Ex. J.  Any plaintiff who is granted a reasonable accommodation by the FDNY to be exempt from the COH Order will be restored to FDNY payroll and provided with back pay for the period of time they were on LWOP.  Id.  Additionally, any plaintiff who is denied a reasonable accommodation by the FDNY to be exempt from the COH Order will be provided with further process in the form of an appeal of that determination.  Id.  Any plaintiff whose reasonable accommodation is denied with a written determination of the request and will be provided with written information on the appeals process, including a link to the City's online appeals request portal.  Id.  Plaintiffs must appeal the denial within three business days by submitting an appeal, and any materials supporting their appeal, via the online review request portal, which will automatically notify FDNY's EEO Office of the appeal.  Id.  Upon notification of the appeal, FDNY's EEO Office will upload all records concerning the Agency determination of the reasonable accommodation request within one business day.  Id.  Supplemental material may be requested to make a determination on appeal.  Id.  If an appeal results in the grant of an accommodation, the plaintiff will be restored to payroll and paid back pay for the time they were on LWOP status.  Id.  If a plaintiff's appeal is denied, they must submit proof of the first dose of a vaccination within three business days, and if required, of a second dose within 45 days thereafter.  Id. If an employee refuses to be vaccinated within this timeframe after an appeal is denied, they will continue on LWOP.  Id.

Despite this process, Plaintiffs – including the 47 plaintiffs that have availed themselves of this process – are claiming they were not provided with constitutionally sufficient due process. The Court should not countenance such hollow arguments.

Third, for those plaintiffs covered by the DC 37 Agreement, as detailed above, this agreement sets forth a process for separation from employment or extension of LWOP.

While Plaintiffs may not like these processes, and may have chosen not to avail themselves of them, this does not amount to a Constitutional due process violation.

Therefore, even if Plaintiffs could demonstrate that their placement on LWOP and potential separation was somehow "disciplinary" in nature, their procedural due process claim nevertheless fails because they were provided with all process they were owed.

### G.  THE BALANCE OF EQUITIES DOES NOT TIP IN FAVOR OF PLAINTIFFS

Even if Plaintiffs could prove irreparable harm and demonstrate a likelihood of success on the merits – which they cannot – they would, nonetheless, be unable to prove that the balance of hardship tips decidedly in their favor.  Trump v. Deutsche Bank AG, 943 F.3d 627, 640 (2d Cir. 2019), rev'd on other grounds, __U.S.__, 140 S.Ct. 2019 (2020).  To balance the equities in each case, courts must balance the competing claims of injury on each party of either granting or withholding the requested relief.  Winter v. NRDC, Inc., 555 U.S. 7, at 24 (2008) (citing Amoco Production Co., 480 U.S. 531, 542 (1987)). In exercising their sound discretion, courts should pay particular regard to the public consequences in employing the extraordinary remedy of injunction.  Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).

Here, the balance of equities clearly tips in the favor of FDNY.  It is the core requirement of Plaintiffs' job as Firefighters and Emergency Medical Services employees to interact with the public on a constant and unpredictable, emergency basis.  As laid out throughout this Memorandum of Law, the City's public health experts, who are charged with ensuring the safety and wellbeing of the City's residents, determined that the most effective means of containing the deadly COVID-19 pandemic is through vaccination. The COH Order's preliminary paragraphs provide a salient and unassailable predicate for making the mandate, including that the U.S. Centers for Disease Control and Prevention extols vaccination as the primary strategy to stop the spread of COVID-19.  Simply put, the COH Order is fully premised

on potentially saving lives, protecting public health, and promoting public safety. The harm the COH Order seeks to prevent here, the death or serious illness of New York City citizens, is not reversible.

By contrast, Plaintiffs here, who were taken off of FDNY payroll 25 days before filing this "emergency application," are not in danger of irreparable harm. Should they succeed, they can be made whole and compensated. In light of the foregoing, it is plain that the equities tip heavily in favor of the FDNY. As such, Plaintiffs' request for a preliminary injunction should be denied.

## H.  AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

Courts must also consider whether the granting of the requested relief contravenes the public interest.  Brown & Williamson Tobacco Corp. v. Engman, 527 F.2d 1115 (2d Cir. 1975). The Supreme Court has recognized that stemming the spread of COVID-19 is a compelling public interest. Roman Catholic Diocese v. Cuomo, 141 S. Ct. 63, 67 (2020). Thus, maintaining the status quo in this case, and refraining from ordering FDNY to return the unvaccinated plaintiffs to payroll when the FDNY cannot permit them to perform work, is a compelling public interest that militates against imposing an affirmative injunction.  Finally, paying plaintiffs when they are prohibited from performing any work could potentially run afoul of Article 8, Section 1 of the New York State Constitution which prohibits gifts of public funds.

As this Court aptly noted in the Broecker decision, supra "[u]ltimately, it is up to local government, 'not the courts, to balance the competing public health and business interests[,]" and here, the City of New York and the FDNY have done so in requiring that its employees be vaccinated to contain the COVID-19 pandemic. Broecker, Dkt. No. 33 at 27 (internal citations omitted).  As such, the instant application should be denied and, as in

JA-133

<u>Broecker,</u> plaintiffs should be required to show cause why their Complaint should not be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion for a preliminary injunction should be denied.

Dated:     New York, New York
            November 29, 2021

          GEORGIA M. PESTANA
          Corporation Counsel of the
            City of New York
          Attorney for Defendants FDNY and Nigro
          100 Church Street, Room 2-100
          New York, New York 10007
          212-356-4015

          By: _____/s/_____
             Andrea O'Connor
             Assistant Corporation Counsel

JA-134

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
JOHN GARLAND, et al., on behalf of themselves and all
other similarly situated employees of the New
York City Fire Department,

                                              Plaintiffs,

                     - against -

NEW YORK CITY FIRE DEPARTMENT, DANIEL A.
NIGRO, in his official and individual capacities, JOHN
DOE #1-10, in their official and individual capacities; and
JANE DOE #1-10 in their official and individual capacities,

                                              Defendants.
-------------------------------------------------------------------- x

**DECLARATION OF
ANDREA O'CONNOR IN
OPPOSITION TO
PLAINTIFFS'
APPLICATION FOR A
PRELIMINARY
INJUNCTION**

No. 21 Civ 6586 (KAM)(CP)

        **ANDREA O'CONNOR** declares, pursuant to 28 U.S.C. § 1746 and subject to the

penalties of perjury, that the following is true and correct:

        1.      I am an Assistant Corporation Counsel in the office of Georgia M. Pestana,

Corporation Counsel of the City of New York, attorney for Defendants New York City Fire

Department ("FDNY") and Daniel Nigro and as such I am familiar with the facts as set forth

herein.

        2.      I respectfully submit this declaration in opposition to plaintiffs' application

for a preliminary injunction.

        3.      Attached hereto as Exhibits "A" to "J" are documents maintained in the

ordinary course of Defendants' business, publicly available documents and the affidavit of Don

Nguyen.  Copies of these documents are as follows:

1

A.    Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors, dated October 20, 2021, annexed hereto as Exhibit A;

B.    Arbitration Award Decision in Board of Education of the City School District of the City of New York and the United Federation of Teachers, Local 2, AFT, AFL-CIO, dated September 10, 2021, annexed hereto as Exhibit B;

C.    Memorandum of Agreement District Council 37, City of New York, and the Board of Education of the City School District for the City of New York, dated October 3, 2021, annexed hereto as Exhibit C;

D.    Verified Petition in In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al., Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty), annexed hereto as Exhibit D;

E.    Order in In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al., Index No. 159738/2021, dated November 1, 2021, annexed hereto as Exhibit E;

F.    Verified Scope of Bargaining and Improper Practice Petition In the Matter of the Improper Practice Petition between Uniformed Firefighters Association of Greater New York, Local 94, IAFF, AFL-CIO v. City of New York, et al., dated October 27, 2021, annexed hereto as Exhibit F;

G.    Verified Petition for Injunctive Relief In the Matter of the Petition for Injunctive Relief between Uniformed Firefighters Association of Greater

2

New York, Local 94, IAFF, AFL-CIO v. City of New York, et al., dated October 27, 2021, annexed hereto as Exhibit G;

H.    Letter, dated November 18, 2021 from Harry Greenberg to Steven E. Star, annexed hereto as Exhibit H;

I.    Notice of Board Determination, Request for Injunctive Relief In the Matter of the Petition for Injunctive Relief between Uniformed Firefighters Association of Greater New York, Local 94, IAFF, AFL-CIO v. City of New York, et al., dated November 16, 2021, annexed hereto as Exhibit I; and

J.    Declaration of Don Nguyen, dated November 29, 2021, annexed hereto as Exhibit J;

Dated:    New York, New York
          November 29, 2021

**GEORGIA M. PESTANA**
Corporation Counsel of the
  City of New York
Attorney for Defendants FDNY and Nigro
100 Church Street, Room 2-104
New York, New York  10007
(212) 356-4015
aoconnor@law.nyc.gov

By:    _____/s/_____
       Andrea O'Connor
       Assistant Corporation Counsel

JA-137

# EXHIBIT A

## ORDER OF THE COMMISSIONER
## OF HEALTH AND MENTAL HYGIENE
## TO REQUIRE COVID-19 VACCINATION FOR
## CITY EMPLOYEES AND CERTAIN CITY CONTRACTORS

**WHEREAS**, on March 12, 2020, Mayor Bill de Blasio issued Emergency Executive Order No. 98 declaring a state of emergency in the City to address the threat posed by COVID-19 to the health and welfare of City residents, and such order remains in effect; and

**WHEREAS**, on March 25, 2020, the New York City Commissioner of Health and Mental Hygiene declared the existence of a public health emergency within the City to address the continuing threat posed by COVID-19 to the health and welfare of City residents, and such declaration and public health emergency continue to be in effect; and

**WHEREAS**, pursuant to Section 558 of the New York City Charter (the "Charter"), the Board of Health may embrace in the Health Code all matters and subjects to which the power and authority of the Department of Health and Mental Hygiene (the "Department") extends; and

**WHEREAS**, pursuant to Section 556 of the Charter and Section 3.01(c) of the Health Code, the Department is authorized to supervise the control of communicable diseases and conditions hazardous to life and health and take such actions as may be necessary to assure the maintenance of the protection of public health; and

**WHEREAS**, the U.S. Centers for Disease Control and Prevention ("CDC") reports that new variants of COVID-19, identified as "variants of concern" have emerged in the United States, and some of these new variants which currently account for the majority of COVID-19 cases sequenced in New York City, are more transmissible than earlier variants; and

**WHEREAS,** the CDC has stated that vaccination is an effective tool to prevent the spread of COVID-19 and the development of new variants, and benefits both vaccine recipients and those they come into contact with, including persons who for reasons of age, health, or other conditions cannot themselves be vaccinated; and

**WHEREAS,** the Department reports that between January 17 and August 7, 2021, people who were unvaccinated or not fully vaccinated accounted for 96.1% of COVID-19 cases, 96.9% of COVID-19 hospitalizations, and 97.3% of COVID-19 deaths in New York City; and

**WHEREAS,** a study by Yale University demonstrated that the Department's vaccination campaign was estimated to have prevented about 250,000 COVID-19 cases, 44,000 hospitalizations, and 8,300 deaths from COVID-19 infection since the start of vaccination through July 1, 2021, and by information and belief, the number of prevented cases, hospitalizations, and death has risen since then; and

**WHEREAS,** on August 16, 2021, Mayor de Blasio issued Emergency Executive Order No. 225, the "Key to NYC," requiring that patrons and employees of establishments providing indoor entertainment, dining, and gyms and fitness centers must show proof that they have received at least one dose of an approved COVID-19 vaccine, and such Order, as amended, is still in effect; and

**WHEREAS,** on August 24, 2021, I issued an Order requiring that Department of Education employees, contractors, and visitors provide proof of COVID-19 vaccination before entering a DOE building or school setting, and such Order was re-issued on September 12 and

15, 2021, and subsequently amended on September 28, 2021, and such Orders and amendment were ratified by the New York City Board of Health on September 17, 2021 and October 18, 2021; and

**WHEREAS**, on August 26, 2021, the New York State Department of Health adopted emergency regulations requiring staff of inpatient hospitals and nursing homes to receive the first dose of a COVID-19 vaccine by September 27, 2021, and staff of diagnostic and treatment centers, hospices, home care and adult care facilities to receive the first dose of a COVID-19 vaccine by October 7, 2021; and

**WHEREAS,** on August 31, 2021, Mayor de Blasio issued Executive Order No. 78, requiring that, beginning September 13, 2021, City employees and covered employees of City contractors be vaccinated against COVID-19 or submit on a weekly basis proof of a negative COVID-19 PCR diagnostic test; and

**WHEREAS,** on September 9, 2021 President Biden issued an Executive Order stating that "It is essential that Federal employees take all available steps to protect themselves and avoid spreading COVID-19 to their co-workers and members of the public," and ordering each federal agency to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its Federal employees, with exceptions only as required by law"; and

**WHEREAS,** on September 12, 2021, I issued an Order requiring that staff of early childhood programs or services provided under contract with the Department of Education or the Department of Youth and Community Development provide proof of COVID-19 vaccination; and

**WHEREAS,** Section 17-104 of the Administrative Code of the City of New York directs the Department to adopt prompt and effective measures to prevent the communication of infectious diseases such as COVID-19, and in accordance with Section 17-109(b), the Department may adopt vaccination measures to effectively prevent the spread of communicable diseases; and

**WHEREAS,** City employees and City contractors provide services to all New Yorkers that are critical to the health, safety, and well-being of City residents, and the City should take reasonable measures to reduce the transmission of COVID-19 when providing such services; and

**WHEREAS**, a system of vaccination for individuals providing City services and working in City offices will potentially save lives, protect public health, and promote public safety; and

**WHEREAS,** there is a staff shortage at Department of Corrections ("DOC") facilities, and in consideration of potential effects on the health and safety of inmates in such facilities, and of the benefit to public health and employee health of a fully vaccinated correctional staff, it is necessary that the requirements of this Order for DOC uniformed personnel not assigned to posts in healthcare settings be delayed; and

**WHEREAS,** pursuant to Section 3.01(d) of the Health Code, I am authorized to issue orders and take actions that I deem necessary for the health and safety of the City and its residents when urgent public health action is necessary to protect the public health against an existing threat and a public health emergency has been declared pursuant to such Section;

**NOW THEREFORE** I, Dave A. Chokshi, MD, MSc, Commissioner of Health and Mental Hygiene, finding that a public health emergency within New York City continues, and that it is

necessary for the health and safety of the City and its residents, do hereby exercise the power of the Board of Health to prevent, mitigate, control and abate the current emergency, and order that:

1. My Order of August 10, 2021, relating to a vaccination or testing requirement for staff in City operated or contracted residential and congregate settings, shall be **RESCINDED** as of November 1, 2021. Such staff are subject to the requirements of this Order.

2. No later than 5pm on October 29, 2021, all City employees, except those employees described in Paragraph 5, must provide proof to the agency or office where they work that:

   a. they have been fully vaccinated against COVID-19; or
   b. they have received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine; or
   c. they have received the first dose of a two-dose COVID-19 vaccine

   Any employee who received only the first dose of a two-dose vaccine at the time they provided the proof described in this Paragraph shall, within 45 days after receipt of the first dose, provide proof that they have received the second dose of vaccine.

3. Any City employee who has not provided the proof described in Paragraph 2 must be excluded from the premises at which they work beginning on November 1, 2021.

4. No later than 5pm on October 29, 2021, City agencies that contract for human services contracts must take all necessary actions to require that those human services contractors require their covered employees to provide proof that:

   a. they have been fully vaccinated against COVID-19; or
   b. they have received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine; or
   c. they have received the first dose of a two-dose COVID-19 vaccine.

   Any covered employee of a human service contractor who received only the first dose of a two-dose vaccine at the time they provided the proof described in this Paragraph shall, within 45 days after receipt of the first dose, provide proof that they have received the second dose of vaccine.

   All such contractors shall submit a certification to their contracting agency confirming that they are requiring their covered employees to provide such proof. If contractors are non-compliant, the contracting City agencies may exercise any rights they may have under their contract.

5. Notwithstanding Paragraphs 3 and 4 of this Order, until November 30, 2021, the provisions of this Order shall not apply to uniformed Department of Corrections ("DOC") employees, including staff serving in Warden and Chief titles, unless such uniformed employee is assigned for any time to any of the following locations: Bellevue Hospital; Elmhurst Hospital; the DOC

JA-141

infirmary in North Infirmary Command; the DOC West Facility; or any clinic staffed by Correctional Health Services.

Uniformed employees not assigned to such locations, to whom this Order does not apply until November 30, 2021, must, until such date, either:

a. Provide DOC with proof that:
    i. they have been fully vaccinated against COVID-19; or
    ii. they have received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine; or
    iii. they have received the first dose of a two-dose COVID-19 vaccine, provided that they must additionally provide proof that they have received the second dose of vaccine within 45 days after receipt of the first dose; or

b. On a weekly basis until the employee submits the proof described in this Paragraph, provide DOC with proof of a negative COVID-19 PCR diagnostic test (not an antibody test).

6. For the purposes of this Order:

"City employee" means a full- or part-time employee, intern, or volunteer of a New York City agency.

"Contract" means a contract awarded by the City, and any subcontract under such a contract, for work: (i) to be performed within the City of New York; and (ii) where employees can be expected to physically interact with City employees or members of the public in the course of performing work under the contract.

"Contractor" means a person or entity that has a City contract, including a subcontract as described in the definition of "contract."

"Covered employee" means a person: (i) employed by a contractor or subcontractor holding a contract; (ii) whose salary is paid in whole or in part from funds provided under a City contract; and (iii) who performs any part of the work under the contract within the City of New York. However, a person whose work under the contract does not include physical interaction with City employees or members of the public shall not be deemed to be a covered employee.

"Fully vaccinated" means at least two weeks have passed after an individual received a single dose of a COVID-19 vaccine that only requires one dose, or the second dose of a two-dose series of a COVID-19 vaccine as approved or authorized for use by the Food and Drug Administration or World Health Organization.

"Human services contract" means social services contracted by an agency on behalf of third-party clients including but not limited to day care, foster care, home care, health or medical services, housing and shelter assistance, preventive services, youth services, the operation of

Case 23-663, Document 48, 08/01/2023, 3549860, Page150 of 242

**JA-142**

senior centers, employment training and assistance, vocational and educational programs, legal services and recreation programs.

7. Each City agency shall send each of its human services contractors notice that covered employees of such contractors must comply with the requirement of Paragraph 4 of this Order and request a response from each such contractor, as soon as possible, with regard to the contractor's intent to follow this Order.

8. Nothing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law.

9. This Order shall not apply to individuals who already are subject to another Order of the Commissioner of Health and Mental Hygiene, Board of Health, the Mayor, or a State or federal entity that requires them to provide proof of full vaccination and have been granted a reasonable accommodation to such requirement.

10. This Order shall not apply to per diem poll workers hired by the New York City Board of Elections to conduct the election scheduled for November 2, 2021.

11. Subject to the authority of the Board of Health to continue, rescind, alter or modify this Order pursuant to Section 3.01(d) of the Health Code, this Order shall be effective immediately and remain in effect until rescinded, except that Paragraph 5 of this Order will be deemed repealed on December 1, 2021.

Dated: October 20, 2021

_____
Dave A. Chokshi, M.D., MSc
Commissioner

JA-143

# EXHIBIT B


**SCHEINMAN**
ARBITRATION & MEDIATION SERVICES

September 10, 2021

<u>**Via E-Mail Only**</u>
Renee Campion, Commissioner
Steven H. Banks, Esq.
New York City Office of Labor Relations
The Office of Labor Relations
22 Cortlandt Street, 14th Floor
New York, NY 10007

Alan M. Klinger, Esq.
Stroock & Stroock & Lavan, L.L.P.
180 Maiden Lane, 33rd Floor
New York, NY 10038

Beth Norton, Esq.
Michael Mulgrew, President
United Federation of Teachers
52 Broadway, 14th Floor
New York, NY 10004

**Re:   Board of Education of the City School District of the City of New York
       and
       United Federation of Teachers, Local 2, AFT, AFL-CIO
       (Impact Bargaining)**

Dear Counsel:

Enclosed please find my Award in the above referenced matter.

Thank you.

Sincerely,

Martin F. Scheinman

MFS/sk
BOE.UFT.Impact Bargaining.awd

```
--------------------------------- X
In the Matter of the Arbitration
                                  X
          between
                                  X
BOARD OF EDUCATION OF THE CITY           Re: Impact Bargaining
SCHOOL DISTRICT OF THE CITY OF    X
NEW YORK
                                  X
          "Department"
                                  X
          -and-
                                  X
UNITED FEDERATION OF TEACHERS,
LOCAL 2, AFT, AFL-CIO             X
                                  X
          "Union"
                                  X
--------------------------------- X
```

**APPEARANCES**

> **For the Department**
>   Renee Campion, Commissioner of Labor Relations
>   Steven H. Banks, Esq., First Deputy Commissioner
>   and General Counsel of Labor Relations

> **For the Union**
> STROOCK & STROOCK & LAVAN, L.L.P.
>       Alan M. Klinger, Esq.

> Beth Norton, Esq., UFT General Counsel
> Michael Mulgrew, UFT President

**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

**BACKGROUND**

The Union ("Union" or "UFT") protests the Department of Education's ("Department" or "DOE") failure to reach agreement on the impact of its decision mandating all employees working in Department buildings show proof they started the Covid-19 vaccination protocols by September 27, 2021. The Union contends the Department failed to adequately provide, among other things, for those instances where employees have proof of a serious medical condition making the vaccine a danger to their health, as well as for employees who have a legitimate religious objection to vaccines.

Most of the basic facts are not in dispute.

For those in the New York City ("NYC" or "City") metropolitan area, we are now in the 18th month of the Covid-19 pandemic. During that time, we have seen substantial illness and loss of life. There have been periods of significant improvement and hope, but sadly, we have seen resurgence with the Delta variant. Throughout this period, NYC and its municipal unions have worked collaboratively to provide needed services for the City's 8.8 million residents in as safe an environment as possible. Yet, municipal employees have often borne great risk. The Department and the UFT are no exception. The DOE and the UFT immediately moved to remote instruction and then later a hybrid model of both in-person and remote learning for the 2020-2021 school year. Educators at all levels strove to deliver the best experience possible under strained circumstances. For this

2

JA-147

coming school year, both the DOE and the UFT have endeavored to return, as much as possible, to in-person learning.  They have developed protocols regarding masking and distancing to effectuate a safe environment for the City's students and educators.

To this end, the Delta resurgence has complicated matters.  In recognition of increased risk, there have been various policies implemented at City agencies and other municipal entities. Mayor de Blasio in July 2021 announced a "Vaccine-or-Test" mandate which essentially requires the City workforce, including the UFT's educators, either to be vaccinated or undergo weekly testing for the Covid-19 virus effective September 13, 2021.

Most relevant to this matter, on August 23, 2021, the Mayor and the NYC Commissioner of Health and Mental Hygiene, David A. Chokshi, MD, announced a new policy for those workforces in NYC DOE buildings. Those employees would be subject to a "Vaccine Only" mandate.  That is, such employees would need to show by September 27, 2021, they had at least started the vaccination protocol or would not be allowed onto DOE premises, would not be paid for work and would be at risk of loss of job and benefits.  This mandate was reflected in an Order of Commissioner Chokshi, dated August 24, 2021.  That Order, by its terms, did not expressly provide for exceptions or accommodations for those with medical contraindications to vaccination or sincerely-held religious objections to inoculation. Nor did it address matters of due process with regard to job and benefits protection.

3

**JA-148**

The UFT promptly sought to bargain the impact and implementation of the Vaccine Only mandate. A number of discussions were had by the parties but important matters remained unresolved.

On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") as to material matters. The City/DOE did not challenge the statement of impasse and PERB appointed me to mediate the matters. Given the exigencies of the imminent start of the school year and the coming of the September 27, 2021, mandate, together with the importance of the issues involved to the workforce, mediations sessions were held immediately on September 2, 3, 4 and 5, 2021, with some days having multiple sessions. Progress was made, and certain tentative understandings were reached, but significant matters remained unresolved. By agreement of the parties, the process moved to arbitration. They asked I serve as arbitrator.[1]

Arbitration sessions were held on September 6 and 7, 2021. During the course of the hearings, both sides were given full opportunity to introduce evidence and argument in support of their respective positions. They did so. Both parties made strenuous and impassioned arguments reflecting their viewpoints on this entire issue.

During the course of these hearings, I made various interim rulings concerning the impact of the "Vaccine Only" mandate. I then

---

[1] My jurisdiction is limited to the issues raised during impact bargaining and not with regard to the decision to issue the underlying "Vaccine Only" order.

4

directed the parties to draft language reflecting those rulings. Even though I am very familiar with the language of the current Collective Bargaining Agreement, as well as the parties' relationship since I am a member of their permanent arbitration panel and have served as a fact-finder and mediator during several rounds of bargaining, I concluded the parties are more familiar with Department policy and how leave and entitlements have been administered in accordance with prior agreements. As such, my rulings reflect both the understandings reached during the negotiations prior to mediation, those reached in the mediation process and the parties' agreed upon language in response to my rulings. All are included, herein.

I commend the parties for their seriousness of purpose and diligence in addressing these complicated matters. The UFT made clear it supports vaccination efforts and has encouraged its members to be vaccinated. Nonetheless, as a Union, it owes a duty to its members to ensure their rights are protected. The City/DOE demonstrated recognition of the importance of these issues, particularly with regard to employees' legitimate medical or religious claims. I appreciate both parties' efforts in meeting the tight timeline we have faced and the professionalism they demonstrated serving the citizens of the City and what the million plus students deserved. They have invested immense effort to insure such a serious issue was litigated in such a thoughtful way.

Yet, in the end, it falls to me, as Arbitrator, to arrive at a fair resolution of the matters at hand.

This matter is one of the most urgent events I have been involved with in my forty (40) plus years as a neutral. The parties recognized the complexity of the issues before me, as well as the magnitude of the work that lies ahead to bring this conflict to completion in a timely manner. For this reason, they understood and accepted the scope and complexity of this dispute could not be handled by me alone. They agreed my colleagues at Scheinman Arbitration and Mediation Services ("SAMS") would also be involved.

I want to thank my colleagues at SAMS, especially Barry J. Peek, for their efforts and commitment to implementing the processes to resolve this matter. This undertaking could not be accomplished by any single arbitrator.

**Opinion**

After having carefully considered the record evidence, and after having the parties respond to countless inquiries. I have requested to permit me to make a final determination, I make the rulings set forth below. While some of the language has been drafted, initially, by the parties in response to my rulings, in the end the language set forth, herein, is mine alone. I hereby issue the following Award:

**I.   Exemption and Accommodation Requests & Appeal Process**

As an alternative to any statutory reasonable accommodation

6

process, the City, the Board of Education of the City School District for the City of New York (the "DOE"), and the United Federation of Teachers, Local 2, AFT, AFL-CIO (the "UFT"), (collectively the "Parties") shall be subject to the following Expedited Review Process to be implemented immediately for full-time staff, H Bank and non-pedagogical employees who work a regular schedule of twenty (20) hours per week or more inclusive of lunch, including but not limited to Occupational Therapists and Physical Therapists, and Adult Education teachers who work a regular schedule of twenty (20) or more hours per week. This process shall only apply to (a) religious and medical exemption requests to the mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions and the requested accommodation is that the employee not appear at school. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system no later than Monday, September 20, 2021, by 5:00 p.m.

> A. Full Medical Exemptions to the vaccine mandate shall only be considered where an employee has a documented contraindication such that an employee cannot receive any of the three (3) authorized vaccines (Pfizer, Moderna, J&J)—with contraindications delineated in CDC clinical

7

considerations for COVID-19 vaccination. Note that a prior immediate allergic reaction to one (1) type of vaccine will be a precaution for the other types of vaccines, and may require consultation with an allergist.

B. Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:

o Within the isolation period after a COVID-19 infection;

o Within ninety (90) days of monoclonal antibody treatment of COVID-19;

o Treatments for conditions as delineated in CDC clinical considerations, with understanding CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;

o Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

JA-153

Length of delay for these conditions may vary, and the employee must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described, above.

C. Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D. There are cases in which, despite an individual having sought and received the full course of the vaccination, he or she is unable to mount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case shall be reviewed for potential accommodation. Medical accommodation requests must be documented in writing by a medical doctor.

E. The initial determination of eligibility for an exemption or accommodation shall be made by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee

9

Relations. These determinations shall be made in writing no later than Thursday, September 23, 2021, and, if denied, shall include a reason for the denial.

F. If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE within one (1) school day of the DOE's issuance of the initial eligibility determination.   The request for appeal shall include the reason for the appeal and any additional documentation. Following the filing of the appeal, any supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services ("SAMS") within forty eight (48) hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond forty eight (48) hours and permit the use of CAR days after September 27, 2021, for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G. A panel of arbitrators identified by SAMS shall hear these appeals, and may request the employee or the DOE submit additional documentation. The assigned arbitrator may also request information from City and/or DOE Doctors as part of the review of the appeal documentation.   The assigned

10

arbitrator, at his or her discretion, shall either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the arbitrator requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall be held via Zoom telecommunication and shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the arbitrator's request shall be provided to the DOE at least one (1) business day before the hearing or the issuance of the written decision without hearing.

H. Appeal decisions shall be issued to the employee and the DOE no later than Saturday September 25, 2021. Appeal decisions shall be expedited without full Opinion, and final and binding.

I. While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll consistent with Section K below. However, if a larger number of employees than anticipated have a pending appeal as of September 27, 2021, as determined by SAMS, SAMS may award different interim relief consistent with the parties' intent. Those employees who are vaccinated and have applied for an

11

accommodation shall have the ability to use CAR days while their application and appeal are pending.  Should the appeal be granted, these employees shall be reimbursed any CAR days used retroactive to the date of their initial application.

J. The DOE shall cover all arbitration costs from SAMS under this process.  To the extent the arbitrator requests additional medical documentation or information from the DOE, or consultation with City and/or DOE Doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the DOE.

K. An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. Such employees may be assigned to work outside of a school building (e.g., at DOE administrative offices) to perform academic or administrative functions as determined by the DOE while the exemption and/or accommodation is in place. For those with underlying medical issues granted an accommodation under Section I(D), the DOE will make best efforts to ensure the alternate work setting is appropriate for the employee's medical needs.  The DOE shall make best efforts to make these assignments within the same borough as

12

**JA-157**

the employee's current school, to the extent a sufficient number of assignments exist in the borough. Employees so assigned shall be required to submit to COVID testing twice per week for the duration of the assignment.

L. The process set forth, herein, shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school. The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

## II. <u>Leave</u>

A. Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the DOE and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

13

B. Except as otherwise noted, herein, this leave shall be treated consistent with other unpaid leaves at the DOE for all purposes.

C. During such leave without pay, employees shall continue to be eligible for health insurance. As with other DOE leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the DOE prior to November 30, 2021, shall have a right of return to the same school as soon as is practicable but in no case more than one (1) week following notice and submission of documentation to the DOE.

E. Pregnancy/Parental Leave

    i.   Any soon-to-be birth mother who starts the third trimester of pregnancy on or before September 27, 2021, (e.g. has a due date no later than December 27, 2021), may commence UFT Parental Leave prior to the child's birth date, but not before September 27, 2021.

    ii.  No documentation shall be necessary for the early use of Parental Leave, other than a doctor's written assertion the employee is in her third trimester as of September 27, 2021.

    iii. Eligible employees who choose to start Parental Leave prior to the child's birth date, shall be required to first use CAR days until either: 1) they exhaust CAR/sick days,

14

at which point the Parental Leave shall begin, or 2) they give birth, at which point they shall be treated as an approved Parental Leave applicant for all purposes, including their prerogative to use additional CAR days prior to the commencement of Parental Leave.

iv.   Eligible employees who have a pregnancy disability or maternity disability outside of the regular maternity period may, in accordance with existing rules, borrow CAR/sick days and use a Grace Period.  This eligibility to borrow CAR/sick days does not apply to employees during the regular maternity recovery period if they have opted to use Parental Leave.

v.   In the event an eligible employee exhausts CAR/sick days and parental leave prior to giving birth, the employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child.   As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).

vi.   If not otherwise covered by existing Family Medical Leave Act ("FMLA") or leave eligibility, an employee who takes Parental Leave before the birth of the child shall be eligible to be on an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section)

15

**JA-160**

vii.   All other eligibility and use rules regarding UFT Parental
Leave as well as FMLA remain in place.

### III. Separation

A. During the period of September, 28, 2021, through October 29,
2021, any employee who is on leave without pay due to
vaccination status may opt to separate from the DOE. In order
to separate under this Section and receive the commensurate
benefits, an employee must file a form created by the DOE which
includes a waiver of the employee's rights to challenge the
employee's involuntary resignation, including, but not limited
to, through a contractual or statutory disciplinary process. If
an employee opts to separate consistent with this Section, the
employee shall be eligible to be reimbursed for unused CAR days
on a one (1) for one (1) basis at the rate of 1/200th of the
employee's salary at departure per day, up to 100 days, to be
paid following the employee's separation with documentation
including the general waiver and release. Employees who elect
this option shall be deemed to have resigned involuntarily
effective on the date contained in the general waiver as
determined by the DOE, for non-disciplinary reasons.    An
employee who separates under this Section shall continue to be
eligible for health insurance through September 5, 2022, unless
they are eligible for health insurance from another source
(e.g., a spouse's coverage or another job).

16

B. During the period of November 1, 2021, through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section, and continue to receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the DOE before September 5, 2022, shall have a right to return to the same school as soon as is practicable but in no case more than two (2) weeks following notice to the DOE. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022, shall be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the DOE shall seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions

contained, herein, all parties retain all legal rights at all times relevant, herein.

September 10 , 2021.

_____
Martin F. Scheinman, Esq.
Arbitrator


STATE OF NEW YORK        )
                         )   ss.:
COUNTY OF NASSAU         )


I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

September 10 , 2021.

_____
Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.Impact Bargaining.awd

18

# EXHIBIT C

JA-164

**Memorandum of Agreement**
**District Council 37, City of New York,**
**and the Board of Education of the City School District for the City of New York**

**WHEREAS;** The Commissioner of the Department of Health and Mental Hygiene has issued an order mandating that all Department of Education staff and other City employees working in school settings be vaccinated against COVID-19 by October 1, 2021; and

**WHEREAS;** the parties desire to reach agreement regarding a process for requests for exemptions to this mandate and the leave status of those who do not comply with the mandate;

**NOW THEREFORE,** the parties agree as follows:

I.   **Exemption and Accommodation Requests & Appeal Process**

As an alternative to any statutory reasonable accommodation process, the City of New York (the "City"), the Board of Education of the City School District for the City of New York (the "DOE"), and the District Council 37, (collectively the "Parties") shall be subject to the following Review Process to be implemented immediately for full-time staff and staff who work a regular schedule of 20 or more hours per week employed by the DOE and by the Department of Health and Mental Hygiene (DOHMH) and working in DOE schools. This process shall only apply to (a) religious and medical exemption requests to the mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions and the requested accommodation is that the employee not appear at school. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system for DOE employees or to DOHMH's EEO office, on a form created by EEO, for DOHMH employees, no later than 5pm on Tuesday, October 5th.

A.   Full Medical Exemptions to the vaccine mandate shall only be considered where an individual has a documented contraindication such that an individual cannot receive any of the 3 authorized vaccines (Pfizer, Moderna, J&J)—with contraindications delineated in CDC clinical considerations for COVID-19 vaccination.  Note that a prior immediate allergic reaction to one type of vaccine will be a precaution for the other type of vaccine, and may require consultation with an allergist.

B.   Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:
   o   Within the isolation period after a COVID-19 infection;
   o   Within 90 days of monoclonal antibody treatment of COVID-19;
   o   Treatments for  conditions as delineated in CDC clinical considerations, with understanding that CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate

documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;

o   Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of delay for these conditions may vary, and staff member must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described above.

C.   Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature.  Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D.   There are cases in which, despite an individual having sought and received the full course of the vaccination, they are unable to amount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case should be reviewed for potential accommodation.  Medical accommodation requests must be documented in writing by a medical doctor.

E.   The initial determination of eligibility for an exemption or accommodation shall be made for DOE employees by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee Relations, and for DOHMH employees by DOHMH's EEO office. These determinations shall be made in writing no later than Friday, October 8th and, if denied, shall include a reason for the denial.

F.   If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE for DOE employees and to DOHMH's EEO office for DOHMH employees within 48 hours of the agency's issuance of the initial eligibility determination.  Those employees who have already applied for an exemption or accommodation and received a determination from DOE shall be notified by DOE of their right to appeal and such appeal shall be made in SOLAS within 48 hours of receipt of such notification. The request for appeal should include the reason for the appeal and any additional documentation. Following the filing of the appeal, any supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services ("SAMS") within 48 hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient

documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond 48 hours for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G.  A panel of arbitrators identified by SAMS shall hear these appeals and may request that the employee or the agency submit additional documentation. The assigned arbitrator may also request information from City and/or DOE doctors as part of the review of the appeal documentation.  The assigned arbitrator, at his/her discretion, will either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the panel requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the Arbitrator's request must be provided to the agency at least one business day before the hearing or the issuance of the written decision without hearing.

H.  Appeal decisions shall be expedited without full Opinion, and the decision is final and binding.

I.  While the exemption/accommodation review process and/or any appeal is pending the individual shall remain on Leave without pay with Health Benefits. Those employees who are vaccinated and have applied for an accommodation will have the ability to use sick and/or annual leave while their application and appeal are pending, should the appeal be granted, these employees will be reimbursed any sick and/or annual leave used retroactive to the date of their initial application.

J.  The employing agency shall cover all arbitration costs from SAMS under this process. To the extent that the arbitrator requests additional medical documentation or information from the agency, or consultation with City and/or DOE doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the agency.

K.  An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll while the exemption and/or accommodation is in place, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. In order to keep the employee on payroll, the agency may, in its discretion:

I.  Assign the employee to work outside of a school building (e.g., at DOE administrative offices for DOE employees, or at other DOHMH locations for DOHMH employees) to perform functions as determined by the agency.

II.    Assign the employee to work on alternative shifts, with no payment of any shift differentials.

III.    Temporarily detail the employee to perform work for another City agency which is not subject to a vaccination mandate.

IV.    Assign the employee to continue in their current non-school-based assignment and work location subject to the terms set forth herein or to an alternative non-school-based location to perform functions as determined by the DOE.

L.    For those with underlying medical issues granted an accommodation under Section I(D), the agency will make best efforts to ensure that the alternate work setting is appropriate for the employee's medical needs.  The agency shall make best efforts to make these assignments within the same borough as the employee's current work location, to the extent such assignment exists.  DOE employees assigned to alternative assignments shall be required to submit to COVID testing twice per week for the duration of the assignment. DOHMH employees so assigned shall be required to comply with DOHMH's testing policy for unvaccinated employees.

M.    The process set forth herein shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is that the employee not appear at school.  The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth herein is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

N.    A 12-month employee who is granted a full (i.e., not temporary) medical or religious exemption under this process whose exemption or accommodation is not extended past the end of the school year shall have the right to elect to be placed on leave without pay with health benefits through September 5, 2022 pursuant to all the terms and conditions set forth in Section III(B) of this agreement. Such election must be made within two weeks of the date the exemption of accommodation ceased.

## II.    <u>Leave</u>

A.    Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has a pending exemption request or has requested an exemption which has been denied, may be placed by the agency on leave without pay effective October 4, 2021 through November 30, 2021. Such leave may be unilaterally imposed by the agency and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

B. Except as otherwise noted herein, this leave shall be treated consistent with other unpaid leaves at the agency for all purposes.

C. During such leave without pay, employees shall continue to be eligible for health benefits. As with other agency leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the agency prior to November 30, 2021 shall have a right of return to active duty as soon as is practicable but in no case more than one week following notice and submission of documentation to the agency.

E. Pregnancy/Parental Leave
   i. Any soon-to-be birth mother who starts the third trimester of pregnancy on or before October 1, 2021 (e.g. has a due date no later than January 1, 2022), may utilize sick leave, annual leave, and/or compensatory time prior to the child's birth date, but not before October 1, 2021. Upon giving birth, they shall be eligible for paid family leave ("PFL") or FMLA in accordance with existing law and rules.
   ii. No documentation shall be necessary for this use of accrued leave, other than a doctor's written assertion that the employee is in her third trimester as of October 1, 2021.
   iii. In the event that an eligible employee exhausts accrued leave prior to giving birth, that employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child. As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).
   iv. If not otherwise covered by existing FMLA or leave eligibility, an employee who exhausts their leave before the birth of the child will be eligible to be in an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section).
   v. All other eligibility and use rules regarding use of sick leave, annual leave, compensatory time, paid family leave, and FMLA remain in effect.
   vi. Except as provided in this subsection E, no employee placed on leave without pay pursuant to this agreement may return to another leave status (e.g., annual leave, sick leave, FMLA) after going on leave without pay.

## III.  Separation

A. During the period of October 4, 2021 through October 29, 2021 any employee who is on leave without pay due to vaccination status may opt to separate from the agency. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to

challenge the employee's involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused sick leave on a one-for-one basis, up to 100 days to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the agency, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health benefits through September 5, 2022, unless they have health insurance available from another source (e.g., a spouse's coverage or another job).

B. During the period of November 1st through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section and continue to receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health benefits through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the agency before September 5, 2022, shall have a right to return to active duty as soon as is practicable but in no case more than two weeks following notice to the agency. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022 will be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the agency will seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions contained herein, all parties retain all legal rights at all times relevant herein.

**FOR THE CITY OF NEW YORK**

BY:_____
RENEE CAMPION
Commissioner of Labor Relations

**FOR THE BOARD OF EDUCATION**

BY:_____*Randy J. Asher*_____
RANDY ASHER
Deputy CEO, Labor Policy

Case 23-663, Document 48, 08/01/2023, 3549860, Page178 of 242

JA-170

**FOR DISTRICT COUNCIL 37**          **FOR LOCAL 372**

BY                                    BY
    HENRY GARRIDO                         SHAUN D. FRANCOIS I
    Executive Director                    President


Dated   October 3   , 2021

JA-171

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
In the Matter of the Application of ANDREW ANSBRO,
as President of the Uniformed Firefighters Association
(UFA),                                                    Index No.

                                    Petitioner,  **VERIFIED PETITION**

For a Judgment Pursuant to Article 78 of
the Civil Practice Law and Rules, vacating the mandatory
vaccination order issued by Respondents for all City
employees to the extent that it is applied to firefighters, fire
marshals, marine pilots and marine engineers employed by
the Fire Department of the City of New York,

                    -against-

Bill de Blasio, as Mayor of the City of New York; The City
of New York; The New York City Department of Health
and Mental Hygiene; and the Fire Department of the City of
New York,

                                    Respondents.
-------------------------------------------------------------------X

    Petitioner, Andrew Ansbro, as President of the Uniformed Firefighters Association (UFA),

on behalf of his union members, as and for his Petition, pursuant to Articles 78 and 63 of the

Civil Practice Law and Rules, to vacate the arbitrary, capricious and unlawful order of the New

York City Commissioner of Health and Mental Hygiene, dated October 20, 2021, requiring

COVID-19 vaccinations by 5:00 p.m. on October 29, 2021 for virtually all city employees, to the

extent that it applies to UFA members (collectively referred to as herein as "firefighters") and to

enjoin Respondents from implementing that order so as to:

    (a) Prevent the summary discipline, in the form of forced unpaid leave and eventual

        termination of UFA members if they remain unvaccinated, which discipline would be

        arbitrary, capricious and unlawful and a violation of the members' due process rights;

1

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP  Document 15-4  Filed 11/29/21  Page 3 of 23 PageID #: 203

(b) Prevent the violation of bodily integrity for those employees who would be forced to undergo vaccination without due process of law.

(c) Prevent the arbitrary, capricious, unlawful and medically unnecessary exposure of employees to the dangers posed by vaccination when those employees have previously contracted and survived the COVID-19 virus and who have therefore produced antibodies that provide at least the same or greater protection against reinfection as would be provided by vaccination; and

(d) Prevent the arbitrary, capricious and unlawful denial of valid medical or religious exemptions under the vaccine mandate as conceived by Respondents.

### PRELIMINARY STATEMENT

1. On October 20, 2021, the Commissioner of Health and Mental Hygiene of the City of New York issued an Order annexed hereto as Exhibit A, mandating that nearly all City employees submit proof of at least one dose of COVID-19 vaccine by 5:00 p.m. on October 29, 2021. A subsequent "FAQ" sheet (herein referred to as "Guidance") issued by the City (Exhibit B) makes clear that those who fail to comply or seek a reasonable accommodation by October 27, 2021, would be placed on leave without pay status (LWOP) and would eventually be terminated "in accordance with procedures required by the Civil Service Law or applicable collective bargaining agreement." (Exhibit B, p. 13).

2. The draconian Order and Guidance were issued without any negotiation with the labor unions representing the affected employees. Indeed, it was issued at a time

2

JA-174

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 4 of 23 PageID #: 204

when COVID-19 infection rates in the City of New York are low and the pandemic appears well under control. For example, on October 21, 2021, there were only 1187 new cases of COVID and a 7-day average of 1283 cases, compared to 2,702 new cases on April 14, 2021 and a 7-day average of 3,247 cases. (Data Obtained From New York Times Chart, updated 10/26/21)).

3. More importantly, the challenged mandate ignores the fact that commencing on September 13, 2021, Respondents implemented a "VAX-TEST" program in city agencies, including the FDNY, that required employees to be vaccinated against the COVID-19 virus or submit to weekly COVID-19 PCR diagnostic tests to prove they were negative for the virus.

4. The VAX-TEST policy has been very successful and nothing has happened since its inception to justify the new vaccination mandate. FDNY operations have proceeded smoothly since September 13, 2021 and there is no proof of increasing COVID-19 in the FDNY ranks. Indeed, I am informed that unvaccinated FDNY firefighters have not contracted COVID-19 at any rate higher than those vaccinated. The Respondents have produced no evidence that the virus is increasing in firehouses or the public, due to exposure to firefighters since the VAX-TEST has been in place. The vaccination mandate also ignores the scientifically proven fact that firefighters who have previously contracted the virus and are no longer infected, have a natural immunity, through production of antibodies, that it is at least as effective as the authorized vaccines in preventing reinfection. Nothing in the challenged mandate nor the subsequent guidance even mentions, much less addresses, the antibody immunity issue.

3

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1          Case 1:21-cv-06586-KAM-CLP  Document 15-4  Filed 11/29/21  Page 5 of 23 PageID #: 205          RECEIVED NYSCEF: 10/29/2021

Approximately 70 percent of the about 11,000 firefighters and fire officers in the FDNY have previously had COVID-19 and are no longer symptomatic. Thus, they presently possess natural immunity from further infection.

5. The imposed policy is also wholly inadequate in providing reasonable accommodation for medical, religious or other potential bases for exemption. The Guidance (Exhibit B) addresses "reasonable accommodation" by initially stating that "medical or religious accommodations will only be granted in limited circumstances" (See Exhibit B, p. 6). It gives only limited "guidance" on the medical evidence that will be accepted to qualify and virtually no guidance for the religious exemption. The policy then directs employees to seek accommodations by speaking to "their EEO officer regarding potential reasonable accommodation." The FAQ also requires that employees apply for reasonable accommodation by October 27, 2021, only 7 days after a new mandate was promulgated and even less than 6 days after the FAQ was published. Employees who apply after October 27th will be placed on LWOP status until the reasonable accommodation application is decided, including appeals.

6. The challenged Order is also a violation of due process rights of unvaccinated UFA members, whether previously infected or not, by completely depriving those who decline vaccination of their ability to perform their chosen occupation as professional firefighters. In doing so, they are being deprived of their property rights without due process of law under the New York State Constitution, Article 1, Section 6 and New York Civil Service Law, Section 75. Unlike previous

4

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1    Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 6 of 23 PageID #: 206   RECEIVED NYSCEF: 10/29/2021

challenges to the Mayor's vaccination mandate by educational professionals, the individuals represented by the UFA who refuse vaccination will not only have a difficult time finding jobs as professional firefighters or fire marshals outside of the City of New York, they will not be able to find those jobs <u>at all</u>.

7. There are very few paid professional fire departments in the State of New York and all have maximum age requirements as well as Civil Service testing procedures and generally significantly less compensation than received by FDNY members. It is simply not realistic to believe that UFA members that lose their jobs due to the October 20, 2021 mandate would be able to be reemployed as professional firefighters. Thus the challenged order violates the rights of UFA members by ignoring their bodily integrity, their right to decide which medical procedures they will undergo and their vested property interest in their occupation, without due process of law.

8. The vaccine mandate is ill-conceived, was hurriedly promulgated, fails to fairly treat firefighters and is arbitrary, capricious and unlawful.

9. Accordingly, emergency relief from this Court is required.

## PARTIES

10. The UFA is an unincorporated association with its principal place of business in the City and County of New York. It is a labor union and the exclusive bargaining agent for all FDNY firefighters.

11. Petitioner Andrew Ansbro is the duly elected President of the UFA.

12. Respondent Bill De Blasio is the Mayor of the City of New York.

5

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 7 of 23 PageID #: 207

13. Respondent City of New York is a municipal corporation with its principal office located in New York County.

14. Respondent Department of Health and Mental Hygiene (DOHMH) is an agency of the City and responsible for the health of New York City residents. It is located in the City and County of New York.

15. Respondent FDNY is a city agency with its principal place of business located in the County of Kings, City of New York.

### JURISDICTION AND VENUE

16. This Court has jurisdiction to hear this matter pursuant to Articles 78 and 63 of the CPLR.

17. No prior application for this relief has been made to this Court.

18. Venue is proper pursuant to CPLR 7804(b) and CPLR 506(b), because the material events in this matter otherwise took place principally in New York County.

19. Venue is also proper because Respondents City and DOHMH are located in New York County.

### FACTS

20. On March 12, 2020, New York City Mayor Bill de Blasio declared a state of emergency for New York City, based upon the health risks posed by the COVID-19 pandemic.

21. FDNY firefighters, despite the then risks inherent in sleeping, eating and working in firehouses as well as responding to fires and medical and other emergencies,

6

JA-178

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM INDEX NO. 159738/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP Document 15-4 Filed 11/29/21 Page 8 of 23 PageID #: 208

never wavered in their commitment and dedication to the safety of New Yorkers, even at the height of the pandemic. They did their jobs.

22. I am informed that as a result, approximately 70 percent of the nearly 11,000 firefighters and fire officers contracted the COVID-19 virus. Thankfully, only 1 firefighter has died. The others survived and still are protecting the citizens of the City.

23. There is no evidence that the infection rates of firefighters have increased or are worse for unvaccinated versus vaccinated firefighters. Indeed, it currently appears that only a very small percentage of the firefighters have the virus - far less than at the apex of the pandemic.

### "VAX-TEST"

24. In a reasonable effort to control the virus amongst city employees, Mayor de Blasio, on August 31, 2021 issued Executive Order 78 (Exhibit C) requiring that, commencing on September 13, 2021, city employees be vaccinated against COVID-19 or submit weekly proof of a negative COVID-19 PCR test.

25. The FDNY thereafter adopted a process whereby firefighters who failed to submit proof of vaccination could continue working as long as they had negative PCR test results. Those PCR tests were conducted on city time and at the city's expense.

26. What is particularly frustrating regarding the mandate we challenge herein, is that it completely fails to recognize the success of the VAX-TEST program to date.

7

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 9 of 23 PageID #: 209

27. As noted above, the rate of infection in firefighters has been steadily decreasing and there is no evidence that unvaccinated firefighters are contracting COVID-19 at a higher rate than those that have not been vaccinated.

28. Nevertheless, on October 20, 2021 the challenged mandate was issued. It would summarily end the successful VAX-TEST program and replace it with a process that would potentially put a significant number of firefighters on unpaid leave while facing termination with loss of income, health coverage and pension benefits.

29. The mandate completely fails to explain why the VAX-TEST policy is insufficient and needs to be discarded. Indeed, nothing has changed regarding the transmission of COVID-19 since the inception of the VAX-TEST policy, except that the policy has been successful. The Mayor has offered no evidence to justify getting rid of the VAX-TEST policy and replacing it with a blanket vaccine mandate. The decision to do so is irresponsible and irrational. The vaccine mandate would unnecessarily deprive firefighters of their vested property right to the employment in violation of due process of law.

**NATURAL IMMUNITY**

30. The vaccination mandate, while claiming it is "necessary for the health and safety of the city and its residents" (Exhibit A, pp 2-3) and rescinding the VAX-TEST policy, offers no explanation or rationale for compelling firefighters to be vaccinated even though they have previously acquired natural immunity from the virus.

8

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM     INDEX NO. 159738/2021
NYSCEF DOC. NO. 1     RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 10 of 23 PageID #: 210

31. There is substantial evidence that immunity acquired by having and surviving COVID-19, is at least as effective as vaccine required immunity.

32. An Israeli study of over 187,000 unvaccinated COVID-19 positive individuals, who tested positive between June 1, 2020 and September 30, 2020 and were thereafter monitored through March 20, 2021, showed only 894 (0.48 percent) were re-infected.[1]

33. A similar study by the Cleveland Clinic of 1,359 infected individuals who were unvaccinated, which study was conducted over a 5-month period, showed zero reinfections and concluded that individuals who had the virus and recovered were "unlikely to benefit from COVID-19 vaccination."[2]

34. Even more persuasive is the very thorough and thoughtful Affidavit of Dr. Jayanta Bhattacharya, M.D. annexed hereto as Exhibit "D". Dr. Bhattacharya is the former President of Medicine at Stanford University School of Medicine and current Professor of Health Policy at that school.

35. The doctor supplied the attached Affidavit without compensation, stating his participation has "been motivated solely by [his] commitment to public health." Exhibit "D", p. 3)

36. In his Affirmation, Dr. Bhattacharya carefully reviews the relevant scientific data regarding the spread of the COVID-19 virus and its variants. He focuses on the dangers or lack thereof of vaccination for previously infected employees and

---

[1] Yair Goldberg, et al., Protection of Previous SARS-CoV-2 Infection is Similar to that of BNT 162b Vaccine Protection: A 3-Month Nationwide Experience In Israel April 24, 2021)(Available at https://www.medrxiv.org/content/10.1101/2021.04.20.21255670v1.full-text).

[2] Nabin K. Shrestha, et al., Necessity of COVID-19 Vaccination in Previously Infected Individuals (June 5, 2021) (Available at https://www.medrxiv.org/content/10.1101/2021.06.01.21258176v2.full-text).

9

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM                INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 11 of 23 PageID #: 211

whether the natural immunity they possess is sufficient to eliminate the need for

vaccination.

37. On page 4 of his Affidavit, the doctor states:


"My opinions are partly summarized in a recent article I published and which
I reaffirm here: "[R]ecovered COVID patients have strong long-lasting protection
against severe disease if reinfected, and evidence about protective immunity after
natural infection is at least as good as from the vaccines. Hence, it makes no
sense to require vaccines for recovered patients. For them, it simply adds a risk,
however small, without any benefit."

I also offer my opinion that certain individuals may face heightened risk of
vaccine side effects. Though the vaccines are safe for most patients, the FDA has
identified a heightened risk of myocarditis and pericarditis after vaccination with
the mRNA vaccines – especially for young men. It has also identified a
heightened risk of clotting abnormalities in young women taking the adenovirus
vector vaccine. Even more importantly, the vaccine has not been thoroughly
tested for safety and efficacy in patients with certain chronic conditions such as
Multiple Sclerosis, so there is still considerable scientific uncertainty about these
heightened risks for some patients.

I also conclude, within a reasonable degree of medical certainty, that the FDNY
can safely accommodate COVID-recovered workers by exempting them from
vaccine requirements since they possess better immunity via prior infection than a
vaccinated worker who never had COVID possesses from vaccination.

The FDNY could also within a reasonable degree of medical certainty, safely
accommodate those employees who have not previously been infected with from
COVID-19 but have religious or medical reasons for not wanting the vaccine by
requiring daily symptom checking paired with rapid antigen tests to confirm if a
worker is infectious. To reduce the risk from asymptomatically infected workers,
the FDNY can require workers to conduct weekly PCR or antigen tests, though if
it adopts this accommodation, it would be best practice to require it of both
vaccinated and unvaccinated workers since both groups can spread the virus when
infected and, rarely, asymptomatically. If implemented, these accommodations
would keep FDNY 's workforce and the public they serve as safe as possible from
the risk of COVID infection, while preserving the employment of thousands of
loyal FDNY members."

10

JA-182

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                                 RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 12 of 23 PageID #: 212

38. These conclusions are not based upon speculative theories but are based on scientific research by a respected professional. Dr. Bhattacharya is frequently published and holds MD and PhD degrees from Stanford University and he has "dedicated" his "professional career to the analysis of health policy, including infectious disease epidemiology policy and the safety and efficacy of medical intervention." (Exhibit "D" p. 2).

39. Thus, Dr. Bhattacharya provides sound and persuasive evidence of the arbitrary nature of the challenged order which provides no vaccine exception to the many firefighters who have previously contracted the COVID-19 virus and survived and developed a natural immunity to it.

40. The vaccine mandate of October 20, 2021 contains no evidentiary data to support its broad scope or application to firefighters and fails to address that firefighters are not a significant source of the spread of COVID-19[3]. It does not address the issue of widespread natural immunity nor the undisputed success of the VAX-TEST policy.

## STATUTORY VIOLATIONS

41. The broad punitive scope of the vaccine mandate not only is arbitrary and capricious, it also violates the rights of firefighters under the statues prohibiting discrimination on the basis of religion or disability that require the City, through the FDNY, to provide reasonable accommodation to employees, who due to religious or medical reasons cannot fulfill the conditions of their jobs.

---

[3] According to a December 11, 2020 report on NY1, entitled "What's New York's Contact Tracing Show" (available at https://Spectrumlocalnews.com/NYS/Central-NY/NY.State-of-Politics/2020/12/11/). The State's Contact Tracing Shows that the Public Sector (Referred to as all police, fire, EMS, and military responders) amounted to just 1% of COVID-19 transmissions in New York State).

11

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 13 of 23 PageID #: 213

(The New York State and New York City Human Rights Laws and the New
York State Constitution, Article 1 Section 6).

42. The United States Equal Employment Opportunity Commission (EEOC) has
issued regulations and guidance that require, in appropriate circumstances an
employer to provide reasonable accommodation for employees who, because of a
disability or a sincerely held religious belief, practice or observance, do not get
vaccinated for COVID-19, unless providing an accommodation would pose "an
undue hardship on the operation of the employer's business"[4]

43. The New York City Commission on Human Rights has adopted the relevant
provisions of the EEOC COVID-19 guidance.[5]

44. While the vaccine mandate itself (Exhibit A) states in paragraph 8 on page 5:
"Nothing in this Order shall be construed to prohibit any reasonable
accommodation otherwise required by law", the guidance contained in the FAQ
(Exhibit B, page 6) limits accommodation to "documented medical or religious
reasons."

45. Neither the mandate nor the FAQ give sufficient information on the type of
accommodation available or how to get it.

46. Moreover, the arbitrary nature of the mandate regarding reasonable
accommodation is clearly illustrated by the fact that the FAQ guidance was issued
on 10/21/2021 and requires the application for a reasonable accommodation to be
submitted on or before October 27, 2021. If an employee fails to meet that

---

[4] U.S. EEOC, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act and other EEO
Laws.
[5] NYCCHR-COVID-19-Employment Protection (July 2, 2021) (NYCCHR Guidance), available at
https://www.NYC.GOV/site/CCHR/COMMUNITY/COVID-EMPLOYMENT.page).

12

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP  Document 15-4  Filed 11/29/21  Page 14 of 23 PageID #: 214

deadline, he will be placed on leave without pay until his application for reasonable accommodation is decided, including any appeals (Exhibit B-paragraph 25-page 7.) This process is hardly the collaborative effort between an employer and employee contemplated by the law for achieving reasonable accommodation. Nor does the Mandate or Guidance give sufficient time for employees to carefully prepare their reasonable accommodation requests.

47. The arbitrary and capricious nature of the October 20, 2021 mandate and FAQ Guidance, is well illustrated by the manner in which they propose to treat employees who refuse vaccination without seeking exemption.

48. The mandate states that said employees "must be excluded from the premises at which they work beginning on November 1, 2021." (Exhibit A, p. 3)

49. The FAQ expands upon the consequences of non-compliance by providing in paragraph 51 (p. 13) those employees "will be placed on Leave Without Pay (LWOP)." It then ominously adds: "Employees who refuse to comply will be terminated in accordance with procedures required by the Civil Service Law or applicable collective bargaining agreement."

50. With regard to the question of "How long should an employee be on Leave Without Pay (LWOP) before termination proceedings begin?", the FAQ (p.13, paragraph 52) states: "Absent any collective bargaining agreement providing for other procedures, employees should be placed on LWOP effective November 1 and may be subject to discipline or other adverse employment action. Further guidance will be forthcoming."

13

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM    INDEX NO. 159738/2021
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 15 of 23 PageID #: 215

51. These provisions and the recent actions by the Fire Department promulgated pursuant thereto raise as many questions as they answer.

52. Under the Civil Service Law Section 75 and the collective bargaining agreement between the UFA and the City, firefighters can be suspended without pay for a maximum of 30-days.

53. Nonetheless, there appears to be no limit on the number of days a firefighter can be placed on LWOP status, pursuant to the vaccination mandate.

54. If the new policy is alleged to recognize the law and bargaining agreement, as it must, there is no explanation for the Fire Department claim that employees can be placed on LWOP for an unlimited time. There is also no explanation of when or if a firefighter will receive disciplinary charges or where or when those charges will be adjudicated.

55. Moreover, I am informed that the Fire Department has asserted that even though an employee on LWOP status is not paid and does not receive pension contribution or annuity fund contributions from the City and is not credited with the service time spent on LWOP toward his seniority or service credit, that employee is not permitted to work in any other job while on LWOP status. What authority does the city have to prohibit a firefighter, that it doesn't pay or give benefits to, from supporting himself and his family during that period? Yet, the Respondents have the temerity to claim that the Mandate and FAQ are rationally based. In fact, as applied to firefighters, they are anything but.

14

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 16 of 23 PageID #: 216

## IRREPERABLE HARM

56. There is no doubt that implementation of the vaccine mandate will cause irreparable harm to firefighters.

57. If a firefighter is forced to take the vaccine against his sincerely held medical, religious or liberty concerns and before a court determination is made declaring the mandate illegal, the harm will be irreparable.

58. Further, if a firefighter refuses to take the vaccine he will lose his salary, health benefits, seniority and pension as well as related benefits causing obvious irreparable harm to him and his family.

## BALANCE OF EQUITIES

59. Measured against the specter of irreparable harm is the fact that an injunction will not harm the public health and safety of the City or the health of the firefighters.

60. The current VAX-TEST policy is working. Firefighters are not spreading the virus to themselves or the public.

61. The Mayor waited months to issue the challenged mandate-hardly a basis to claim an urgent need for the implementation of the new policy. The mandate was ill-conceived and seemingly designed to give firefighters and others as little time as possible to oppose it or take advantage of the lawful reasonable accommodations they are due.

62. The mandate fails to consider the natural immunity of a large percentage of firefighters and the scientific evidence of potential harm from vaccination.

63. This Court should temporary restrain imposition of the mandate and ultimately permanently enjoin its use.

15

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 17 of 23 PageID #: 217

## FIRST CAUSE OF ACTION

64. Petitioner repeats reiterates and re-alleges the allegations contained in paragraphs 1 through 63 as if set forth more fully at length herein.

65. Respondents have failed to show that their vaccine mandate is rational as applied to FDNY firefighters, particularly in light of its lack of recognition of natural immunity, obtained by prior COVID-19 exposure; its lack of recognition of the risks of vaccination and its total disregard for the success of the existing VAX-TEST policy.

66. The mandate provides unreasonably short deadlines for submitting appropriate requests for reasonable accommodation and it fails to provide for an employer/employee collaboration process for evaluating reasonable accommodation requests.

67. Finally, it fails to provide a reasonable or lawful penalty for refusing vaccination by initially putting firefighters on indefinite leave without pay status and then proceeding directly to termination, the ultimate penalty for the employee and his family.

## SECOND CAUSE OF ACTION

## VIOLATION OF STATE AND CITY HUMAN RIGHTS LAWS

68. Petitioner repeats reiterates and re-alleges each and every allegation contained in paragraphs 1 through 67 as if set forth more fully at length herein.

16

**JA-188**

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM      INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP  Document 15-4  Filed 11/29/21  Page 18 of 23 PageID #: 218

69. New York State and New York City Human Rights Laws prohibit discrimination by an employer against an employee in the terms, conditions and privileges of employment based upon disability or religious creed.

70. The statute requires the employer to provide reasonable accommodation of employees' sincere religious beliefs and practices, unless it would impose an undue burden on the employer.

71. Any exemption request by an employee must be evaluated through an interactive process to determine whether accommodation can be provided and the employee must be given a reasonable opportunity to submit his request.

72. Neither the challenged mandate nor the FAQ guidance enlightens the employees on what medical or religious exemptions will be granted or explains what the nature of the available accommodations will be. The only thing they seem to state clearly is the unreasonable short deadline for seeking the accommodation.

73. These failures again illustrate the arbitrary and capricious nature of the mandate and the efforts by Respondents to rush it through without proper consideration of the employee's rights.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE DUE PROCESS CLAUSE OF ARTICLE 1 SECTION 6 OF THE NEW YORK STATE CONSITUTION

74. Petitioner repeats reiterates and re-alleges the allegations contained in paragraphs 1 through 73 as if set forth more fully at length herein.

75. Article 1, Section 6 of the New York State Constitution prohibits the deprivation of a person's "life, liberty or property without due process of law."

17

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 19 of 23 PageID #: 219

76. Firefighters have a property interest in their employment and a personal liberty interest in their bodily integrity.

77. These "interests" are protected by the State Constitution's due process provisions.

78. Individuals also have the right to refuse medical treatment. That right is certainly entitled to the protection under the due process doctrine when the long-term effects of the COVID-19 vaccinations are still unknown.

79. Moreover, as noted in the Affidavit of Dr. Bhattachayra (Exhibit D), certain potentially serious medical conditions are known risks of the COVID vaccines including pericarditis, myocarditis and blood clotting abnormalities.

80. The Respondents should not be permitted to condition a firefighter's right to continued employment on the forfeiture of his constitutional right to maintain his bodily integrity and to refuse medical treatment.

81. There should be no doubt that firefighters have a vested property interest in their employment as well. There certainly has never been a reason to expect that such employment would be conditioned upon taking an untested vaccine.

82. For the foregoing reasons, Petitioner is entitled to a declaration that the recently imposed vaccine mandate is void as arbitrary and capricious and a deprivation of the constitutional rights of firefighters. Petitioner is entitled to a temporary, preliminary and permanent injunction enjoining Respondents from the implementation of the mandate against FDNY firefighters.

**RELIEF REQUESTED**

Wherefore Petitioner requests that this Court enter a judgment:

18

JA-190

Case 1:21-cv-06586-KAM-CLP  Document 15-4  Filed 11/29/21  Page 20 of 23 PageID #: 220

(a)    Temporarily, preliminary and permanently enjoining and restraining Respondents

in any manner or by any means from implementing or enforcing the vaccine

mandate against UFA members;

(b)    Declaring that, as applied to UFA members, the mandate violates state and city

law and is arbitrary and capricious and an abuse of discretion;

(c)    Vacating the vaccine mandate as applied to UFA members, as contrary to law,

arbitrary and capricious and abuse of discretion;

(d)    Awarding Petitioner costs and attorneys' fees;

(e)    Granting such other and further relief as this Court may seem just and proper.

Dated:    New York, New York
        October 28, 2021

Respectfully submitted,

SULLIVAN PAPAIN BLOCK
McGRATH COFFINAS & CANNAVO P.C.

By: _____
      Michael N. Block
Attorneys for Petitioner
120 Broadway
New York, New York 10271
(212) 732-9000

19

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 10/29/2021

Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 21 of 23 PageID #: 221

STATE OF NEW YORK          )
                           )SS.:
COUNTY OF NEW YORK         )

ANDREW ANSBRO, being duly sworn, deposes and says:

That I am the President of the Uniformed Firefighters Association (UFA) and petitioner in

the within action; that I have read the foregoing **PETITION** and I know the contents thereof; that

the same is true to my own knowledge, except as to the matters therein stated to be alleged on

information and belief, and that as to those matters, I believe them to be true.

ANDREW ANSBRO

Sworn to before me this
28th day of October, 2021.

Notary Public

SHEILA PETTIT
Notary Public, State of New York
No. 01PE5065793
Qualified in Nassau County
Commission Expires Sept. 18, 20 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
In the Matter of the Application of
ANDREW ANSBRO, as President of the
Uniformed Firefighters Association(UFA),                    Index No.

                                        Petitioner,   **CERTIFICATION OF WORD
                                                      COUNT OF VERIFIED
For a Judgment Pursuant to Article 78 of              PETITION**
the Civil Practice Law and Rules, vacating the mandatory
vaccination order issued by Respondents for all City
employees to the extent that it is applied to firefighters, fire
marshals, marine pilots and marine engineers employed by
the Fire Department of the City of New York,

                        -against-

Bill de Blasio, as Mayor of the City of New York; The City
of New York; The New York City Department of Health
and Mental Hygiene; and the Fire Department of the City of
New York,

                                        Respondents.
-------------------------------------------------------------------X

        Michael N. Block, an attorney duly admitted to practice law in the State of New York

certifies pursuant to Uniform Civil Rules for the Supreme Court Rule 202.8-b that the word count of

the annexed Verified Petition based upon the word count of the word-processing system used to

prepare the Verified Petition is 4488 words in compliance with this provision of the rules.

FILED: NEW YORK COUNTY CLERK 10/28/2021 07:39 PM     INDEX NO. 159738/2021
NYSCEF DOC. NO. 1   Case 1:21-cv-06586-KAM-CLP   Document 15-4   Filed 11/29/21   Page 23 of 23 PageID #: 223
                                                   RECEIVED NYSCEF: 10/29/2021

Dated:     New York, New York
           October 28, 2021

                                        Yours, etc.,

                                        SULLIVAN PAPAIN BLOCK McGRATH
                                        COFFINAS & CANNAVO P.C.

                                        By:_____
                                               **Michael N. Block**
                                        *Attorneys for Petitioner*
                                        120 Broadway – 27th Floor
                                        New York, New York 10271
                                        Telephone: (212) 266-4103
                                        Facsimile: (212) 266-4141
                                        Email: **MBlock@TrialLaw1.com**

JA-194

# EXHIBIT E

JA-195

E

At IAS Part 23 of the Supreme
Court of the State of New York
held in and for the County of New
York at the Courthouse located at
60 Centre Street, New York, New
York on the 1st day of ~~October,~~ November
2021

PRESENT: Hon. W. Frank Perry _____ JSC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In the Matter of the Application of                    :    Index No. 159738/2021
                                                       :
ANDREW ANSBRO, as President of the Uniformed           :
Firefighters Association, (UFA)                        :
                                                       :    **ORDER TO SHOW CAUSE**
                        Petitioner,                    :    **WITH TEMPORARY**
                                                       :    **RESTRAINING ORDER**
For a Judgment Pursuant to Article 78 of the New York
Civil Practice Law and Rules,

              -against-

Bill de Blasio, as Mayor of the City of New York; The
City of New York; The New York City Department of
Health and Mental Hygiene; and the Fire Department of
the City of New York,
                        Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Upon review of the annexed Verified Petition, verified on the 28th day of October

2021, and the exhibits annexed thereto, the Affirmation of Michael N. Block, dated October

28, 2021 and the exhibits annexed thereto, and the Memorandum of Law in Support of the

Verified Petition and Order to Show Cause for a Temporary Restraining Order and

Preliminary Injunction, dated October 28, 2021, and upon all pleadings and proceedings

heretofore had herein, ~~it is hereby:~~

FILED: NEW YORK COUNTY CLERK 11/03/2021 04:18 PM          INDEX NO. 159738/2021
NYSCEF DOC. NO. 15                                          RECEIVED NYSCEF: 11/01/2021

Case 1:21-cv-06586-KAM-CLP  Document 15-5  Filed 11/29/21  Page 3 of 4 PageID #: 226

LET

~~ORDERED that~~ the Respondents, Bill de Blasio, as Mayor of the City of New York,

The City of New York, The New York City Department of Health and Mental Hygiene and

the Fire Department of the City of New York *or counsel* show cause before this Court either virtually, or

at the Supreme Court Courthouse in the County of New York, ~~60~~ *80* Centre Street, New York,

NY, in IASPart 23 _____ as

*WP* | assigned by the Court and per the Court's instructions, on *November 23* , 2021 at

~~9:30~~ *10 am* a.m. or as soon thereafter as counsel may be heard, why an Order should not be made

and entered:

    1.    Granting Petitioner, Andrew Ansbro, in his capacity as President of the

Uniformed Firefighters Association a preliminary injunction, pending the hearing and

determination of this proceeding, enjoining and restraining Respondents and all persons

acting on their behalf who are in concert with them, in any manner or by any means from

implementing and enforcing the vaccine mandate set forth in the "Order of the

Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City

Employees and Certain City Contractors," dated October 20, 2021, as against UFA

members;

    2.    Declaring that, as applied to UFA members the vaccine mandate violates

State and City law and is arbitrary and capricious and an abuse of discretion;

    3.    Vacating the vaccine mandate as applied to UFA members as contrary to

law, arbitrary and capricious and an abuse of discretion;

    4.    Awarding Petitioner costs and attorneys' fees; and

    5.    Granting such other and further relief so as this Court seems just and proper;

and

2

JA-197

*After a Virtual Hearing on November 1, 2021, TRO Denied.*

**IT IS FURTHER ORDERED** that pending the hearing ~~and determination~~ of this application, Respondents and all persons acting on their behalf or in concert with them are temporarily enjoined and restraining from implementing or enforcing the vaccinate mandate as against UFA members; and

**IT IS FURTHER ORDERED** that delivery of a copy of this Order to Show Cause and Temporary Restraining Order and the papers upon which it is based to Respondents by personal service on the New York City Law Department, on or before 11|5, 2021, shall be deemed good and sufficient service; and

**IT IS FURTHER ORDERED,** that Respondents answering papers, if any, shall be electronically filed on or before 11/12, 2021 and;

**IT IS FURTHER ORDERED,** that leave is hereby granted to Petitioner to submit upon the return date of this Order to Show Cause, and any subsequent day that shall be determined by the Court on said return date, such additional evidence, exhibits, legal memoranda or other proof as may be appropriate.

~~Signed this____ day of_____, 2021, at New York, New York.~~

**E N T E R :**

_____
J.S.C.

Oral Argument
Directed

JSC

3

JA-198

# EXHIBIT F

JA-199

OFFICE OF COLLECTIVE BARGAINING
BOARD OF COLLECTIVE BARGAINING
------------------------------------------------------------------x

In the Matter of the Improper Practice Proceeding

-between-

UNIFORMED FIREFIGHTERS ASSOCIATION OF
GREATER NEW YORK, LOCAL 94, *IAFF*, AFL-CIO,

Petitioner,

-and-

THE CITY OF NEW YORK and THE FIRE
DEPARTMENT OF THE CITY OF NEW YORK,

Respondents.

------------------------------------------------------------------x

BCB-4461-21

**VERIFIED SCOPE OF
BARGAINING AND
IMPROPER PRACTICE
PETITION**

**TO THE BOARD OF COLLECTIVE BARGAINING:**

Petitioner, Uniformed Firefighters Association of Greater New York, Local 94, *IAFF*,

AFL-CIO (hereinafter "UFA" or "Union""), as and for its combined Verified Scope of

Bargaining and Improper Practice Petition, by its attorneys, Certilman, Balin, Adler & Hyman,

LLP, by Paul S. Linzer, Esq. and Jennifer A. Bentley, Esq., respectfully allege the following

pursuant to Title 61 of the Rules of the City of New York Office of Collective Bargaining

(hereinafter "OCB Rules") § 1-07 (b) and (c):

## PARTIES

1.      Petitioner, the UFA, is the certified employee organization as defined by Section

12-303(l) of the New York City Collective Bargaining Law (New York City Administrative

7557679.1

Case 23-663, Document 48, 08/01/2023, 3549860, Page208 of 242

**JA-200**

Code, Title 12, Chapter 3) (hereinafter "NYCCBL") representing all Firefighters, Fire Marshals, Wipers, Pilots, and Engineers employed in the Fire Department of the City of New York pursuant to NYCCBL § 12-302.

2.      The UFA's principal place of business in 204 East 23rd Street, New York, New York 10010. The UFA's telephone number is (212) 683-4832. The UFA's fax number is (212) 683-0710.

3.      Respondent City of New York (hereinafter "City") is a public employer as defined by NYCCBL § 12-303(g) and is a duly constituted political subdivision of the State of New York and at all material times herein was a municipal corporation.  Bill de Blasio is the Mayor of the City of New York.

4.      Respondent Fire Department of the City of New York (hereinafter "FDNY" or "Department") is a municipal agency of the City as defined by NYCCBL § 12-303(d), and a mayoral agency as defined by § 12-303(f).  Daniel Nigro serves as the Commissioner of the FDNY.

5.      The parties have collective bargaining agreements for the ranks of Firefighters and Fire Marshals, as well as for Wipers, covering the period of August 1, 2010 through July 31, 2017, and for Pilots and Engineers covering the period of July 28, 2011 to July 27, 2018.  Unless specifically enunciated otherwise, the 2010-2017 CBA for Firefighters and Fire Marshals, the 2010-2017 CBA for Wipers, and the 2011-2018 CBA for Pilots and Marine Engineers shall be hereinafter, collectively, referred to as "CBAs" or "Agreements".

6.      At the time of the violations of the NYCCBL alleged herein, each of the CBAs for the ranks represented by the UFA were in a period of *status quo*.

2

## PRELIMINARY STATEMENT

7.      The UFA files this combined Verified Improper Practice and Scope of Bargaining Petition alleging that, in violation of NYCCBL §§ 12-306(a)(1) (4) and (5), the City and FDNY took managerial actions complained of herein, that interfered with the statutory rights of the UFA's members, breached the statutory duty to bargain in good faith regarding mandatory subjects of bargaining and created a *per se* and practical impact on the health and safety of the UFA membership, as well as failing to maintain the *status quo*.

8.      Furthermore, the UFA files this combined Verified Improper Practice and Scope of Bargaining Petition alleging that, pursuant to NYCCBL § 12-307(b) and OCB Rules § 1-07(b)(2)(i), the actions complained of herein by the City and the Department should be exempt from the managerial prerogative and must be collectively bargained to fruition or impasse.

## BACKGROUND

9.      Beginning in the summer of 2021, in response to the continuing COVID-19 pandemic and the surge of the Delta variant, City officials made multiple announcements regarding plans to have a citywide vaccination or testing choice mandate (hereinafter "vaccine or test mandate) for its public employees.

10.     The proclaimed vaccine or test mandate, which was not previously bargained over with any of the unions who represent the City's public employees, would require employees to provide proof of vaccination or to submit to weekly testing or suffer adverse financial and employment consequences.

11.     On August 2, 2021, Mayoral Executive Order No. 75 ("EO 75") was issued by Mayor Bill de Blasio requiring all new hires to "provide proof of having received at least one

3

dose of an approved COVID-19 vaccine prior to beginning their employment (unless they have a reasonable accommodation)". EO 75 is annexed hereto as Exhibit A.

12.     On August 31, 2021, Mayoral Executive Order No. 78 ("EO 78") was issued requiring, *inter alia*, essentially, that all City employees must either provide proof of full vaccination by September 13, 2021; or provide proof of a negative COVID test on a weekly basis until such time the employee submits proof of full vaccination by September 13, 2021. EO 78 is annexed hereto as Exhibit B.

13.     After the EO 78 was issued, the City made public statements acknowledging the obligation to bargain over the implementation of the vaccine or test mandate with the New York City Municipal Labor Committee (hereinafter "MLC"), whose member unions represent FDNY and other City employees.

14.     However, no bargaining ever occurred with the member unions, and at a meeting held on September 1, 2021, MLC representatives met with City leaders regarding the absence of any discussions relating to a vaccine or test mandate with any of the MLC member unions.

15.     Just prior to the September 13, 2021 deadline, on September 9, 2021, the President of the MLC wrote to City Hall "imploring" Mayor de Blasio to delay the start of the "testing mandate" scheduled for Monday September 13, 2021 until such time discussions could be conducted with the MLC member unions in order to work out protocols concerning a "vaccine or test policy", and to address questions as to why the vaccine or test policy was replaced with a vaccination-only policy for certain City workers. The 9/9/2021 Memorandum from MLC President Harry Nespoli to Mayor de Blasio is annexed hereto as Exhibit C.

4

**9/24/21 Issuance of the "New York City COVID Testing Mandate Procedure" on the UFA**

16.     On September 9, 2021, the FDNY Chief of Operations John J. Hodgens verbally notified the UFA that a vaccine or test mandate as it relates to the FDNY would be delayed for approximately two weeks.

17.     On September 15, 2021, in a letter addressed to both the Office of Labor Relations Commissioner Renee Campion and FDNY Commissioner Daniel Nigro, the UFA cited the absence of any vaccine or test policy in the FDNY and demanded that the City and FDNY bargain with the UFA over any future policy or procedure related to COVID-19 vaccination or testing.   The 9/15/2021 Letter from UFA Labor Counsel Paul S. Linzer to Commissioners Campion and Nigro is annexed hereto as Exhibit D.

18.     On September 17, 2021, the FDNY, through its Bureau of Operations, issued Buckslip No. OPS-21-09-07 with the subject: "Information Regarding Vaccine Status and Mandatory COVID Testing".   OPS-21-09-07 is annexed hereto as Exhibit E.

19.     On September 22, 2021 FDNY Chiefs and UFA Board Members met virtually through Webex wherein FDNY Chiefs explained the mechanics of how the COVID testing procedure would operate and also stated that a stated that an additional written policy was forthcoming.

20.     On September 24, 2021, the FDNY, through its Bureau of Operations, issued Buckslip No. OPS-21-09-09 with the subject: "New York City COVID Testing Mandate Procedure" (hereinafter "COVID Testing Mandate Procedure").   The COVID Testing Mandate Procedure is composed of a Memorandum from Chief of Operations John J. Hodgens, dated September 24, 2021 (hereinafter "Hodgens Memorandum"), and a "FDNY COVID-SAFE

5

COMPLIANCE POLICY" (hereinafter "Compliance Policy"). The entire COVID Testing Mandate Procedure (OPS-21-09-09), which comprises both the Hodgens Memorandum and the Compliance Policy, is collectively annexed hereto as Exhibit F.

21.    The COVID Testing Mandate Procedure, which is the current procedure as of the date of the filing of the instant Petition, provides the UFA membership with the choice to show proof of vaccination or submit to weekly testing.

**Unilateral Implementation of the COVID Vaccine Mandate**

22.    On October 20, 2021, the New York City Department of Health and Mental Hygiene issued an Order (hereinafter "DOHMH Order"), *inter alia*, mandating that all public sector employees of the City must receive a vaccination(s) against COVID-19 by October 29, 2021 and provide proof of same.

23.    The DOHMH Order states that the previous vaccination or testing requirement applicable to certain staff shall be RESCINDED as of November 1, 2021 and will now be subject to this new Order.

24.    The DOHMH Order harshly advises that the failure of an employee to provide proof of a COVID vaccination by October 29, 2021 will subject an employee to be "excluded from the premises at which they work beginning November 1, 2021."

25.    A day later, on October 21, 2021, the FDNY issued a Buckslip with Operations Order 21-10-08 (OPS-21-10-08) with the subject "Covid Vaccine Update" which incorporates the DOHMH Order mandating vaccinations for all city workers as well as includes a 14-page Frequently Asked Questions ("FAQ") document attached. The FDNY Ops Order OPS-21-10-08, with the attached DOHMH Order and FAQ document, is attached hereto as Exhibit G.

6

26.     The FDNY OPS Order OPS-21-10-08, entitled "COVID Vaccine Mandate Update" (hereinafter "COVID Vaccine Mandate Update") provides that "New York City now has a vaccine mandate …requiring City employees to submit proof of vaccination by October 29 at 5pm." *Id.*

27.     The COVID Vaccine Mandate Update states that "[f]rom October 20-29, 2021, employees will be eligible to receive $500 through payroll…if they receive their first vaccination dose during that time period." *Id.*

28.     The COVID Vaccine Mandate Update further provides that members may be considered for exemption from the COVID-19 vaccine mandate under limited circumstances, based on a religious or medical basis, and may file for a Reasonable Accommodation with the EEO Office but must be submitted by October 27, 2021. *Id.*

29.     It also states that all members who have been vaccinated outside of the FDNY shall follow procedures in Operations Buckslip 21-09-09 to provide proof of vaccination to the Department. *Id.*

30.     On October 22, 2021 in a letter addressed to the Office of Labor Relations Commissioner Renee Campion and FDNY Commissioner Daniel Nigro, the UFA demanded that the City bargain over the issuance of the DOHMH Order and the FDNY OPS-21-10-08 COVID Vaccine Mandate Update as well as any related procedures, including impact. The 10/22/2021 Letter from UFA Labor Counsel Paul S. Linzer to Commissioners Campion and Nigro is annexed hereto as Exhibit H.

31.     The COVID Vaccine Mandate Update incorporates the DOHMH Order as well as a 14-page FAQ document, and hereafter will be referred to, collectively, as "Vaccine Mandate."

7

**Effects of the Vaccine Mandate on the UFA and the UFA Membership**

32.     The Vaccine Mandate replaces the former COVID Testing Mandate wherein UFA members retained a choice to submit proof of vaccination or submit to testing.

33.     The Vaccine Mandate prohibits employees who do not provide proof of a vaccination from entering work premises without further explanation. *See* Exhibit G.

34.     The looming October 29, 2021 deadline for compliance with the Vaccine Mandate is an egregiously unfair timeframe for compliance by which a member must choose between their personal medical freedom and their continued pursuit of their civil service rank and career in public service.

35.     Raising a slew of unanswered questions, the Vaccine Mandate prevents the ability of the UFA to have meaningful bargaining over the vast implications that this unilaterally imposed mandate has on all aspects of the lives and terms and conditions of employment of the UFA membership.

36.     The chaos and confusion caused by the rushed rollout of the Vaccine Mandate, has hindered the UFA's statutory obligation to effectively represent and advise its members on various issues concerning the many affected terms and conditions of employment.

37.     The Vaccine Mandate triggers an expansive list of mandatorily bargainable issues including but not limited to privacy, medical choice, confidentiality, discipline, leave, accruals, termination, compensation, financial benefits, work rules and overtime which give rise to all six claims enunciated herein, including a *per se* and practical impact on the safety of the membership.

8

38.     Furthermore, the Vaccine Mandate, in forcing members to choose receipt of vaccination over losing their livelihood, also implicates issues concerning a violation of one's bodily integrity, which affects the health and safety of UFA members.

39.     The Vaccine Mandate will punish a member by placing him or her on Leave Without Pay ("LWOP") status unless they comply with the vaccination medical procedure which many members find invasive, or unnecessary because they have demonstrable COVID-19 antibodies from a prior infection.

40.     Being placed on LWOP status raises concerns of maintenance of health insurance, benefits and other work-related financial terms affecting the lives of the members and their families, including contributions to health, welfare and annuity funds, and the timing of forced decisions relating to separation from service.

41.     Also, the Vaccine Mandate, in forcing some members to choose unpaid leave over vaccination, will lead to a shortage of Firefighters to respond to emergencies, exacerbating a work environment where the remaining members are already facing the adversities of working more than 24 hours consecutively, extreme fatigue, and the consequences of increasing numbers of illnesses and injuries.

42.     Moreover, the Vaccine Mandate sets forth a new basis for discipline, as well as disciplinary procedures which carry a new set of penalties with financial and life-altering consequences to which the membership may be subjected.

43.     In addition, the Vaccine Mandate will clearly affect the assignment and distribution of overtime.

9

44.    The failure of the City and FDNY to bargain over these, as well as other mandatory subjects of bargaining with the UFA to fruition or impasse prior to implementation of the Vaccine Mandate violates the NYCCBL, giving rise to the claims outlined below.

### FIRST CLAIM
### SCOPE OF BARGAINING
### <u>AGAINST THE CITY AND FDNY</u>

45.    The UFA repeats and realleges each and every allegation contained in paragraphs "1" through "44" as though fully set forth at length herein.

46.    Under § 12-309(a)(2) of the NYCCBL, the Board "shall have the power and duty . . ., on request of a public employer or certified or designated employee organization to make a final determination as to whether a matter is within the scope of collective bargaining."

47.    The authority bestowed upon the Board by this specific provision differs from the Board's authority to rule on improper practice charges alleging a violation of the duty to bargain in good faith, as set out in NYCCBL § 12-306(a)(4).  *See Unif. Firefighters Assn.*, 43 OCB 4, 13-14 (BCB 1989) (holding that the BCB can differentiate between mandatory and non-mandatory aspects of a particular contractual demand).

48.    The instant matter involves unilaterally imposed changes to terms and conditions on employment that have been determined, in the past, by the BCB, PERB and New York Courts to be mandatory subjects of bargaining.  *See, e.g. Town of Carmel Police Benev. Ass'n Inc. v. Pub. Emp. Rels. Bd. Of State of NY*, 267 A.D.2d at 859 [1999]).

49.    The Vaccine Mandate represents new obligations and therefore new rules applicable to the UFA membership that did not exist prior to the implementation.

10

50.    OCB's authority is analogous to PERB's jurisdiction, and a new work rule affecting terms and conditions of employment is within the jurisdiction of OCB to determine. *See Matter of Town of Carmel Police Benev. Ass'n v. Public Empl. Rels. Bd.*, 85 NY2d 480, 486 [1995] (holding that PERB has "primary jurisdiction" to determine whether new work rule is a mandatory subject).

51.    Clearly, the Vaccine Mandate, including the LWOP provisions, implicates many mandatory financial subjects requiring bargaining, including the impacts on medical insurance, accruals and leaves of absence, vesting out or retiring, and the City's annuity fund or welfare fund contributions.

52.    Moreover, a work rule that involves discipline or termination are also matters affecting terms and conditions of employment.   *Matter of Levitt v. Board of Collective Bargaining of NY,* 79 NY2d 120 [1992].

53.    The threat of discipline including termination involves severe personal consequences to members and their families and affect terms and conditions of employment. *Id.*

54.    In addition, procedures relating to vaccination proof are bargainable and raise issues of medical privacy and confidentiality.

55.    Further, the DOHMH Order and FDNY Order impose new and distinct predicates for discipline, disciplinary procedures, and penalties regarding enforcement upon the membership, all which necessitate bargaining.

56.    Such new predicates for discipline carry severe financial and life-altering consequences and require good faith bargaining prior to implementation.

11

57.     Accordingly, the UFA demands the City and FDNY bargain over the procedures outlined in the Vaccine Mandate. *See* ¶¶37-44, *infra*.

58.     Based upon the foregoing, the Union has demonstrated that the topics set forth in the instant combined Petition involve mandatory subjects of bargaining and the Board, in accordance with its statutory authority, must declare the same to be mandatorily negotiable, and order that the City and FDNY engage in collective bargaining with the UFA related thereto.

## SECOND CLAIM
## REFUSAL TO BARGAIN IN GOOD FAITH

59.     Petitioner repeats and re-alleges each and every allegation contained in paragraphs "1" through "58" as if more fully set forth at length herein.

60.     Under the NYCCBL, the scope of issues subject to collective bargaining is established, inter alia, in NYCCBL § 12-307(a), which provides in pertinent part:

> a.  Subject to the provisions of subdivision b of this section and subdivision c of section 12-304 of this chapter, public employers and certified or designated employee organizations shall have the duty to bargain in good faith on wages . . ., hours . . ., [and] working conditions.

61.     According NYCCBL § 12-306(a)(4), it is an improper practice for a public employer "to refuse to bargain collectively in good faith on matters within the scope of collective bargaining with certified or designated representatives of its public employees."

62.     The Board has consistently held that NYCCBL § 12-306(a)(4) has been violated when a public employer fails "to bargain in good faith on wages, hours, and working conditions, as well as any subject with a significant or material relationship to a condition of employment."

12

*Unif. Firefighters Assn.*, 10 OCB2d 5, at 12 (BCB 2017) (citing *Utd. Fed. of Teachers, Local 2*, 4 OCB2d 54, at 10 (BCB 2011).

63. The Board has further consistently held that "a unilateral change to a mandatory subject of bargaining is an improper practice because it constitutes a refusal to bargain in good faith." *See Unif. Firefighters Assn.*, 10 OCB2d 5, at 13 (citing *Asst. Deputy Wardens/Deputy Wardens Assn.*, 7 OCB2d 26, at 18, (BCB 2014).

64. The burden of establishing a unilateral change to a mandatory subject lies with the party asserting such, and it must demonstrate "that (i) the matter sought to be negotiated is . . . a mandatory subject and (ii) the existence of such a change from existing policy." *Asst. Deputy Wardens/Deputy Wardens Assn.*, 7 OCB2d 26, at 18 (*quoting Dist. Council 37, Local 436*, 4 OCB2d 31, at 13 (BCB 2011).

65. When discussing the existence of a change of an existing policy, the Board has held that: "[I]n determining whether a union has established a past practice, we look at whether the "practice was unequivocal and existed for such a period of time that union employees could reasonably expect the practice to continue unchanged." *Id.* at 13, citing *Local 621 Serv. Empl. Inter. Union*, 2 OCB2d 27, at 10 (quoting *County of Nassau*, 38 PERB ¶ 3005 (2005)).

66. The unilateral implementation of the DOHMH and FDNY Orders clearly constitutes multiple violations of the NYCCBL.

67. The provisions outlined in the unilaterally issued DOHMH Order and FDNY Order unequivocally implicate mandatory subjects of negotiation as they relate to the terms and conditions of employment of UFA members.

13

68.     Without question, the unilateral changes imposed constitute more than a *de minimis* change to an existing policy.

69.     It is legally indisputable that the changes to terms and conditions implemented by the Vaccine Mandate automatically trigger an obligation to negotiate under the NYCCBL.

70.     It is clear that the City and FDNY instituted these Orders without bargaining with the UFA.

71.     Based upon the foregoing, the Board must determine that the actions undertaken by the City and FDNY, as it violated § 12-306(a)(4) of the NYCCBL.

### THIRD CLAIM
### *PER SE* IMPACT ON SAFETY

72.     The UFA repeats and realleges each and every allegation contained in paragraphs "1" through "71" as though fully set forth herein.

73.     The NYCCBL proscribes public employers from refusing to bargain in good faith over mandatory subjects of bargaining. *See* NYCCBL § 12-306(a)(4).

74.     The NYCCBL further provides that: "It is the right of the city . . . to determine the standards of services to be offered by its agencies; . . . direct its employees; . . . maintain the efficiency of governmental operations; determine the methods, means and personnel by which government operations are to be conducted; . . . and exercise complete control and discretion over its organization." *See* NYCCBL § 12-307(b).

75.     The BCB has held that managerial decisions that fall within the above-enumerated categories are not mandatory subjects of bargaining. *See Unif. Firefighters Assn.*, 3

14

7557679.1

OCB2d 16, at (BCB 2010); *see also Emergency Med. Serv. Superior Officers Assn.*, 79 OCB 7, at 29 (BCB 2007).

76.     This managerial prerogative is not an unfettered right and is tempered by further language contained in this same provision: "[Q]uestions concerning the practical impact that decisions on the above matters have on terms and conditions of employment, including, but not limited to, questions of workload, staffing and employee safety, are within the scope of collective bargaining." NYCCBL §12-307(b).

77.     Essentially, "managerial action (or inaction) may be challenged . . . on the ground that it allegedly has had a practical impact on the affected employees' safety or workload." *Unif. Firefighters Assn.*, 43 OCB 70, at 3 (BCB 1989).

78.     The Board recognizes that there is a distinction between *per se* practical impact and a "regular" practical impact. *Unif. Firefighters Assn.*, 5 OCB2d 2, at 22 (BCB 2012).

79.     "[I]n order to find a *per se* practical impact exists . . ., the Board must be able to determine, based on the pleadings alone, and without the benefits of a hearing, that a practical impact exists." *Unif. Firefighters Assn.*, 4 OCB2d 30, at 29 (BCB 2011)

80.     The finding of a *per se* practical impact immediately triggers a duty to bargain, and the failure to bargain over a topic that is a mandatory subject of bargaining constitutes a violation of the NYCCBL § 12-306(a)(4). *See generally, Unif. Firefighters Assn.*, 5 OCB2d 2; *Unif. Firefighters Assn.*, 4 OCB2d 30; *Emergency Med. Serv. Superior Officers Assn.*, 79 OCB 7; *Unif. Firefighters Assn.*, 43 OCB 70; *Utd. Probation Officers Assn.*, 41 OCB 70.

15

81.    However, "the Board does not require a union to show that injuries have actually resulted from the management's action in order to demonstrate a practical impact on safety." *Emergency Med. Serv. Superior Officers Assn.*, 79 OCB 7, at 31.

82.    Based upon the facts set forth herein, the Vaccine Mandate has a *per se* impact on the health safety and workload of the UFA membership.

## FOURTH CLAIM
## PRACTICAL IMPACT ON SAFETY

83.    The UFA repeats and realleges each and every allegation contained in paragraphs "1" through "82" Board holds that matters involving a practical impact on employee safety are bargainable.

84.    Pursuant to NYCCBL § 12-307(a) and (b), as well as NYCCBL § 12-306(a)(4), a petitioner alleging that a practical impact on safety occurred as a result of management action covered under the managerial prerogative in the NYCCBL must demonstrate, with more than conclusory statements, the existence of a "clear and present or future threat to employee safety." *Unif. Fire Officers Assn.*, 3 OCB2d 50, at 18 (BCB 2010).

85.    However, as stated before, "the Board does not require a union to show that injuries have actually resulted from the management's action in order to demonstrate a practical impact on safety." *Emergency Med. Serv. Superior Officers Assn.*, 79 OCB 7, at 31.

86.    Moreover, the New York State Public Employment Relations Board has declared that "the general topic of safety of employees beyond the normal hazards inherent in their work is a mandatory subject of bargaining." *City of New York*, 40 PERB ¶ 3017 (2007); *see also County of Suffolk and Suffolk County Sheriff*, 43 PERB ¶ 4538 (2010).

16

**JA-215**

87.     The Vaccine Mandate forces a member to undergo an invasive medical procedure which affects health and safety, thereby creating a practical impact.

88.     In addition, if members choose not to receive the vaccine, their placement on leave without pay status will affect the remaining UFA membership creating a workforce shortage and potentially both a practical impact on the safety and workload on the remaining members.

89.     The same factors that support a finding of a *per se* practical impact, can also compel the Board to find that that the Vaccination Mandate creates a practical impact on the safety of the UFA membership.

## FIFTH CLAIM
## UNILATERAL CHANGE DURING *STATUS QUO*

90.     Petitioner repeats and re-alleges each and every allegation contained in paragraphs "1" through "89" as if more though fully set forth at length herein.

91.     NYCCBL § 12-311(d) affirmatively states, in pertinent part, that: "During the period of negotiations between a public employer and a public employee organization concerning a collective bargaining agreement . . ., the public employer shall refrain from unilateral changes in wages, hours, or working conditions."

92.     A breach of this obligation constitutes a violation of NYCCBL § 12-306(a)(5), which states, in pertinent part:

> "It shall be an improper practice for a public employer or its agents
> . . . to unilaterally make any changes as to mandatory subjects of
> collective bargaining or as to any term and condition of

17

employment established in the prior contract, during a period of negotiations with a public employee organization as defined in subdivision d of section 12-311 of this chapter."

93.     The Board has held that "establishing a violation of NYCCBL § 12-306(a)(5) requires only that the change to a mandatory subject of bargaining be made during a period of negotiations." *United Fedn. of Teachers, Local 2*, 4 OCB2d 2, 11 (BCB 2011).

94.     Accordingly, the Board's analysis focuses on whether the topic in dispute constitutes a mandatory subject of bargaining, whether there was a unilateral change concerning this topic, and whether such a change occurred during a period of negotiations. *See Patrolmen's Benevolent Assn. v. City of New York*, 35 Misc.3d 1234(A), 953 N.Y.S.2d 522, **21 (Sup. Ct. N.Y. co. May 29, 2012) (overturning a BCB decision and holding that, under NYCCBL § 12-306(a)(5), "it is an improper practice to make a unilateral change to *either* the terms of the collective bargaining agreement *or* to a mandatory subject of bargaining during a period of negotiations").

95.     In the instant matter, it is irrefutable that the CBAs applicable to all UFA members are in *status quo*, given that the CBAs expired on either July 31, 2017 or July 27, 2018 and, to date, no successor agreements have been reached.

96.     Additionally, the decision to unilaterally promulgate the DOHMH and FDNY Orders constitutes, as previously set forth herein, unilateral changes to mandatory subjects of bargaining.

97.     Accordingly, the UFA has met its burden in establishing that this change implicates mandatory subjects of bargaining that occurred during a period of negotiations while the collective bargaining agreements were in *status quo*.

18

98.     Based upon the foregoing, the Board must find in favor of the UFA and grant the relief requested herein.

## SIXTH CLAIM
## DERIVATIVE INTERFERENCE

99.     Petitioner repeats and re-alleges each and every allegation contained in paragraphs "1" through "98" as if more though fully set forth at length herein.

100.    NYCCBL § 12-306(a)(1) provides, in pertinent part, that: "It shall be an improper practice for a public employer or its agents: to interfere with, restrain or coerce public employees in the exercise of their rights granted in section 12-305 of this chapter."

101.    The Board has consistently found that, when a public employer violates any provision of NYCCBL § 12-306(a)(2)-(5), that public employer "also derivatively violates NYCCBL § 12-306(a)(1)." *United Fedn. of Teachers, Local 2*, 4 OCB2d 2, at 10 (finding a derivative violation of NYCCBL § 12-306(a)(1) when the Board determined that the public employer failed to bargain in good faith and unilaterally changed a mandatory subject of bargaining during a period of negotiations); *see also Marine Empl. Beneficial Assn., Dist. No. 1*, 3 OCB2d 4, at 24 (BCB 2010).

102.    In the instant matter, the UFA has demonstrated that the City and FDNY unilaterally implemented a policy affecting mandatory subjects of bargaining without negotiating to fruition with the UFA.

103.    Accordingly, the Union has also established that the Department derivatively interfered with, restrained, and coerced the members of the UFA in the exercise of their rights under § 12-305 of the NYCCBL.

7557679.1

104.   Based upon the foregoing, the Board must find in favor of the UFA and grant the relief requested herein.

WHEREFORE, based upon the foregoing, Petitioner respectfully requests a Decision and Order from the New York City Board of Collective Bargaining as follows:

A.   Finding that Respondents violated NYCCBL §§ 12-306(a)(1), (4) and (5) by unilaterally changing mandatory subjects of bargaining;

B.   Directing that Respondents cease and desist from implementing the DOHMH Order and the FDNY Order on UFA members;

C.   Directing that Respondents rescind the DOHMH Order and FDNY Order;

D.   Directing that Respondents bargain to resolution or impasse pursuant to the procedures of the NYCCBL;

E.   Directing that the *status quo ante* before the unilateral changes be returned;

F.   Ordering that conspicuous notices be placed throughout the Fire Department of the City of New York that the City and the FDNY have violated the NYCCBL;

G.   Ordering a fact-finding hearing to determine whether the UFA has satisfied its burden of proof and persuasion as it relates to the alleged violations of the NYCCBL complained of herein; and

H.   Ordering all other and further relief as the Board deems just and proper.

20

7557679.1

JA-219

Dated: East Meadow, New York
October 26, 2021

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
    Paul S. Linzer, Esq.
    Jennifer A. Bentley, Esq.
    Attorneys for Petitioner UFA
    90 Merrick Avenue, 9th Floor
    East Meadow, New York 11554
    (516) 296-7182

TO:   NEW YORK CITY OFFICE OF LABOR RELATIONS
      Attention: Steven Banks, Esq., General Counsel
      22 Cortlandt Street, 15th Floor
      New York, New York 10007

      FIRE DEPARTMENT OF THE CITY OF NEW YORK
      Attention: David Zweifler, Esq., Director of Labor Relations
      Fire Department, City of New York
      9 Metrotech Center, Room 4W-13
      Brooklyn, New York 11021

7557679.1

## ATTORNEY'S AFFIRMATION

I, PAUL S. LINZER, the undersigned, am an attorney admitted to practice in the State of New York, and am the attorney of record for the UFA in the within action.  I have read the foregoing Verified Improper Practice/Scope of Bargaining Petition and know the contents thereof; the same is true to my own knowledge except as to matters therein alleged to be on information and belief, and to those matters I believe it to be true.  The reason this Affirmation is made by me and not by the Petitioner is because the Petitioner's place of business is in a county different from the one in which your deponent maintains his office.

PAUL S. LINZER

22

7557679.1

JA-221

# EXHIBIT G

**JA-222**

OFFICE OF COLLECTIVE BARGAINING
BOARD OF COLLECTIVE BARGAINING
------------------------------------------------------------------x
In the Matter of the Petition for Injunctive Relief

           -between-

| | |
|---|---|
| UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK, LOCAL 94, *IAFF*, AFL-CIO, | BCB - _____ - 21 |
|           Petitioner, | **VERIFIED PETITION FOR INJUNCTIVE RELIEF** |
|     -and- | |
| THE CITY OF NEW YORK and THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, | |
|           Respondents. | |

------------------------------------------------------------------x

**TO THE BOARD OF COLLECTIVE BARGAINING:**

    Petitioner, Uniformed Firefighters Association, Local 94, *IAFF*, AFL-CIO (hereinafter "UFA"), as and for its Verified Petition for Injunctive Relief, by Certilman Balin Adler & Hyman, LLP, by Paul S. Linzer, Esq. and Jennifer A. Bentley, Esq., respectfully alleges the following pursuant to § 1-07 (d) of Title 61 of the Rules of the City of New York Office of Collective Bargaining (hereinafter "OCB Rules"):

    1.    Petitioner, the UFA, is the certified bargaining representative of all Firefighters, Fire Marshals, Wipers, Pilots, and Engineers employed in the Fire Department of the City of New York pursuant to the New York City Collective Bargaining Law (New York City Administrative Code, Title 12, Chapter 3) (hereinafter "NYCCBL") § 12-302. Its principal place of business is 204 East 23rd Street, New York, New York 11010. Its telephone and fax numbers, respectively, are (212) 545-6976 and (212) 683-0710.

**JA-223**

2.    Respondent City of New York (hereinafter "City") is a public employer as defined by NYCCBL § 12-303(g) and is a duly constituted political subdivision of the State of New York and at all material times herein was a municipal corporation.  Bill de Blasio is the Mayor of the City of New York.

3.    Respondent Fire Department of the City of New York (hereinafter "FDNY" or "Department") is a municipal agency of the City as defined by NYCCBL § 12-303(d), and a mayoral agency as defined by § 12-303(f).  Daniel Nigro serves as the Commissioner of the FDNY.

4.    The UFA files this Petition for Injunctive Relief simultaneously with its Verified Improper Practice and Scope of Bargaining Petition (hereinafter "IP Petition") alleging that the City violated NYCCBL § 12-306(a)(1) and (4) and (5) by breaching its duty to bargain in good faith regarding managerial action taken, as well as exercising managerial prerogative in a manner that created a practical impact on the on the members of the UFA.

5.    The UFA files this Petition for Injunctive Relief to enjoin the implementation of the October 20, 2021 Order by the New York City Department of Health and Mental Hygiene (hereinafter "DOHMH Order") through its Commissioner David Chokshi, M.D., mandating that all public sector employees of the City receive a vaccination against COVID-19 by October 29, 2021 and provide proof of same.

6.    The UFA further files this Petition for Injunctive Relief to enjoin the City and FDNY from implementing the October 21, 2021 FDNY Bureau of Operations Order, delineated OPS-21-10-08, with the subject "Covid Vaccine Update" (hereinafter "FDNY Ops Order")

2

Case 23-663, Document 48, 08/01/2023, 3549860, Page232 of 242

7.      The FDNY Ops Order incorporates the DOHMH Order mandating vaccinations for all City workers, as well as includes a 14-page Frequently Asked Questions ("FAQ") document. *See* IP Petition, Ex. G.

8.      The 10/20/2021 DOHMH Order and the 10/21/21 FDNY Ops Order will collectively be referred to herein as the "Vaccine Mandate".

## BACKGROUND/STATEMENT OF FACTS

9.      The facts giving rise to the instant Petition are more fully set forth in the accompanying IP Petition, dated October 26, 2021, as well as in the Affidavit of UFA President, Andrew Ansbro, annexed hereto as Exhibit "1", but the following is relevant summary.

10.     Currently, UFA members are following a mandate which provides a choice to receive a vaccination and provide proof of same, or to submit to weekly testing for COVID-19.

11.     The current mandate stems from Executive Order No. 78, issued by Mayor de Blasio on August 31, 2021, which became effective for UFA members on or about September 24, 2021, approximately one month ago, following the issuance of FDNY Bureau of Operations Order delineated OPS-21-09-09. *See* IP Petition, Ex. A.

12.     However, quickly changing, the new DOHMH Order issued on October 20, 2021 mandates vaccinations for all City workers and rescinds the choice to submit to weekly testing. *See* IP Petition, Ex. G.

13.     Subsequently, on October 21, 2021, the Department issued the FDNY Ops Order OPS-21-10-08, which incorporates the DOHMH Order. *Id.*

14.     The DOHMH Order and the FDNY Ops Order essentially imposes the requirement that all unvaccinated UFA members either become vaccinated, or face the dire

3

consequences of losing their revered and respected livelihood, the profession for which they have been tested for, selected for, trained for and approved by the City to perform.

15.    Adding insult, this decision of choosing their livelihood or sacrificing their personal freedom of choice in their medical decisions must be made by these UFA members in a mere few days, on October 29, 2021.

16.    The imposition of such an unreasonable deadline is downright unconscionable and will cause irreparable harm to the UFA membership who have served on the frontlines of this pandemic without complaint and have contracted the disease themselves.

17.    For almost two years, these members bravely faced the disease head-on, sacrificing themselves as well as their families' lives in exposing themselves to and contracting the disease while heroically serving the public.

18.    Now that the horrors of the pandemic continue to abate, the members are being told by City leaders that they must make a choice between personal freedom or risk losing their cherished professions, all on a cruel timetable. *See* Ansbro Aff., Ex. 1, ¶¶ 14, 15, 18.

19.    Having to face this choice when there exists a current and proven alternative, such as weekly testing, the Vaccine Mandate only serves to create irreparable harm for the UFA membership.

20.    Moreover, the UFA itself will also face irreparable harm due to the forced inability to meaningfully and zealously negotiate as the certified bargaining representative to assure that procedures are in place to protect the membership from the impact of this drastic and punitive decision by the City. *See* Ansbro Aff, Ex. 1, ¶¶ 15-16, 20, 22.

21.    This Vaccine Mandate includes issues that must be negotiated including, but not limited to, the process by which requests for medical and religious exemptions are handled

4

including the appeals process; leave of absence and related concerns regarding length of time and continuance of health insurance, due process rights and compensation.

22.    Based upon the issues arising from the Vaccine Mandate, it is supremely obvious that injunctive relief is entirely warranted in this this instance.

### STANDARD OF REVIEW

23.    It is well-settled that injunctive relief will be issued when:

(1) There is reasonable cause to believe that an improper practice has occurred; and

(2) It appears that immediate and irreparable injury, loss or damage may result thereby, (1) rendering a resulting judgment on the merits ineffectual and (ii) necessitating maintenance of, or return to, the status quo to provide meaningful relief.

*Fire Alarm Dispatchers Benevolent Assn.*, 55 OCB 1, at 9 (BCB 1995)).

24.    As to the first prong, the Board of Collective Bargaining (hereinafter "BCB" or "Board") will examine the improper practice charge to determine whether there is a likelihood of success on the merits; however, the improper practice charge does not have to "be definitively proven at this early stage...nor does it mean that we must, at this stage, resolve all factual disputes... The Board must be able to find reasonable cause to believe that an improper practice has occurred." *Archibald*, 55 OCB 12, at 7 n. 1 (BCB 1995).

25.    In determining whether there is reasonable cause to believe whether an improper practice has occurred, the standard utilized by the Board is less stringent than the standard enunciated by the New York State Courts, which requires a clear showing of likelihood of ultimate success on the merits, and a balancing of equities in the moving party's favor. *See Patrolmen's Benevolent Assn. v. City of New York*, 765 N.Y.S.2d 152, 155 (Sup. Ct. N.Y. Co April 29, 2003).

5

Case 23-663, Document 48, 08/01/2023, 3549860, Page235 of 242

26.     In *Patrolmen's Benevolent Association*, the Court held that "the statutory authority for interim judicial relief in this proceeding eliminates the common law requirements for preliminary injunctions that pertain to other actions, which include a clear showing of the elements of likelihood of their success on the merits and balancing of the equities in their favor." *Id.*

27.     As to the second prong, the Board will examine "whether claims of irreparable harm are supported by apparently <u>bona fide</u> allegations of probative fact." *Archibald*, 55 OCB 12, at 7 n. 2 (emphasis in original).

28.     As outlined below, the specific facts of this matter as presented by the UFA overwhelmingly meets the Board's standard for injunctive relief.

29.     Accordingly, based on the facts set forth herein, the UFA has satisfied the standard for injunctive relief, and the Board should determine that such relief is warranted in this matter.

## THERE IS REASONABLE CAUSE TO BELIEVE THAT AN IMPROPER PRACTICE HAS OCCURRED

30.     The UFA has demonstrated a likelihood of success on the merits of the accompanying Verified Improper Practice and Scope of Bargaining Petition.

31.     For this requirement to be met, the Board does not require that the Improper Practice charge be proven at this stage. *Id.*

32.     In the instant matter, the City and FDNY unilaterally implemented the October 20, 2021 DOHMH Order and the October 21, 2021 FDNY Ops Order mandating COVID-19 vaccination without bargaining, and without reaching an agreement with the UFA on the mandatory subjects of bargaining implicated by these Orders.

6

7557721.1

33.     The Vaccine Mandate changes the terms and conditions of employment of UFA members, which automatically triggered an obligation to negotiate; however, it is indisputable that the City and FDNY instituted these Orders without bargaining with the UFA.

34.     The Vaccine Mandate further makes any meaningful impact bargaining between the parties unrealistic due to the forced October 29, 2021 deadline which will have devasting consequences.

35.     The UFA is likely to succeed in its claim before the Board that the actions undertaken by the City and FDNY violated § 12-306(a)(4) of the NYCCBL.

36.     Topics to be mandatorily negotiated arising from the Vaccine Mandate include issues relating to members' privacy, medical choice, confidentiality, discipline, leave, accruals, termination, compensation, benefits, work rules and overtime.

37.     Based on the fact that the City unilaterally imposed the Vaccine Mandate, the City has breached its affirmative obligation under the NYCCBL to bargain over mandatory subjects of bargaining and accordingly, the City has violated NYCCBL § 12-306(a)(4).

38.     Moreover, because the City has refused to discuss, negotiate and/or bargain with the UFA regarding the Vaccine Mandate during the period of *status quo*, the City has breached its affirmative obligations to maintain the *status quo* pursuant to NYCCBL, and to negotiate over mandatory subjects of bargaining.

39.     Accordingly, a determination on the merits of the improper practice allegations would be ineffectual unless the *status quo* is maintained.

7557721.1

Case 23-663, Document 48, 08/01/2023, 3549860, Page237 of 242

**JA-229**

## ABSENT A PRELIMINARY INJUNCTION, THE CITY'S CONTINUED ACTIONS IN IMPOSING THE VACCINE MANDATE WILL CAUSE <u>IRREPARABLE HARM TO THE UFA'S MEMBERSHIP</u>

40.     In determining the existence of irreparable harm, the Board "will focus on examining whether, on the record before us, claims of irreparable harm are supported by apparently *bona fide* allegations of probative fact…" *Id.* at Fn2.

41.     The specific facts raised in the IP Petition meet the Board's standard for injunctive relief; therefore, pending the outcome of the IP Petition, the granting of an injunction is an appropriate remedy.

42.     The IP Petition demonstrates how the City and FDNY have unilaterally changed many terms and conditions of employment in imposing the drastic Vaccine Mandate, and have disregarded the requirement to negotiate the mandatory subjects of bargaining that are implicated by same, in lieu of the vaccine or testing choice mandate which is currently in place for the UFA membership.

43.     Imposition of the Vaccine Mandate was done in total disregard of the members' livelihoods, including their health and safety, civil service job security, financial implications, and disciplinary consequences; thus, the Vaccine Mandate is downright punitive and unconscionable.

44.     It is well settled that a threatened loss or reduction in job benefits satisfies the irreparable injury requirement. *See Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir. 1979).

45.     In addition, this new mandate carries severe penalties that are disciplinary in nature by requiring members to go on Leave Without Pay ("LWOP") and face termination which clearly implicates mandatory subjects of bargaining involving financial consequences. *See* IP Petition at Ex. G.

8

**JA-230**

46.     These types of consequences clearly constitute irreparable harm to UFA members.

47.     Further, the UFA's membership faces additional irreparable harm unless procedures are in place to protect their private medical information and to assure there must be confidentiality protections to prevent dissemination to other entities.

48.     The consequences of this Vaccine Mandate will result in irreparable harm in terms of constitutional deprivation of liberty, due process, discipline, financial implications and retirement decisions.

49.     Therefore, it is vital that an injunction be secured to prevent the irreparable harms facing the UFA membership.

50.     Should the UFA prevail in its IP Petition, the Board will be unable to remedy the harm which will have resulted, and may result from the City's continued managerial actions in continuing with this mandate.

51.     Neither the Board nor the City can place a value on what is at stake for the UFA membership and thus, any consequences which may result if an injunction is not put into place, cannot be remedied monetarily thereafter.

52.     Moreover, this Board has also held that a denial of a union's ability to participate in the negotiation process constitutes irreparable harm. *See Patrolmen's Benevolent Ass'n v. City of New York,* 196 Misc.2d 396, 401 (Sup. Ct. N.Y. Co. 2003) (enjoining employer from transferring a union delegate because it "undermines his ability to represent those members").

53.     The Vaccine Mandate has led to mass confusion with unending questions from the membership on vital issues affecting their lives and their families' lives interfering with the UFA's essential function to represent its membership.

7557721.1

**JA-231**

54.     Thus, the UFA is suffering and will suffer irreparable harm to its primary statutory purpose and will diminish the trust of the membership if the collective bargaining process is allowed to be circumvented in this manner.

55.     The extremely tight deadline of October 29, 2021 imposed by the Vaccine Mandate is not enough time to resolve, let alone contemplate, all of the various issues that such a mandate raises regarding mandatory topics of negotiation.

56.     Finally, the NYCCBL §§12-306 and 12-307 expressly afford public employee unions the right to bargain over the impact of the City's decisions when they adversely affect the working conditions of unit employees.

57.     The impact of these changes on the Petitioners' members is clear, indisputable, and apparent on the face of this Injunctive Relief Petition, as well as the accompanying IP Petition.

58.     The UFA will succeed in showing that the City's failure and refusal to bargain with the Petitioners over the continued implementation of the Vaccine Mandate constitutes an Improper Practice under the NYCCBL.

59.     If injunctive relief is not granted, the ultimate decision on the merits of the IP Petition will be rendered ineffectual.

60.     The severe implications which will result if the *status quo* is not maintained cannot be remedied with monetary relief.

61.     Unless the City's action is enjoined, Petitioners' members will continue to face irreparable injury as a result.

62. The Board's criteria for granting injunctive relief is satisfied as there is reasonable cause to believe that an Improper Practice has occurred and this unilateral change in imposing the Vaccine Mandate will result in irreparable harm to both the UFA and its membership.

63. Accordingly, unless this Board commences an action, or authorizes the Petitioner to commence an action on its behalf, to enjoin the City and FDNY's further implementation and utilization of the Vaccine Mandate implemented by the October 20, 2021 DOHMH Order and the October 21, 2021 FDNY Ops Order, in accordance with the NYCCBL, the UFA will have no adequate remedy at law.

64. There has been no prior application for the relief sought herein.

**WHEREFORE**, based upon the foregoing factual allegations, and the accompanying IP Petition, as well as the exhibits annexed thereto, the Petitioner respectfully requests the Board to determine that:

1. Reasonable cause exists to believe an improper practice has occurred;

2. Immediate and irreparable injury, loss or damage has resulted and will continue to result thereby rendering a resulting judgment on the merits ineffectual;

3. The Board will petition the New York State Supreme Court, County of New York for injunctive relief, or alternatively authorize the Petitioner to commence an application for injunctive relief in the New York State Supreme Court, County of New York; and

4. Any other and further relief must be ordered as may be just and proper.

11

**JA-233**

Dated: East Meadow, New York
October 27, 2021

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
Paul S. Linzer, Esq.
Jennifer A. Bentley, Esq.
Attorneys for Uniformed Firefighters Association ("UFA")
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7182


TO:    NEW YORK CITY OFFICE OF LABOR RELATIONS
       Attention: Steven Banks, Esq., General Counsel
       22 Cortlandt Street, 15th Floor
       New York, New York 10007

       FIRE DEPARTMENT OF THE CITY OF NEW YORK
       Attention: David Zweifler, Esq., Director of Labor Relations
       Fire Department, City of New York
       9 Metrotech Center, Room 4W-13
       Brooklyn, New York 11021

7557721.1

## ATTORNEY'S AFFIRMATION

I, PAUL S. LINZER, the undersigned, am an attorney admitted to practice in the State of New York, and am the attorney of record for the UFA in the within action. I have read the foregoing Verified Petition For Injunctive Relief and know the contents thereof; the same is true to my own knowledge except as to matters therein alleged to be on information and belief, and to those matters I believe it to be true. The reason this Affirmation is made by me and not by the Petitioner is because the Petitioner's place of business is in a county different from the one in which your deponent maintains his office.

_____

PAUL S. LINZER

13

7557721.1